E-FILED
Tuesday, 19 October, 2004  10:53:48 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| PONTIAC FLYING SERVICE, INC., JUSTYN WEBSTER, as Special Administrator of the Estate of NEIL WEBSTER, Deceased, and CAREN S. LUCENTE, as Independent Executor of the Estate of RICHARD P. LUCENTE, Deceased, | ) ) ) ) ) ) ) |
| Defendants, | ) ) |
| and | ) |
| PONTIAC FLYING SERVICE, INC., | ) ) |
| Third Party Plaintiff, | ) ) |
| vs. | ) ) |
| HARDY AVIATION INSURANCE, INC., | ) ) |
| Third Party Defendant. | ) |

Case No. 03-C V-01288

## MOTION TO BAR EXPERT REPORT AND
## TESTIMONY OF MARSHALL WILSON REAVIS, III

NOW COMES the Plaintiff, NATIONAL UNION FIRE INURANCE COMPANY OF PITTSBURGH, PA ("National Union") by its attorneys, Mark T. Banovetz of TRESSLER, SODERSTROM, MALONEY & PRIESS, and Jeffrey B. Rock of Hasselberg Rock Bell & Kuppler, and for its Motion to Bar the Report and Testimony of Defendant/Third Party Plaintiff PONTIAC FLYING SERVICE, INC.*s ("Pontiac") expert, Marshall Wilson Reavis, III, pursuant to Rule 7(b)

of the Federal Rules of Civil Procedure and Rule 702 of the Federal Rules of Evidence, states as follows:

## BACKGROUND

1.  National Union filed the instant declaratory judgment action seeking a declaration that it owes no hull coverage or third party liability coverage to Pontiac in connection with the May 5, 2002 crash of Pontiac*s Air Tractor AT 503 crop dusting plane near Pontiac Municipal Airport in Pontiac, Illinois. The basis for National Union*s position as respects coverage is, principally, that Pontiac was using the aircraft, at the time of the accident, for the purpose of training an out-of-state pilot pursuant to a nationally advertised turbine transition training program. It is National Union*s position that such use of the aircraft is unquestionably p~ within the authorized purpose of use under the policy, which is "aerial application."

2.  On or about September 15, 2004, Pontiac served upon the parties herein its "Disclosure of Expert Witness," with an attached "Report and Analysis" of Marshall Wilson Reavis III. (A copy of the Disclosure and Report are attached hereto). Mr. Reavis is apparently an Adjunct Professor at Roosevelt University in Chicago, Illinois. Mr. Reavis* CV is attached to his report, along with his exhaustive "Report of Depositions and Trials: 200 1-2004."

3.  While Mr. Reavis* extensive experience in offering opinions in legal proceedings is certainly beyond question, the basis for, and relevance of his opinions in this case is properly subject to some scrutiny. Mr. Reavis* report begins with an "Introduction" and a "Discussion," which largely recite the background facts and policy information which are well known to the parties herein and which are clearly presented in the pleadings in this case. The report then proceeds, in

Section I, to offer an opinion as to "National Union," while in Section II, the report offers an opinion as to "Hardy Aviation Insurance, Inc." The instant motion addresses only the opinions offered as to National Union.

4.     Mr. Reavis "report" as respects National Union sets forth the language of the insuring agreements, then discusses the allegations set forth in National Union*s declaratory complaint, followed by a two-sentence paragraph regarding Mr. Reavis own view of the relative risk of training a certificated pilot to fly turbine airplanes versus training a new pilot in a piston airplane (the relevance of which is left to the imagination). Mr. Reavis then proceeds to cite the definition of "Aerial Application" in the National Union policy, followed by five paragraphs in which he re-states the arguments made in Pontiac*s brief in response to National Union*s original motion for judgment on the pleadings in this case.[1]

5.     Mr. Reavis recycles Pontiac*s mortally flawed argument which states, in essence, that pilots must be trained to fly turbine airplanes in order for turbine airplanes to be used for aerial application so therefore "aerial application" must include the operation of a nationally advertised turbine transition flight school. Interestingly, Mr. Reavis also offers several examples of activities that, while not specifically enumerated within the definition of "aerial application," are arguably activities that are in "direct support" of aerial application - i.e. test flights, flights to pick up seed or fertilizer, etc. The problem, of course, is that these are not the facts in this case. And, of course, it should be apparent even to the layperson that operating a turbine transition flight school is not even within the same galaxy as flying the Air Tractor airplane somewhere to load it with seeds or fertilizers.

---

[1] The motion for judgment on the pleadings was not subject to ruling because the parties agreed to proceed with the deposition of Randy Hardy (Hardy Aviation), and the motion for judgment will be convered to a motion for summary judgment once the estates of the two pilots file appearances herein.

3

6. Notwithstanding that Mr. Reavis* opinion is a colossal stretch of logic, it is also unscientific, is not based upon any extrinsic data or analysis, and it states a legal conclusion (i.e. interpretation of a contractual provision) which is within the sole province of this Court.

7. National Union moves to strike the report and bar the testimony of Pontiac*s expert, Reavis, for failure to meet the requirements of Rule 702 regarding testimony by experts, and the Seventh Circuit*s holding in *Loeb v. Hammond,* 407 F.2d 779, 780 (7th 1969).

8. The plain language of Rule 702 states that an expert may testify "in the form of an opinion or otherwise, if 1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed.R.Civ.Proc. 702. The Seventh Circuit Court of Appeals has held that contract interpretation is a question for the court: expert testimony should not be used for this purpose. *Loeb* 407 F.2d at 780.

9. The United States District court for the Northern District of Illinois has noted, "{experts are not allowed to testify to legal conclusions or the legal meaning of words." *Fid. Nat. Title Ins., v. Intercounty Nat. Title Ins. Co.,* 2001 WL 789218, *2 (N.D. Ill. 2001).

10. The opinions offered by Reavis violates these rules. He seeks to explain the legal significance of the contract based solely upon his own notions based on his understanding of insurance and, apparently, his newly acquired knowledge of aviation and aerial application. He uses no facts to support his opinion, nor does he support his opinion by reference to industry custom or standards in the context of the type of coverage at issue.

11. Courts in the Seventh Circuit will allow an expert*s interpretation of a contract if the expert is testifying to custom and usage in an industry, to explain terms or provisions of an

ambiguous contract. *Rush Presbyterian St. Luke's MC., v. Safeco Ins.,* 722 F. Supp. 485, 495(N.D. Ill. 1989). An expert*s interpretation of a contract is only admissible and relevant, if the expert is testifying to custom and usage in an industry, to explain terms or provisions of an ambiguous contract. *Id; WH Smith Hotel Servs., Inc., v. Wendy*s Intl., Inc.,* 25 F. 2d 422, 429 (7th Cir. 1994). The expert is allowed to explain how the ambiguous language is understood in the industry. *WHSmith Hotel Servs., Inc.,* 25 F. 2d at 428-429. However [t]he custom and usage must be so uniform, long-established and generally acquiesced in and so well known as to induce the belief that the parties contracted with reference to it." *Rush Presbyterian St. Luke's MC,* 722 F. Supp. at 495.

12.     Reavis is not testifying to industry custom or usage. He speculates as to various ways that flights can be in *direct support* of aerial application in his own opinion. In his report Reavis reasons that if the aircraft "can be flown from one location to another, undertake test flights, travel to another location for maintenance, [...] fly out to an area to inspect it for later aerial application, or to fly to a location to pick up seeds, fertilizer or chemicals," then it is also logical that flights in direct support of aerial application of agricultural products include the use of these aircraft for a flight training school. His arguments are not supported by uniform, long established and general understandings in the insurance industry, nor is his testimony the product of reliable principles and methods, as required by Rule 702.

13.     "An expert*s purpose is to assist the parties and help the trier of fact understand the evidence." *Chamberlain Group Inc., v. Interlogix Inc.,* No. 01 C 6157 (N.D. Ill. 2002).

14.     Reavis*s testimony would take away from the province of the court and it does not add a single thing to the arguments already made by Pontiac. An expert*s testimony can be powerful and misleading, therefore courts should act as gatekeepers and exclude expert testimony where the

possible prejudice of the testimony outweighs its probative value. *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, *595* (1993).

15. This gatekeeping function should be exercised in this case and accordingly, National Union respectfully requests that this Honorable Court grant its Motion to Bar the report and testimony of Pontiac*s expert Reavis; as it does not comport with Rule 702 of the Federal Rules of Evidence and the Seventh Circuit*s holding in *Loeb,* nor does it fit into the exception laid out in *Rush Presbyterian St. Luke 's MC* as acceptable expert contract interpretation regarding industry custom.

WHEREFORE, Plaintiff, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA respectfully requests that this Court enter an order barring the report and testimony of Defendant/Third Party Plaintiff PONTIAC FLYING SERVICE, INC.*s expert, Marshall Wilson Reavis, III, as to his opinions regarding the insurance coverage afforded to Pontiac under the National Union policy pursuant to Rule 7(b) of the Federal Rules of Civil Procedure and Rule7O2 of the Federal Rules of Evidence.

IN THE ALTERNATIVE, should the Court deny this motion, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. respectfully requests leave to identify a rebuttal "expert" within 28 days to respond to the opinions expressed by Mr. Reavis.

                    NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Plaintiff,

                    By:    s/    Jeffrey B. Rock
                            One of Its Attorneys

| | |
|---|---|
| Jeffrey B. Rock, Esq. | Mark T. Banovetz, Esq. |
| Hasselberg Rock Bell & Kuppler | Tressler, Soderstrom, Maloney & Priess |
| Suite 200 Associated Bank Building | Sears Tower, 22nd Floor |
| 4600 North Brandywine Drive | 233 South Wacker Drive |
| Peoria, Illinois 61614-5591 | Chicago, IL  60606-6308 |
| Telephone:  (309) 688-9400 | Telephone:  (312) 627-4000 |
| Facsimile:   (309) 688-9430 | |
| | Attorneys for Plaintiff NATIONAL UNION |

C:\wpdocs\JBR\AIG\Motion to Bar Expert Report.wpd

## CERTIFICATE OF SERVICE

      I hereby certify that on the 19th day of October, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such following to the following:

David B. Mueller, Esq.
CASSIDY & MUELLER
323 Commerce Bank Building
416 Main Street
Peoria, IL  61602

Michael S. Krzak, Esq.
Kevin P. Durkin, Esq.
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street
Suite 3100
Chicago, IL  60602


and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:


Diane M. Baron, Esq.
George K. Flynn, Esq.
CLAUSEN MILLER, P.C.
10 South LaSalle Street
Chicago, IL  60603-1098

                                                                                                                  s/     Jeffrey B. Rock
                                                            Jeffrey B. Rock, Esq., Bar No. 2360039
                                                            Attorney for Plaintiff
                                                            Hasselberg, Rock, Bell & Kuppler, LLP
                                                            Suite 200 Associated Bank Building
                                                           4600 N. Brandywine Drive
                                                           Peoria, IL  61614-5591
                                                           Telephone:  (309) 688-9400
                                                           Facsimile:  (309) 688-9430
                                                           E-mail:  jrock@hrbklaw.com


C:\wpdocs\JBR\AIG\Motion to Bar Expert Report.wpd