E-FILED
Friday, 29 October, 2004  04:24:28 PM
Clerk, U.S. District Court, ILCD

23 53 24 00 1

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| | ) No.    03-1288 |
| PONTIAC FLYING SERVICES, INC., JUSTYN WEBSTER, as Special Administrator of the Estate of NEIL WEBSTER, Deceased, and CAREN S. LUCENTE, as Independent Executor of the Estate of RICHARD P. LUCENTE, Deceased | ) ) ) ) ) ) |
| Defendants/ Third-Party Plaintiff, | ) ) ) |
| vs. | ) ) |
| HARDY AVIATION INSURANCE, INC., | ) ) |
| Third-Party Defendant. | ) ) |

**HARDY AVIATION INSURANCE, INC.'S
MOTION FOR EXTENSION OF TIME TO MAKE EXPERT DISCLOSURES**

NOW COMES the Third-Party Defendant, HARDY AVIATION INSURANCE, INC. (hereinafter "Hardy") by its attorneys, and hereby moves for an extension of time within which to disclose its expert and provide its Rule 26 report, and in support hereof states as follows:

1. Under the schedule previously set, Hardy is to disclose its expert and provide its Rule 26 report by November 1, 2004.

2. After that schedule was set, an Amended Complaint was filed herein by Plaintiff NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. (hereinafter "National Union"), adding Justyn Webster, as Special Administrator of the Estate of Neil Webster, deceased, and Caren S. Lucente, as Independent Executor of the Estate of Richard P.

942216.1

Lucente, deceased, as Defendants. Webster and Lucente died in the plane crash which is the subject of the underlying litigation, and Webster filed suit against PONTIAC FLYING SERVICES, INC. (hereinafter "Pontiac") for wrongful death. Pontiac submitted it to National Union for coverage in addition to its prior claim for property damage coverage. Lucente was added herein as a necessary party. This wrongful death claim has raised additional coverage issues.

3. In addition, National Union has filed a motion to bar the expert which was disclosed by Pontiac, Marshall Wilson Reavis, III, and a briefing schedule was set on that motion. On October 29, 2004, this Court granted Pontiac's motion for an extension of time to file its response to National Union's motion to November 16, 2004. The same expert has included in his report certain opinions regarding Hardy.

4. The undersigned needs to take the deposition of Pontiac's expert before making Hardy's expert disclosures. Rather than requiring a second deposition by National Union if its motion to bar is denied, the undersigned requests additional time to take the deposition of Pontiac's expert after this Court's ruling on the motion to bar and additional time thereafter to make Hardy's expert disclosures.

5. The depositions of Scott Petersen and Sarah Petersen of Pontiac have been set for November 8, 2004.

6. This motion is brought in good faith and not for purposes of delay.

7. This case is set for trial on May 2, 2005.

WHEREFORE, Third-Party Defendant, HARDY AVIATION INSURANCE, INC., requests an extension of time of within which to make its expert disclosures and provide its Rule 26 report until December 31, 2004, or such time deemed appropriate by this Court.

                                        DIANE M. BARON
                                        CLAUSEN MILLER P.C.

DIANE M. BARON
CLAUSEN MILLER P.C.
10 South LaSalle Street
Chicago, Illinois 60603-1098
312/855-1010

Attorneys for Third-Party Defendant,
HARDY AVIATION INSURANCE, INC.

3

942216.1