# RULE 36 REQUESTS AND INTERLOCKING DISCOVERY

MTB/res/#246601          3917-8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE ) <br> COMPANY OF PITTSBURGH, PA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PONTIAC FLYING SERVICE, INC. ) <br> ) <br> Defendant/Third Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> HARDY AVIATION INSURANCE, INC. ) <br> ) <br> Third Party Defendant. ) | Case No. 03-CV-01288 <br><br> Magistrate Judge Byron G. Cudmore |

### NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. RESPONSE TO REQUESTS FOR ADMISSION OF FACTS AND GENUINENESS OF DOCUMENTS PURSUANT TO RULE 36

NOW COMES the Plaintiff, NATIONAL UNION FIRE COMPANY OF PITTSBURGH, PA, by and through its attorneys, TRESSLER, SODERSTROM, MALONEY & PRIESS, and for its Response to Defendant and Third Party Plaintiff's Requests for Admission of Facts and Genuineness of Documents Pursuant to Rule 36, states as follows:

1. That attached to this request and made a part hereof as Exhibit A is a true and correct copy of the **PILOT WARRANTY ENDORSEMENT (AERIAL APPLICATOR AIRCRAFT)** which was issued on June 14, 2002, for the involved aircraft.

**RESPONSE:** Admitted.

    2. That the PILOT WARRANTY ENDORSEMENT which is attached as Exhibit A limited coverage for the involved aircraft to those pilots who are identified by the following language of the endorsement:

> When **in flight, the aircraft** will only be operated by the pilot/s specified below who possess the logged hours, the current and valid ratings and certificates specified below, and a current and valid Medical Certificate.
>
> As respects turbine powered fixed-wing aircraft:
> ☒ Named pilot(s) <u>SCOTT PETERSEN</u>
> ☒ Any pilot maintaining a commercial or more advanced pilot certificate who has flown a minimum pilot in command time of <u>1,000</u> (1,000 if nothing else is shown) hours in fixed-wing aircraft engaged in **aerial application,** including at least <u>100</u> (100 if nothing else is shown) hours in aircraft of the same make and model being flown.

**RESPONSE:** Plaintiff objects on the basis that the phrase "limited coverage" is vague and is not language contained in the endorsement itself and on the basis that the endorsement speaks for itself; notwithstanding these objections, admitted.

    3. That the policy contains the following definition *inter alia*:

> **"Aerial Application"** means the application by aircraft of seeds, fertilizers or chemicals and includes flights required in direct support thereof.

**RESPONSE:** Plaintiff objects on the basis that the policy speaks for itself; notwithstanding this objection, admitted.

    4. That the "application by aircraft of seeds, fertilizers or chemicals" requires knowledge by the pilot of the aircraft of how to fly the aircraft from which the application of "seeds, fertilizers or chemicals" is made.

**RESPONSE:** Plaintiff objects on the basis that this request is vague and irrelevant, is unlimited in reference to aircraft, application, or materials, and seeks information more appropriately provided by a properly certified instructor pilot; notwithstanding this objection, the general statement is admitted.

    5. That knowledge of how to fly the aircraft from which the application of "seeds, fertilizers or chemicals" is made requires instruction of the pilot in the operation of that aircraft or that type of aircraft.

**RESPONSE:** Plaintiff objects on the basis that this request is vague and irrelevant, is unlimited in reference to aircraft, application, or materials, and seeks information more appropriately provided by a properly certified instructor pilot; notwithstanding this objection, the general statement is overly broad, is not always true, and is therefore denied.

6. That flight instruction for the application by aircraft of seeds, fertilizers or chemicals, requires actual operation of the aircraft or type of aircraft from which the application is made.

**RESPONSE:** Plaintiff objects on the basis that this request is vague and irrelevant, is unlimited in reference to aircraft, application, or materials, and seeks information more appropriately provided by a properly certified instructor pilot; notwithstanding this objection, the general statement is overly broad, is not always true, and is therefore denied.

7. That turbine transition training is a form of flight instruction to train pilots in the operation of turbine powered aircraft.

**RESPONSE:** Admitted.

8. That the involved aircraft was a turbine powered fixed-wing aircraft which contained a dual cockpit.

**RESPONSE:** Denied.

9. That at the time the policy was issued NATIONAL UNION knew that the involved aircraft was a turbine powered fixed-wing aircraft with a dual cockpit.

**RESPONSE:** Denied.

10. That turbine training is required for pilots who are involved in the application by a turbine powered aircraft of seeds, fertilizers or chemicals.

**RESPONSE:** Plaintiff objects on the basis that this request is vague and irrelevant, is unlimited in reference to aircraft, application, or materials, and seeks information more

3

appropriately provided by a properly certified instructor pilot; notwithstanding this objection, the general statement is admitted.

11. That the **PILOT WARRANTY ENDORSEMENT (AERIAL APPLICATOR AIRCRAFT)** which is attached to this Request as Exhibit A, requires for coverage that the pilots who are identified in the endorsement have received training in the operation of the type of aircraft to which the endorsement applies.

**RESPONSE:** Plaintiff objects on the basis that the phrase "requires for coverage" and "type of aircraft" are vague and are not language contained in the endorsement itself and on the basis that the endorsement speaks for itself; notwithstanding these objections, denied.

12. That in order to log the hours which are required by the **PILOT WARRANTY ENDORSEMENT (AERIAL APPLICATOR AIRCRAFT)**, any pilot of the aircraft must have received training in the operation of that aircraft or that type of aircraft.

**RESPONSE:** Plaintiff objects on the basis that the phrase "type of aircraft" is vague and is not language contained in the endorsement itself and on the basis that the endorsement speaks for itself; notwithstanding these objections, denied.

13. That in order to have the current and valid ratings which are referred to in the **PILOT WARRANTY ENDORSEMENT (AERIAL APPLICATOR AIRCRAFT)**, any pilot of the aircraft must have received training in the operation of that aircraft or that type of aircraft.

**RESPONSE:** Plaintiff objects on the basis that the phrase "type of aircraft" is vague and is not language contained in the endorsement itself and on the basis that the endorsement speaks for itself; notwithstanding these objections, denied.

14. That in order to obtain the "commercial or more advanced pilot certificate" which is required by the **PILOT WARRANTY ENDORSEMENT (AERIAL APPLICATOR AIRCRAFT)**, any pilot of the aircraft must have received training in the operation of that aircraft or that type of aircraft.

**RESPONSE:** Plaintiff objects on the basis that the phrase "type of aircraft" is vague and is not language contained in the endorsement itself and on the basis that the endorsement speaks for itself; notwithstanding these objections, denied.

4

15. That in order for there to be coverage under the policy for the involved aircraft, the pilot must have had "at least 100 (100 if nothing else is shown) hours in aircraft of the same make and model being flown."

**RESPONSE:** Plaintiff objects on the basis that the phrase "in order for there to be coverage under the policy for the involved aircraft" is vague and is not language contained in the endorsement itself and on the basis that the endorsement speaks for itself; notwithstanding these objections, admitted.

16. The term "includes flights required in direct support thereof" as it appears in the definition of "Aerial Application" is not defined in the policy.

**RESPONSE:** Plaintiff objects to this request on the basis that it seeks a response that is irrelevant and on the basis that the quoted phrase is self-explanatory; notwithstanding these objections, admitted.

17. NATIONAL UNION has no documents which define the term "includes flights required in direct support thereof" as it appears in the policy definition of "**Aerial Application**."

**RESPONSE:** Plaintiff objects to this request on the basis that it seeks a response that is irrelevant and on the basis that the quoted phrase is self-explanatory; notwithstanding these objections, admitted.

18. That NATIONAL UNION knows of no NATIONAL UNION employees, current or past, who have ever defined the term "includes flights required in direct support thereof" as it is used in the definition of "**Aerial Application**" in the policy in writing.

**RESPONSE:** Plaintiff objects to this request on the basis that it seeks a response that is irrelevant and on the basis that the quoted phrase is self-explanatory; notwithstanding these objections, admitted.

19. That NATIONAL UNION knows of no NATIONAL UNION employees, current or past, who have ever defined the term "includes flights required in direct support thereof" as it is used in the definition of "**Aerial Application**" in the policy.

5

**RESPONSE:**    Plaintiff objects to this request on the basis that it seeks a response that is irrelevant and on the basis that the quoted phrase is self-explanatory; notwithstanding these objections, admitted.

   20.   That NATIONAL UNION know of no written definition of the term "includes flights required in direct support thereof" as it appears in the definition of **"Aerial Application."**

**RESPONSE:**    Plaintiff objects to this request on the basis that it seeks a response that is irrelevant and on the basis that the quoted phrase is self-explanatory; notwithstanding these objections, admitted.

   21.   That NATIONAL UNION has no definition of the term "includes flights required in direct support thereof" as it appears in the definition of **"Aerial Application."**

**RESPONSE:**    Denied.

   22.   That NATIONAL UNION does not know what the term "includes flights required in direct support thereof" as it appears in the definition of **"Aerial Application"** means.

**RESPONSE:**    Denied.

   23.   That NATIONAL UNION never defined the term "includes flights required in direct support thereof" as it appears in the definition of **"Aerial Application"** for HARDY.

**RESPONSE:**    Plaintiff objects to this request on the basis that it seeks a response that is irrelevant and on the basis that the quoted phrase is self-explanatory; notwithstanding these objections, admitted.

   24.   NATIONAL UNION never defined the term "includes flights required in direct support thereof" as it appears in the definition of **"Aerial Application"** for PONTIAC FLYING SERVICE INC., or any of its officers, agent or employees prior to the accident.

**RESPONSE:**    Plaintiff objects to this request on the basis that it seeks a response that is irrelevant and on the basis that the quoted phrase is self-explanatory; notwithstanding these objections, admitted.

25. That pilot turbine training flights are required for the application by turbine powered aircraft of seeds, fertilizers or chemicals.

**RESPONSE:** Plaintiff objects on the basis that this request is vague and irrelevant, is unlimited in reference to aircraft, application, or materials, and seeks information more appropriately provided by a properly certified instructor pilot; notwithstanding this objection, the general statement is admitted.

26. That at the time the policy was issued NATIONAL UNION knew that pilot turbine training flights were required for "**Aerial Application**" as that term is used in the policy.

**RESPONSE:** Denied.

27. That turbine training flights are in support of the application by turbine powered aircraft of seeds, fertilizers or chemicals.

**RESPONSE:** Denied.

28. That at the time the policy was issued NATIONAL UNION knew that turbine training flights were in support of the application by turbine powered aircraft of seeds, fertilizers or chemicals.

**RESPONSE:** Denied.

29. That turbine training flights are required in direct support of the application by turbine powered aircraft of seeds, fertilizers or chemicals.

**RESPONSE:** Denied.

30. That at the time the policy was issued NATIONAL UNION knew that turbine training flights were in direct support of the application by turbine powered aircraft of seeds, fertilizers or chemicals.

**RESPONSE:** Denied.

31. That turbine training flights are required in direct support of the application by turbine powered aircraft of seeds, fertilizers or chemicals.

**RESPONSE:** Denied.

7

32. That at the time the policy was issued NATIONAL UNION knew that turbine training flights were required in direct support of the application by turbine powered aircraft of seeds, fertilizers or chemicals.

**RESPONSE:** Denied.

33. That turbine training flights are required in direct support of "Aerial Application" as that term is defined in the policy.

**RESPONSE:** Denied.

34. That at the time the policy was issued NATIONAL UNION knew that turbine training flights were required in direct support of "Aerial Application" as that term is defined in the policy.

**RESPONSE:** Denied

The undersigned, being first duly sworn, deposes and states that the foregoing responses are true and correct to the best of his knowledge, understanding and belief.

NOTARY *Donna Wysocki*

"OFFICIAL SEAL"
Donna Wysocki
Notary Public, State of Illinois
My Commission Expires June 8, 2004

AIG Aviation (Illinois), Inc.

Peter Guy

TRESSLER, SODERSTROM, MALONEY & PRIESS

By: _____
One of Their Attorneys

Jeffrey B. Rock
Hasselberg Rock Bell & Kuppler
4600 North Brandywine Drive
Suite 200
Peoria, Illinois 61614
(309) 688-9400

Mark T. Banovetz
Charnagne Topacio
Tressler, Soderstrom, Maloney & Priess
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois 60606-6308
(312) 627-4000

Attorneys for Plaintiff NATIONAL UNION

8

1:03-cv-01288-JBM-BGC  #57-2  Page 10 of 17

05-19-2004 04:54pm  From-TRESSLER SODERSTROM MALONEY & PRIESS     +          T-129  P.012/018  F-709
MAY-19-2004 12:23    AIG AVIATION IL                                         3128318066    P.02/17

MTB/ros/#329391                                                                      3917-B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| PONTIAC FLYING SERVICE, INC. | ) Case No. 03-CV-01288 ) |
| Defendant/Third Party Plaintiff, | ) Magistrate Judge Byron G. Cudmore ) |
| v. | ) ) ) |
| HARDY AVIATION INSURANCE, INC. | ) ) |
| Third Party Defendant. | ) |

## NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. RESPONSE TO INTERLOCKING INTERROGATORIES

NOW COMES the Plaintiff, NATIONAL UNION FIRE COMPANY OF PITTSBURGH, PA, by and through its attorneys, TRESSLER, SODERSTROM, MALONEY & PRIESS, and for its Response to Defendant and Third Party Plaintiff Pontiac Flying Service, Inc.'s Interlocking Interrogatories, states as follows:

INTERROGATORY NO. 1: To the extent that you denied any of the paragraphs of the REQUEST TO ADMIT FACTS please, as to each such paragraph, identified separately, set forth the reason or reasons and the facts in support thereof upon which such denial is based.

ANSWER: Plaintiff objects to this interrogatory on the basis that it is vague, overly broad and undefined and is unlimited in time or scope. Notwithstanding said objections, REQUESTS DENIED:

5. Plaintiff is not qualified to, and declines to, admit or deny flight training requirements mandated by the Federal Aviation Administration.

6. Plaintiff is not qualified to, and declines to, admit or deny flight training requirements mandated by the Federal Aviation Administration.

8-9. Term "dual cockpit" is vague and undefined as respects subject aircraft.

11. The request misstates the language and requirements of the endorsement.

12. The request misstates the language and requirements of the endorsement.

13. The request misstates the language and requirements of the endorsement.

14. The request misstates the language and requirements of the endorsement.

21. Plaintiff contends that the meaning of the phrase is self-evident.

22. Plaintiff contends that the meaning of the phrase is self-evident.

26-34. Plaintiff denies that turbine transition training of an out-of-state aerial applicator pilot for an unrelated, out-of-state aerial applicator pursuant to a nationally advertised turbine transition training program is in direct support of "aerial application" or that such a training program is necessary for Pontiac's application by turbine powered aircraft of seeds, fertilizers or chemicals. Nor, in light of Pontiac's unsuccessful efforts to procure insurance coverage to provide aerial applicator training in its piston powered aircraft, could Pontiac have reasonably believed that such turbine transition training was in direct support of its "aerial application" operations.

INTERROGATORY NO. 2: To the extent that you denied any of the paragraphs of the REQUEST TO ADMIT FACTS please, as to paragraph, state the name, each such address, telephone number, and employer of each person having knowledge of the facts upon which such denial is based.

ANSWER: Plaintiff objects to this interrogatory on the basis that it is vague, overly broad and undefined and is unlimited in time or scope. Notwithstanding said objections,

REQUESTS DENIED:

5.   Peter Guy, AIG Aviation

6.   Peter Guy, AIG Aviation

8-9. Peter Guy, AIG Aviation

11.  Peter Guy, AIG Aviation

12.  Peter Guy, AIG Aviation

13.  Peter Guy, AIG Aviation

14.  Peter Guy, AIG Aviation

21.  Peter Guy, AIG Aviation; Mark Breitenbach, AIG Aviation; Jim Anderson, Light Aviation Division (LAD) Underwriting Branch Manager, AIG Aviation.

22.  Same as above.

26-34. Same as above.

INTERROGATORY NO. 3: To the extent that you denied any of the paragraphs of the REQUEST TO ADMIT FACTS please, as to each such paragraph,

identified separately, identify and state the location of any and all documents or tangible things evidencing or substantiating the reasons for such denial.

ANSWER: Plaintiff objects to this interrogatory on the basis that it is vague, overly broad and undefined and is unlimited in time or scope. Notwithstanding said objections,

REQUESTS DENIED:

5.   None.

6.   None.

8-9.  None.

11.  None.

12.  None.

13.  None.

14.  None.

21.  None.

22.  None.

26-34. None.

The undersigned, being first duly sworn, deposes and states that the foregoing responses are true and correct to the best of his knowledge, understanding and belief.

AIG Aviation (Illinois), Inc.

**NOTARY**

*[signature: Donna Wysocki]*

Peter Guy

"OFFICIAL SEAL"
Donna Wysocki
Notary Public, State of Illinois
My Commission Expires June 8, 2004

TRESSLER, SODERSTROM,
MALONEY & PRIESS

By: _____
One of Their Attorneys

Jeffrey B. Rock
Hasselberg Rock Bell & Kuppler
4600 North Brandywine Drive
Suite 200
Peoria, Illinois 61614
(309) 688-9400

Mark T. Banovetz
Charmagne Topacio
Tressler, Soderstrom, Maloney & Priess
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois 60606-6308
(312) 627-4000

Attorneys for Plaintiff NATIONAL
UNION

MTB/res/#329392                                                              3917-8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ) ) ) Plaintiff, ) ) v. ) ) PONTIAC FLYING SERVICE, INC. ) ) Defendant/Third Party Plaintiff, ) ) v. ) ) ) HARDY AVIATION INSURANCE, INC. ) ) Third Party Defendant. ) | Case No. 03-CV-01288 Magistrate Judge Byron G. Cudmore |

## NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. RESPONSE TO INTERLOCKING PRODUCTION REQUEST

NOW COMES the Plaintiff, NATIONAL UNION FIRE COMPANY OF PITTSBURGH, PA, by and through its attorneys, TRESSLER, SODERSTROM, MALONEY & PRIESS, and for its Response to Defendant and Third Party Plaintiff Pontiac Flying Service's Interlocking Production Request, states as follows:

[With respect to each paragraph of the REQUESTS TO ADMISSIONS OF FACTS AND GENUINENESS OF DOCUMENTS PURSUANT TO RULE 36 which you have denied, such paragraph to be identified separately and by number, you are hereby requested to produce for inspection and copying any and all documents as defined in Rule 216 which evidence, support, or substantiate such denial.]

Plaintiff objects to this request on the basis that it is vague, overly broad and undefined and seeks a category of documents which is theoretically unlimited in time or scope. Notwithstanding said objections,

REQUESTS DENIED:

5. None.

6. None.

8-9. None.

11. None.

12. None.

13. None.

14. None.

21. None.

22. None.

26-34. None.

The undersigned, being first duly sworn, deposes and states that the foregoing responses are true and correct to the best of his knowledge, understanding and belief.

NOTARY

*Donna Wysocki*

"OFFICIAL SEAL"
Donna Wysocki
Notary Public, State of Illinois
My Commission Expires June 8, 2004

AIG Aviation (Illinois), Inc.

*Peter Guy*
Peter Guy

TRESSLER, SODERSTROM,
MALONEY & PRIESS

By: _____
One of Their Attorneys

Jeffrey B. Rock
Hasselberg Rock Bell & Kuppler
4600 North Brandywine Drive
Suite 200
Peoria, Illinois 61614
(309) 688-9400

Mark T. Banovetz
Charmagne Topacio
Tressler, Soderstrom, Maloney & Priess
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois 60606-6308
(312) 627-4000

Attorneys for Plaintiff NATIONAL
UNION