E-FILED
Thursday, 02 December, 2004  03:58:48 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| PONTIAC FLYING SERVICE, INC. | ) Case No. 03-CV-01288 ) |
| Defendant/Third Party Plaintiff, | ) ) |
| v. | ) ) ) |
| HARDY AVIATION INSURANCE, INC. | ) ) |
| Third Party Defendant. | ) |

### MOTION TO STRIKE AERIAL APPLICATOR AFFIDAVITS AND SUPPLEMENTAL REPORT OF MARSHALL WILSON REAVIS, III

NOW COMES the Plaintiff, NATIONAL UNION FIRE INURANCE COMPANY OF PITTSBURGH, PA ("National Union") by its attorneys, Mark T. Banovetz of TRESSLER, SODERSTROM, MALONEY & PRIESS, and Jeffrey B. Rock of Hasselberg Rock Bell & Kuppler, and for its Motion to Strike Aerial Applicator Affidavits and Supplemental Report of Marshall Wilson Reavis, III, pursuant to Rule 7(b) of the Federal Rules of Civil Procedure and Rule 702 of the Federal Rules of Evidence, states as follows:

### BACKGROUND

1. In response to National Union's motion to bar Pontiac Flying Service, Inc.'s ("Pontiac") so-called "expert," Pontiac has submitted four affidavits of individuals with purported knowledge of the aerial application business – Frank Ousley, Cora Gorsuch, Dennie Stokes, and

Harley Curless. The point of these affidavits, apparently, is to show this Court (in case the Court was not aware) that flight training is required in order for a pilot to be prepared to engage in aerial application. Each affidavit also includes the legal conclusion (and, apparently, insurance policy interpretation) by each affiant that pilot instruction flights, "…including turbine transition training flights…" are "flights which are in direct support of the application by aircraft of seeds, fertilizers or chemicals."

       2.    Pontiac's obvious goal, understandably, is to distract the Court's attention from the facts of this case – in which Pontiac admits is was operating a nationally advertised turbine transition training program as an adjunct to its local aerial application business – by attempting to insinuate that it can provide turbine transition training to any pilot, employed by any aerial application company, to fly any ag airplane, anywhere in the country, and this will come within the phrase "in direct support of aerial application" under the terms of Pontiac's own aerial applicator policy. An incredible stretch of reasonable interpretation, to be sure – particularly for Pontiac, which had two separate insurers deny its request, prior to the accident, for coverage to provide aerial application flight training in its simpler, piston airplanes.

       3.    The four affidavits attached to Pontiac's response brief should be stricken for one simple reason. They are irrelevant. The conclusion that flight training is required in order to operate an aerial application aircraft is self-evident and irrelevant. The legal conclusion that such training - in and of itself – is "in direct support" of aerial application under the phraseology of the National Union policy is beyond the scope of a lay person and constitutes an improper opinion.

       4.    Pontiac spends much time berating National Union for the fact that National Union does not offer a "definition" of the phrase "in direct support" of aerial application. Obviously, an insurer is under no obligation to define every phrase in a policy. It would be impossible to do so.

The role of the Court is to apply a reasonable interpretation of policy language in view of the facts presented. In this case, it is unreasonable to expand the phrase "in direct support" to any turbine transition training flight – no matter how unrelated to Pontiac's aerial application of seeds, fertilizers and chemicals. Pontiac knows this, which is why it provides affidavits offering self-evident statements that border on being sarcastic and disrespectful. The affidavits should be stricken.

5. Pontiac has attempted to cure one of the obvious defects[1] in Mr. Reavis III's "expert" report by generating a "supplemental report" attached to its response to National Union's motion to strike. However, Pontiac has apparently misunderstood the basis for National Union's objection. Mr. Reavis III's initial report offers his personal opinion as to the breadth and scope of the phrase "in direct support" but offers nothing by way of insurance industry custom or practice regarding the same or similar insurance policy language or phraseology. Nor does Mr. Reavis III even offer any finding that similar flight training has been covered under the aerial application policies held by other aerial applicators. Mr. Reavis III's new, supplemental bit fails to cure the defect. While he offers "industry and custom" language, it focuses on the wrong issue. He essentially repeats the conclusion offered by the four affiants that flight training is required in order to engage in aerial application. This fails to cure the defect. Pontiac's expert still offers nothing in the way of insurance industry custom or practice in regard to the interpretation of the policy language at issue. His supplemental report therefore should be stricken.

6. Pontiac's attempt to introduce "expert" testimony regarding policy interpretation is improper and is plainly intended as an offensive measure to ward off an inevitable motion for summary judgment by attempting to create issues of fact and a battle of experts. Policy

---

[1] Of course, it is within the Court's exclusive jurisdiction to interpret policy language. This remains the primary objection to Mr. Reavis III's report.

interpretation is the domain of the court.  It is time to move forward with a dispositive motion addressing the legal issue of coverage under the National Union Policy.

WHEREFORE, Plaintiff, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA respectfully requests that this Court enter an order barring the report and testimony of Defendant/Third Party Plaintiff PONTIAC FLYING SERVICE, INC.'s expert, Marshall Wilson Reavis, III, as to his opinions regarding the insurance coverage afforded to Pontiac under the National Union policy, and striking the foregoing affidavits and Supplemental Report pursuant to Rule 7(b) of the Federal Rules of Civil Procedure and Rule 702 of the Federal Rules of Evidence.

IN THE ALTERNATIVE, should the Court deny its motions, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA respectfully requests leave to identify a rebuttal "expert" within 28 days to respond to the opinions expressed by Mr. Reavis.

> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.
>
> By:   s/   Jeffrey B. Rock
> Jeffrey B. Rock, Esq., Bar No. 2360039
> Attorney for Plaintiff
> Hasselberg, Rock, Bell & Kuppler, LLP
> Suite 200 Associated Bank Building
> 4600 N. Brandywine Drive
> Peoria, IL  61614
> Telephone:  (309) 688-9400
> Facsimile:   (309) 688-9430
> E-mail:  jrock@hrbklaw.com

| | |
|---|---|
| Jeffrey B. Rock, Esq. | Mark T. Banovetz, Esq. |
| Hasselberg Rock Bell & Kuppler, LLP | Tressler, Soderstrom, Maloney & Priess |
| 4600 North Brandywine Drive | Sears Tower, 22nd Floor |
| Suite 200 Associated Bk. Bldg. | 233 South Wacker Drive |
| Peoria, Illinois 61614 | Chicago, Illinois 60606-6308 |
| | Attorney for Plaintiff NATIONAL UNION |