MTB/res/#246601                                                           3917-8

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| PONTIAC FLYING SERVICE, INC. | ) Case No. 03-CV-01288 |
| Defendant/Third Party Plaintiff, | ) Magistrate Judge Byron G. Cudmore |
| v. | )<br>) |
| HARDY AVIATION INSURANCE, INC. | )<br>) |
| Third Party Defendant. | ) |

### NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. RESPONSE TO REQUESTS FOR ADMISSION OF FACTS AND GENUINENESS OF DOCUMENTS PURSUANT TO RULE 36

NOW COMES the Plaintiff, NATIONAL UNION FIRE COMPANY OF PITTSBURGH, PA, by and through its attorneys, TRESSLER, SODERSTROM, MALONEY & PRIESS, and for its Response to Defendant and Third Party Plaintiff's Requests for Admission of Facts and Genuineness of Documents Pursuant to Rule 36, states as follows:

1.  That attached to this request and made a part hereof as Exhibit A is a true and correct copy of the **PILOT WARRANTY ENDORSEMENT (AERIAL APPLICATOR AIRCRAFT)** which was issued on June 14, 2002, for the involved aircraft.

**RESPONSE:** Admitted.

15. That in order for there to be coverage under the policy for the involved aircraft, the pilot must have had "at least 100 (100 if nothing else is shown) hours in aircraft of the same make and model being flown."

**RESPONSE:** Plaintiff objects on the basis that the phrase "in order for there to be coverage under the policy for the involved aircraft" is vague and is not language contained in the endorsement itself and on the basis that the endorsement speaks for itself; notwithstanding these objections, admitted.

16. The term "includes flights required in direct support thereof" as it appears in the definition of "**Aerial Application**" is not defined in the policy.

**RESPONSE:** Plaintiff objects to this request on the basis that it seeks a response that is irrelevant and on the basis that the quoted phrase is self-explanatory; notwithstanding these objections, admitted.

17. NATIONAL UNION has no documents which define the term "includes flights required in direct support thereof" as it appears in the policy definition of "**Aerial Application**."

**RESPONSE:** Plaintiff objects to this request on the basis that it seeks a response that is irrelevant and on the basis that the quoted phrase is self-explanatory; notwithstanding these objections, admitted.

18. That NATIONAL UNION knows of no NATIONAL UNION employees, current or past, who have ever defined the term "includes flights required in direct support thereof" as it is used in the definition of "**Aerial Application**" in the policy in writing.

**RESPONSE:** Plaintiff objects to this request on the basis that it seeks a response that is irrelevant and on the basis that the quoted phrase is self-explanatory; notwithstanding these objections, admitted.

19. That NATIONAL UNION knows of no NATIONAL UNION employees, current or past, who have ever defined the term "includes flights required in direct support thereof" as it is used in the definition of "**Aerial Application**" in the policy.

5

**RESPONSE:**    Plaintiff objects to this request on the basis that it seeks a response that is irrelevant and on the basis that the quoted phrase is self-explanatory; notwithstanding these objections, admitted.

20.  That NATIONAL UNION know of no written definition of the term "includes flights required in direct support thereof" as it appears in the definition of "**Aerial Application.**"

**RESPONSE:**    Plaintiff objects to this request on the basis that it seeks a response that is irrelevant and on the basis that the quoted phrase is self-explanatory; notwithstanding these objections, admitted.

21.  That NATIONAL UNION has no definition of the term "includes flights required in direct support thereof" as it appears in the definition of "**Aerial Application.**"

**RESPONSE:**    Denied.

22.  That NATIONAL UNION does not know what the term "includes flights required in direct support thereof" as it appears in the definition of "**Aerial Application**" means.

**RESPONSE:**    Denied.

23.  That NATIONAL UNION never defined the term "includes flights required in direct support thereof" as it appears in the definition of "**Aerial Application**" for HARDY.

**RESPONSE:**    Plaintiff objects to this request on the basis that it seeks a response that is irrelevant and on the basis that the quoted phrase is self-explanatory; notwithstanding these objections, admitted.

24.  NATIONAL UNION never defined the term "includes flights required in direct support thereof" as it appears in the definition of "**Aerial Application**" for PONTIAC FLYING SERVICE INC., or any of its officers, agent or employees prior to the accident.

**RESPONSE:**    Plaintiff objects to this request on the basis that it seeks a response that is irrelevant and on the basis that the quoted phrase is self-explanatory; notwithstanding these objections, admitted.

6

25. That pilot turbine training flights are required for the application by turbine powered aircraft of seeds, fertilizers or chemicals.

**RESPONSE:** Plaintiff objects on the basis that this request is vague and irrelevant, is unlimited in reference to aircraft, application, or materials, and seeks information more appropriately provided by a properly certified instructor pilot; notwithstanding this objection, the general statement is admitted.

26. That at the time the policy was issued NATIONAL UNION knew that pilot turbine training flights were required for "**Aerial Application**" as that term is used in the policy.

**RESPONSE:** Denied.

27. That turbine training flights are in support of the application by turbine powered aircraft of seeds, fertilizers or chemicals.

**RESPONSE:** Denied.

28. That at the time the policy was issued NATIONAL UNION knew that turbine training flights were in support of the application by turbine powered aircraft of seeds, fertilizers or chemicals.

**RESPONSE:** Denied.

29. That turbine training flights are required in direct support of the application by turbine powered aircraft of seeds, fertilizers or chemicals.

**RESPONSE:** Denied.

30. That at the time the policy was issued NATIONAL UNION knew that turbine training flights were in direct support of the application by turbine powered aircraft of seeds, fertilizers or chemicals.

**RESPONSE:** Denied.

31. That turbine training flights are required in direct support of the application by turbine powered aircraft of seeds, fertilizers or chemicals.

**RESPONSE:** Denied.

32. That at the time the policy was issued NATIONAL UNION knew that turbine training flights were required in direct support of the application by turbine powered aircraft of seeds, fertilizers or chemicals.

**RESPONSE:** Denied.

33. That turbine training flights are required in direct support of "**Aerial Application**" as that term is defined in the policy.

**RESPONSE:** Denied.

34. That at the time the policy was issued NATIONAL UNION knew that turbine training flights were required in direct support of "**Aerial Application**" as that term is defined in the policy.

**RESPONSE:** Denied

The undersigned, being first duly sworn, deposes and states that the foregoing responses are true and correct to the best of his knowledge, understanding and belief.

NOTARY _Donna Wysocki_

"OFFICIAL SEAL"
Donna Wysocki
Notary Public, State of Illinois
My Commission Expires June 8, 2004

AIG Aviation (Illinois), Inc.

_Peter Guy_
Peter Guy

TRESSLER, SODERSTROM, MALONEY & PRIESS

By: _____
One of Their Attorneys

Jeffrey B. Rock
Hasselberg Rock Bell & Kuppler
4600 North Brandywine Drive
Suite 200
Peoria, Illinois 61614
(309) 688-9400

Mark T. Banovetz
Charmagne Topacio
Tressler, Soderstrom, Maloney & Priess
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois 60606-6308
(312) 627-4000

Attorneys for Plaintiff NATIONAL UNION

8