**E-FILED**
Thursday, 28 April, 2005 09:59:25 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| NATIONAL UNION FIRE COMPANY OF PITTSBURGH, PA, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 03-1288 ) |
| PONTIAC FLYING SERVICES, INC., | ) ) |
| Defendants and Third Party Plaintiff, | ) ) ) |
| vs. | ) ) |
| HARDY AVIATION INSURANCE, INC., | ) ) |
| Third Party Defendant. | ) |

**MOTION FOR LEAVE TO FILE COUNTERCLAIM**

Now comes the Defendant and CounterPlaintiff, PONTIAC FLYING SERVICE, INC., ("PONTIAC FLYING"), by its attorney, DAVID B. MUELLER of the firm of CASSIDY & MUELLER, and pursuant to Rule 13(a) moves the Court for leave to file that Counterclaim, a copy of which is attached to this Motion and made a part hereof. In support of this Motion PONTIAC FLYING states:

1. The present case involves property loss and liability coverage under National Union Aerial Applicator Aircraft Policy No. AV3391999-04. The occurrence for which coverage is disputed under that policy is an accident which took place on May 5, 2003, at which time the plane which was owned by PONTIAC FLYING crashed taking the lives of Richard Lucente and Neil Webster.

2. In the present case NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("NATIONAL UNION"), has denied coverage to PONTIAC FLYING under the Aerial Applicator Aircraft Policy for loss of the plane *and* potential liability for the death of Neil Webster in the following captioned case which is pending in the Circuit Court of Livingston County, Illinois:

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
COUNTY OF LIVINGSTON

| | |
|---|---|
| JUSTYN WEBSTER as Special Administrator of the Estate of NEIL WEBSTER, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>PONTIAC FLYING SERVICE, INC. and CAREN S. LUCENTE as Independent Executor of the Estate of RICHARD P. LUCENTE, Deceased,<br><br>Defendants. | No. 04 L 15 |

("THE WEBSTER CASE").

3. THE WEBSTER CASE was filed on April 22, 2004. Thereafter NATIONAL UNION amended its Complaint in this cause to include a denial of liability coverage for that claim under its Aerial Applicator Aircraft Policy No. AV3391999-04. As a consequence of that amendment JUSTYN WEBSTER as Special Administrator of the Estate of NEIL WEBSTER, Deceased, and CAREN S. LUCENTE as Independent Executor of the Estate of RICHARD P. LUCENTE, Deceased, became Defendants in this case.

4. On April 18, 2005, the Plaintiff in THE WEBSTER CASE filed an Amended Complaint which includes the same parties but also joins SCOTT PETERSEN and SARAH

PETERSEN as additional Defendants. SCOTT PETERSEN and SARAH PETERSEN are employees of PONTIAC FLYING.

5. In preparing to respond to the Amended Complaint counsel for PONTIAC FLYING and its employees, including SCOTT PETERSEN and SARAH PETERSEN, discovered that PONTIAC FLYING also had a commercial general liability coverage aviation policy with the Plaintiff, NATIONAL. ("the CGL policy"). Upon reviewing the provisions of the CGL policy in the context of the allegations of the Amended Complaint it became apparent that there is or may be coverage for the WEBSTER action under that policy, as well as under the Aerial Applicator Aircraft Policy which is presently the subject of this case.

6. PONTIAC FLYING and its employees, including SCOTT PETERSEN and SARAH PETERSEN, believe that their claims for coverage under THE CGL POLICY arise out of the same transaction or occurrence that is the subject matter of the pending case. The same parties are involved[1] and therefore the proposed Counterclaim is compulsory under Rule 13(a).

7. Judicial economy requires that the claims which are made in the Counterclaim be tried with those in the pending action.

WHEREFORE, Defendant and CounterPlaintiff, PONTIAC FLYING SERVICES, INC., prays that it be granted leave pursuant to Rule 13(a) to file the Counterclaim which is attached to this Motion and made a part hereof.

        CASSIDY & MUELLER

        By: s/ DAVID B. MUELLER
          Attorneys for Defendant,
          PONTIAC FLYING SERVICE, INC.

---

[1] With the exception of Scott Petersen and Sarah Petersen who qualify as "employees" under both policies.

CERTIFICATE OF SERVICE

      I hereby certify that on April 28, 2005, I electronically filed the foregoing and its exhibits with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Mr. Jeffrey B. Rock | jrock@hrbklaw.com, cpoehlman@hrbklaw.com |
| Ms. Diane M. Baron | dbaron@clausen.com, pkebr@clausen.com |
| Mr. Michael S. Krzak | msk@cliffordlaw.com, jmg@cliffordlaw.com |
| Mr. Kevin P. Durkin | kpd@cliffordlaw.com; jg@cliffordlaw.com |
| Mr. Mark T. Banovetz | mbanovetz@tsmp.com |

and I hereby certify that I have mailed by United States Postal Service the document to the foregoing non CM/ECF participants:

      s/DAVID B. MUELLER
      David B. Mueller - #01980661
      CASSIDY & MUELLER
      416 Main Street, Suite 323
      Peoria, IL 61602
      Telephone: 309/676-0591
      Fax: 309/676-8036
      E-mail: dmueller@cassidymueller.com