**E-FILED**
Thursday, 28 April, 2005  10:04:19 AM
Clerk, U.S. District Court, ILCD

STATE OF ILLINOIS         )
                        ) SS.

COUNTY OF LIVINGSTON)

## IN THE COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## COUNTY OF LIVINGSTON

| | |
|---|---|
| JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH as Co-Personal Representatives of the Estate of NEIL T. WEBSTER, Deceased<br><br>               Plaintiff<br>v.<br><br>PONTIAC FLYING SERVICE, INC.; CAREN S. LUCENTE as Independent Executor of the Estate of RICHARD P. LUCENTE, Deceased; SCOTT PETERSEN and SARAH PETERSEN both Individually and d/b/a PONTIAC FLYING SERVICE; and AIR TRACTOR, INC.<br><br>               Defendants. | No.  04 L 15<br><br>**Plaintiff demands trial by jury.** |

## SECOND AMENDED COMPLAINT AT LAW

## COUNT I – WRONGFUL DEATH

## PONTIAC FLYING SERVICE, INC. and CAREN S. LUCENTE AS INDEPENDENT

## ADMINISTRATOR OF THE ESTATE OF RICHARD P. LUCENTE, JR., DECEASED

Plaintiffs, JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH as Co-Personal Representatives of the Estate of NEIL WEBSTER, Deceased, and for their Complaint against Defendants, PONTIAC FLYING SERVICE, INC., and CAREN S. LUCENTE as Independent Executor of the Estate of RICHARD P. LUCENTE, JR., Deceased, states as follows:

1.       On and before May 5, 2003, Defendant, PONTIAC FLYING SERVICE, INC., was a corporation incorporated under the laws of the State of Illinois with its principal place of business in

# EXHIBIT C

Pontiac, Illinois and doing business at 15755 East 2000 N. Road, Pontiac, Illinois.

      2.      On and before May 5, 2003, Defendant, PONTIAC FLYING SERVICE, INC., owned, operated, managed and maintained a 1991 Air Tractor AT-503(A), N503D (hereinafter referred to as "Air Tractor").

      3.      On and before May 5, 2003 Defendant, PONTIAC FLYING SERVICE, INC., utilized the aforementioned Air Tractor in the course of its business of providing turbine transition flight instruction and training.

      4.      On and before May 5, 2003, PONTIAC FLYING SERVICE, INC. Retained the services of Richard P. Lucente, Jr., to provide turbine transition flight instruction to the Plaintiff's Decedent, NEIL T. WEBSTER, for a fee.

      5.      At all times relevant hereto, Richard P. Lucente, Jr., was an employee and/or agent of Defendant, PONTIAC FLYING SERVICES, INC.

      6.      On May 5, 2003, the Air Tractor departed from Pontiac Municipal Airport with Richard P. Lucente, Jr., acting as pilot in command and Plaintiff's decedent, NEIL WEBSTER, as the student pilot passenger.

      7.      On May 5, 2003, the Air Tractor impacted the ground at some point after its departure from Pontiac Municipal Airport resulting in the death of NEIL WEBSTER.

      8.      At all times relevant hereto, Defendants, PONTIAC FLYING SERVICE, INC. and Richard P. Lucente, Jr. owed a duty to exercise due care in providing flight instruction services and in maintaining the Air Tractor aircraft.

      9.      On May 5, 2003, Defendant, PONTIAC FLYING SERVICE, INC. by and through its employees and/or agents, including Richard P. Lucente, Jr., was negligent in one or more of the

2

following ways:

     a.     Failed to properly control the aircraft;

     b.     Failed to properly and adequately instruct NEIL WEBSTER on the flight of the Air Tractor Aircraft;

     c.     Failed to properly communicate with NEIL WEBSTER during flight training;

     d.     Failed to properly and adequately maintain the Air Tractor Aircraft.

10.     As a direct and proximate result of one or more of the aforementioned acts of negligence, Plaintiff's decedent, NEIL WEBSTER, sustained injuries which resulted in his death on May 5, 2003.

11.     NEIL WEBSTER left surviving him his son, Justyn Webster and his daughter, Megan Webster, (a minor) each of whom have sustained pecuniary loss as a result of his death, including the loss of support, society, companionship, love, affection, protection and consortium.

12.     This action is brought pursuant to the Wrongful Death Act, 740 ILCS 180/1 et seq.

WHEREFORE, Plaintiffs, JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH as Co-Personal Representatives of the Estate of NEIL WEBSTER, Deceased, demand judgment against Defendants, PONTIAC FLYING SERVICE, INC., and CAREN S. LUCENTE as Independent Executor of the Estate of RICHARD P. LUCENTE, JR., Deceased for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT II - SURVIVAL ACTION

## PONTIAC FLYING SERVICE, INC. and CAREN S. LUCENTE AS INDEPENDENT

## ADMINISTRATOR OF THE ESTATE OF RICHARD P. LUCENTE, JR., DECEASED

Plaintiffs, JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH as Co-Personal

Representatives of the Estate of NEIL WEBSTER, Deceased, and for their Complaint against Defendants, PONTIAC FLYING SERVICE, INC., and CAREN S. LUCENTE as Independent Executor of the Estate of RICHARD P. LUCENTE, JR., Deceased, states as follows:

1.    On and before May 5, 2003, Defendant, PONTIAC FLYING SERVICE, INC., was a corporation incorporated under the laws of the State of Illinois with its principal place of business in Pontiac, Illinois and doing business at 15755 East 2000 N. Road, Pontiac, Illinois.

2.    On and before May 5, 2003, Defendant, PONTIAC FLYING SERVICE, INC., owned, operated, managed and maintained a 1991 Air Tractor AT-503(A), N503D (hereinafter referred to as "Air Tractor").

3.    On and before May 5, 2003 Defendant, PONTIAC FLYING SERVICE, INC., utilized the aforementioned Air Tractor in the course of its business of providing turbine transition flight instruction and training.

4.    On and before May 5, 2003, PONTIAC FLYING SERVICE, INC. Retained the services of Richard P. Lucente, Jr., to provide turbine transition flight instruction to the Plaintiff's Decedent, NEIL T. WEBSTER, for a fee.

5.    At all times relevant hereto, Richard P. Lucente, Jr., was an employee and/or agent of Defendant, PONTIAC FLYING SERVICES, INC.

6.    On May 5, 2003, the Air Tractor departed from Pontiac Municipal Airport with Richard P. Lucente, Jr., acting as pilot in command and Plaintiff's decedent, NEIL WEBSTER, as the student pilot passenger.

7.    On May 5, 2003, the Air Tractor impacted the ground at some point after its departure from Pontiac Municipal Airport resulting in the death of NEIL WEBSTER.

4

8.      At all times relevant hereto, Defendants, PONTIAC FLYING SERVICE, INC. and Richard P. Lucente, Jr. owed a duty to exercise due care in providing flight instruction services and in maintaining the Air Tractor aircraft.

9.      On May 5, 2003, Defendant, PONTIAC FLYING SERVICE, INC., by and through its employees and/or agents, including Richard P. Lucente, Jr., was negligent in one or more of the following ways:

   a.     Failed to properly control the aircraft;

   b.     Failed to properly and adequately instruct NEIL WEBSTER on the flight of the Air Tractor Aircraft;

   c.     Failed to properly communicate with NEIL WEBSTER during flight training;

   d.     Failed to properly and adequately maintain the Air Tractor Aircraft.

10.     As a direct and proximate result of one or more of the aforementioned acts and/or omissions, Plaintiff's decedent, NEIL WEBSTER, sustained injuries of a personal and pecuniary nature, including conscious pain and suffering prior to his death on May 5, 2003, and had he survived, he would have been entitled to bring this action for damages and this action survives him.

11.     This action is brought pursuant to the Survival Act, 755 ILCS 5/27-6, *et seq*.

WHEREFORE, Plaintiffs, JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH as Co-Personal Representatives of the Estate of NEIL WEBSTER, Deceased, demand judgment against Defendants, PONTIAC FLYING SERVICE, INC., and CAREN S. LUCENTE as Independent Executor of the Estate of RICHARD P. LUCENTE, JR., Deceased, and each of them, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT III – WRONGFUL DEATH

**SCOTT PETERSEN and SARAH PETERSEN both Individually and d/b/a PONTIAC**

**FLYING SERVICE**

Plaintiffs, JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH as Co-Personal Representatives of the Estate of NEIL WEBSTER, Deceased, and for their Complaint against Defendants, SCOTT PETERSEN and SARAH PETERSEN, both Individually and d/b/a PONTIAC FLYING SERVICE, states as follows:

1.      On and before May 5, 2003, Defendants, SCOTT PETERSEN and SARAH PETERSEN, both Individually and d/b/a PONTIAC FLYING SERVICE, were operating a fix based operation (FBO) facility with their principal place of business in Pontiac, Illinois and were doing business at 15755 East 2000 N. Road, Pontiac, Illinois.

2.      On and before May 5, 2003, Defendants, SCOTT PETERSEN and SARAH PETERSEN, both Individually and d/b/a PONTIAC FLYING SERVICE, managed, maintained or otherwise controlled a 1991 Air Tractor AT-503(A), N503D (hereinafter referred to as "Air Tractor").

3.      On and before May 5, 2003 Defendants, SCOTT PETERSEN and SARAH PETERSEN, both Individually and d/b/a PONTIAC FLYING SERVICE, utilized the aforementioned Air Tractor in the course of their business and/or conducted maintenance work on said aircraft.

4.      On and before May 5, 2003, Richard P. Lucente, Jr., was providing turbine transition flight instruction to the Plaintiff's Decedent, NEIL T. WEBSTER, for a fee.

5.      At all times relevant hereto, Richard P. Lucente, Jr., was an employee and/or agent of Defendants, SCOTT PETERSEN and SARAH PETERSEN, both Individually and d/b/a PONTIAC

6

FLYING SERVICE.

6.      On May 5, 2003, the Air Tractor departed from Pontiac Municipal Airport with Richard P. Lucente, Jr., acting as pilot in command and Plaintiff's decedent, NEIL WEBSTER, as the student pilot.

7.      On May 5, 2003, the Air Tractor impacted the ground at some point after its departure from Pontiac Municipal Airport resulting in the death of NEIL WEBSTER.

8.      At all times relevant hereto, Defendants, SCOTT PETERSEN and SARAH PETERSEN, both Individually and d/b/a PONTIAC FLYING SERVICE, owed a duty to exercise due care in providing flight instruction services and in maintaining the Air Tractor aircraft.

9.      On May 5, 2003, Defendants, SCOTT PETERSEN and SARAH PETERSEN, both Individually and d/b/a PONTIAC FLYING SERVICE, by and through its employees and/or agents, including Richard P. Lucente, Jr., were negligent in one or more of the following ways:

    a.      Failed to properly control the aircraft;

    b.      Failed to properly and adequately instruct NEIL WEBSTER on the flight of the Air Tractor Aircraft;

    c.      Failed to properly communicate with NEIL WEBSTER during flight training;

    d.      Failed to properly and adequately maintain the Air Tractor Aircraft.

10.     As a direct and proximate result of one or more of the aforementioned acts of negligence, Plaintiff's decedent, NEIL WEBSTER, sustained injuries which resulted in his death on May 5, 2003.

11.     NEIL WEBSTER left surviving him his son, Justyn Webster and his daughter, Megan Webster, (a minor) each of whom have sustained pecuniary loss as a result of his death, including the

loss of support, society, companionship, love, affection, protection and consortium.

12.    This action is brought pursuant to the Wrongful Death Act, 740 ILCS 180/1 et seq.

WHEREFORE, Plaintiffs, JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH as Co-Personal Representatives of the Estate of NEIL WEBSTER, Deceased, demand judgment against Defendants, SCOTT PETERSEN and SARAH PETERSEN, both Individually and d/b/a PONTIAC FLYING SERVICE, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT IV - SURVIVAL ACTION

### SCOTT PETERSEN and SARAH PETERSEN, both Individually and d/b/a PONTIAC FLYING SERVICE

Plaintiffs, JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH as Co-Personal Representatives of the Estate of NEIL WEBSTER, Deceased, and for their Complaint against Defendants, SCOTT PETERSEN and SARAH PETERSEN, both Individually and d/b/a PONTIAC FLYING SERVICE, states as follows:

1.    On and before May 5, 2003, Defendants, SCOTT PETERSEN and SARAH PETERSEN, both Individually and d/b/a PONTIAC FLYING SERVICE, were operating a fix based operation (FBO) facility with their principal place of business in Pontiac, Illinois and were doing business at 15755 East 2000 N. Road, Pontiac, Illinois.

2.    On and before May 5, 2003, Defendants, SCOTT PETERSEN and SARAH PETERSEN, both Individually and d/b/a PONTIAC FLYING SERVICE, managed, maintained or otherwise controlled a 1991 Air Tractor AT-503(A), N503D (hereinafter referred to as "Air Tractor").

3.    On and before May 5, 2003 Defendants, SCOTT PETERSEN and SARAH

8

PETERSEN, both Individually and d/b/a PONTIAC FLYING SERVICE, utilized the aforementioned Air Tractor in the course of their business and/or conducted maintenance work on said aircraft.

4.      On and before May 5, 2003, Richard P. Lucente, Jr., was providing turbine transition flight instruction to the Plaintiff's Decedent, NEIL T. WEBSTER, for a fee.

5.      At all times relevant hereto, Richard P. Lucente, Jr., was an employee and/or agent of Defendants, SCOTT PETERSEN and SARAH PETERSEN, both Individually and d/b/a PONTIAC FLYING SERVICE.

6.      On May 5, 2003, the Air Tractor departed from Pontiac Municipal Airport with Richard P. Lucente, Jr., acting as pilot in command and Plaintiff's decedent, NEIL WEBSTER, as the student pilot.

7.      On May 5, 2003, the Air Tractor impacted the ground at some point after its departure from Pontiac Municipal Airport resulting in the death of NEIL WEBSTER.

8.      At all times relevant hereto, Defendants, SCOTT PETERSEN and SARAH PETERSEN, both Individually and d/b/a PONTIAC FLYING SERVICE owed a duty to exercise due care in providing flight instruction services and in maintaining the Air Tractor aircraft.

9.      On May 5, 2003, Defendants, SCOTT PETERSEN and SARAH PETERSEN, both Individually and d/b/a PONTIAC FLYING SERVICE, by and through their employees and/or agents, including Richard P. Lucente, Jr., were negligent in one or more of the following ways:

a.      Failed to properly control the aircraft;

b.      Failed to properly and adequately instruct NEIL WEBSTER on the flight of the Air Tractor Aircraft;

9

c.      Failed to properly communicate with NEIL WEBSTER during flight training;

d.      Failed to properly and adequately maintain the Air Tractor Aircraft.

10.     As a direct and proximate result of one or more of the aforementioned acts and/or omissions, Plaintiff's decedent, NEIL WEBSTER, sustained injuries of a personal and pecuniary nature, including conscious pain and suffering prior to his death on May 5, 2003, and had he survived, he would have been entitled to bring this action for damages and this action survives him.

11.     This action is brought pursuant to the Survival Act, 755 ILCS 5/27-6, *et seq*.

WHEREFORE, Plaintiffs, JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH as Co-Personal Representatives of the Estate of NEIL WEBSTER, Deceased, demand judgment against Defendants, SCOTT PETERSEN and SARAH PETERSEN, both Individually and d/b/a PONTIAC FLYING SERVICE, and each of them, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT V - WRONGFUL DEATH

## AIR TRACTOR, INC. - - NEGLIGENCE

Plaintiffs, JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH as Co-Personal Representatives of the Estate of NEIL WEBSTER, Deceased, and for their Complaint against Defendant, AIR TRACTOR, INC., states as follows:

1.      On May 5, 2003, NEIL WEBSTER was receiving turbine transition flight instruction and training from Richard P. Lucente, Jr. in aircraft N503D, an Air Tractor AT-503(A) (hereinafter referred to as "Air Tractor"), aircraft owned by Pontiac Flying Service, Inc.

2.      The AIR TRACTOR was manufactured by Defendant, AIR TRACTOR, INC.

3.      The aircraft was being operated in Pontiac, Illinois and was departing from Pontiac

10

Municipal Airport, when the aircraft, without warning, departed controlled flight and subsequently

crashed, killing NEIL WEBSTER.

4.    At all times relevant hereto, Defendant, AIR TRACTOR, was and is a corporation

organized and existing under the laws of the State of Texas, doing business and placing its product

into the stream of commerce within the State of Texas and various other jurisdictions, including,

Illinois, as a manufacturer of aircraft, operating under a certificate issued to it by the Federal

Aviation Administration ("FAA").

5.    At all times relevant hereto, AIR TRACTOR, was and is a manufacturer of aircraft

engaged in the business of selling and manufacturing aircraft that were sold and are sold in Illinois as

well as other places on a regular basis.  These aircraft are designed, manufactured, and sold by AIR

TRACTOR to dealerships and individuals in Illinois and other jurisdictions, including foreign

jurisdictions on a regular basis.

6.    As such a manufacturer, Defendant, AIR TRACTOR, owed and owes a duty of care

to manufacture and design their aircraft in a reasonably prudent manner, including but not limited to

the following duties:

a.    To design its aircraft in a reasonably prudent manner;

b.    To test its aircraft in a reasonably prudent manner;

c.    To manufacturer its aircraft in a reasonably prudent manner; and

d.    To market its aircraft in a reasonably prudent manner so as to not mislead and
defraud the purchaser and user.

7.    At all times relevant hereto, AIR TRACTOR was the manufacture of the subject

aircraft, N530 D, which was ultimately sold to PONTIAC FLYING SERVICE, INC., SCOTT

11

PETERSEN, and/or SARAH PETERSEN, both Individually and d/b/a PONTIAC FLYING SERVICE, the owner of the aircraft.

8.      Defendant, AIR TRACTOR, by and through its employees, agents, and/or representatives, breached the duty of care owed to Plaintiffs and/or decedent in one or more of the following ways:

a.      Failing to establish and ensure compliance of AIR TRACTOR designs with the rules and regulations established by the FAA;

b.      Failing to establish and ensure compliance of AIR TRACTOR manufacturing with the rules and regulations established by the FAA;

c.      Failing to design the subject aircraft in a reasonably prudent manner so as to make it safe for its intended purpose;

d.      Failing to exercise reasonably prudent design practices in designing the subject aircraft;

e.      Failing to exercise reasonably prudent manufacturing and practices in manufacturing the subject aircraft;

f.      Failing to exercise reasonably prudent design procedures in providing warnings, notes, and cautions to accompany the aircraft;

g.      Failing to exercise reasonably prudent design procedures in designing and creating a manual to accompany the subject aircraft;

h.      Failing to exercise reasonably prudent design procedures in providing a flight manual of normal operating procedures for operators;

i.      Failing to provide reasonably prudent training procedures and/or manuals for operators;

j.      Failing to exercise reasonably prudent flight testing for the subject aircraft in designing and manufacturing it;

k.      Failing to act as a reasonably prudent manufacturer in disclosing to the FAA dangerous flight characteristics of the subject aircraft during normal operations;

12

l.  Failing to act as a reasonably prudent manufacturer in not correcting dangerous flight characteristics when they were discovered; and

m.  Failing to act as a reasonably prudent manufacturer by not warning operators of the dangerous flight characteristics of the aircraft after having notice of the dangerous characteristics.

9.  As a direct and proximate result of one or more of the aforementioned acts of negligence, Plaintiff's decedent, NEIL WEBSTER, sustained injuries which resulted in his death on May 5, 2003.

10.  NEIL WEBSTER left surviving him his son, Justyn Webster, and his daughter Megan Webster (a minor) each of whom have sustained pecuniary loss as a result of his death, including the loss of support, society, companionship, love, affection, protection and consortium.

11.  This action is brought pursuant to the Wrongful Death Act, 740 ILCS 180/1, et seq.

WHEREFORE, Plaintiffs, Plaintiffs, JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH as Co-Personal Representatives of the Estate of NEIL WEBSTER, Deceased, demand judgment against Defendant, AIR TRACTOR, INC., for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT VI - WRONGFUL DEATH

## AIR TRACTOR, INC. - - SURVIVAL ACT

Plaintiffs, JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH as Co-Personal Representatives of the Estate of NEIL WEBSTER, Deceased, and for their Complaint against Defendant, AIR TRACTOR, INC., states as follows:

1.  On May 5, 2003, NEIL WEBSTER was receiving turbine transition flight instruction and training from Richard P. Lucente, Jr. in aircraft N503D, an Air Tractor AT-503(A) (hereinafter

referred to as "Air Tractor"), aircraft owned by Pontiac Flying Service, Inc.

2.      The AIR TRACTOR was manufactured by Defendant, AIR TRACTOR, INC.

3.      The aircraft was being operated in Pontiac, Illinois and was departing from Pontiac Municipal Airport, when the aircraft, without warning, departed controlled flight and subsequently crashed, killing NEIL WEBSTER.

4.      At all times relevant hereto, Defendant, AIR TRACTOR, was and is a corporation organized and existing under the laws of the State of Texas, doing business and placing its product into the stream of commerce within the State of Texas and various other jurisdictions, including, Illinois, as a manufacturer of aircraft, operating under a certificate issued to it by the Federal Aviation Administration ("FAA").

5.      At all times relevant hereto, AIR TRACTOR, was and is a manufacturer of aircraft engaged in the business of selling and manufacturing aircraft that were sold and are sold in Illinois as well as other places on a regular basis.  These aircraft are designed, manufactured, and sold by AIR TRACTOR to dealerships and individuals in Illinois and other jurisdictions, including foreign jurisdictions on a regular basis.

6.      As such a manufacturer, Defendant, AIR TRACTOR, owed and owes a duty of care to manufacture and design their aircraft in a reasonably prudent manner, including but not limited to the following duties:

a.      To design its aircraft in a reasonably prudent manner;

b.      To test its aircraft in a reasonably prudent manner;

c.      To manufacturer its aircraft in a reasonably prudent manner; and

d.      To market its aircraft in a reasonably prudent manner so as to not mislead and

14

defraud the purchaser and user.

7.     At all times relevant hereto, AIR TRACTOR was the manufacture of the subject aircraft, N530 D, which was ultimately sold to PONTIAC FLYING SERVICE, INC., SCOTT PETERSEN, and/or SARAH PETERSEN, both Individually and d/b/a PONTIAC FLYING SERVICE, the owner of the aircraft.

8.     Defendant, AIR TRACTOR, by and through its employees, agents, and/or representatives, breached the duty of care owed to Plaintiffs and/or decedent in one or more of the following ways:

a.     Failing to establish and ensure compliance of AIR TRACTOR designs with the rules and regulations established by the FAA;

b.     Failing to establish and ensure compliance of AIR TRACTOR manufacturing with the rules and regulations established by the FAA;

c.     Failing to design the subject aircraft in a reasonably prudent manner so as to make it safe for its intended purpose;

d.     Failing to exercise reasonably prudent design practices in designing the subject aircraft;

e.     Failing to exercise reasonably prudent manufacturing and practices in manufacturing the subject aircraft;

f.     Failing to exercise reasonably prudent design procedures in providing warnings, notes, and cautions to accompany the aircraft;

g.     Failing to exercise reasonably prudent design procedures in designing and creating a manual to accompany the subject aircraft;

h.     Failing to exercise reasonably prudent design procedures in providing a flight manual of normal operating procedures for operators;

i.     Failing to provide reasonably prudent training procedures and/or manuals for operators;

j.     Failing to exercise reasonably prudent flight testing for the subject aircraft in

designing and manufacturing it;

k.   Failing to act as a reasonably prudent manufacturer in disclosing to the FAA
     dangerous flight characteristics of the subject aircraft during normal operations;

l.   Failing to act as a reasonably prudent manufacturer in not correcting dangerous flight
     characteristics when they were discovered; and

m.   Failing to act as a reasonably prudent manufacturer by not warning operators of the
     dangerous flight characteristics of the aircraft after having notice of the dangerous
     characteristics.

9.    As a direct and proximate result of one or more of the aforementioned acts and/or

omissions, Plaintiff's Decedent, NEIL WEBSTER, sustained injuries of a personal and pecuniary

nature, including conscious pain and suffering prior to his death on May 5, 2003, and had he

survived, he would have been entitled to bring this action for damages and this action survives him.

10.    This action is brought pursuant to the Survival Act, 755 ILCS 5/27-6, et seq.

WHEREFORE, Plaintiffs, JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH as Co-

Personal Representatives of the Estate of NEIL WEBSTER, Deceased, demand judgment against

Defendant, AIR TRACTOR, INC., for a sum in excess of FIFTY THOUSAND DOLLARS

($50,000.00).

## COUNT VII - - WRONGFUL DEATH

## AIR TRACTOR, INC. - - STRICT LIABILITY IN TORT

Plaintiffs, JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH as Co-Personal

Representatives of the Estate of NEIL WEBSTER, Deceased, and for their Complaint against

Defendant, AIR TRACTOR, INC., states as follows:

1.    On May 5, 2003, NEIL WEBSTER was receiving turbine transition flight instruction

and training from Richard P. Lucente, Jr. in aircraft N503D, an Air Tractor AT-503(A) (hereinafter

16

referred to as "Air Tractor"), aircraft owned by Pontiac Flying Service, Inc.

    2.      The AIR TRACTOR was manufactured by Defendant, AIR TRACTOR, INC.

    3.      The aircraft was being operated in Pontiac, Illinois and was departing from Pontiac Municipal Airport, when the aircraft, without warning, departed controlled flight and subsequently crashed, killing NEIL WEBSTER.

    4.      At all times relevant hereto, Defendant, AIR TRACTOR, was and is a corporation organized and existing under the laws of the State of Texas, doing business and placing its product into the stream of commerce within the State of Texas and various other jurisdictions, including, Illinois, as a manufacturer of aircraft, operating under a certificate issued to it by the Federal Aviation Administration ("FAA").

    5.      At all times relevant hereto, AIR TRACTOR, was and is a manufacturer of aircraft engaged in the business of selling and manufacturing aircraft that were sold and are sold in Illinois as well as other places on a regular basis. These aircraft are designed, manufactured, and sold by AIR TRACTOR to dealerships and individuals in Illinois and other jurisdictions, including foreign jurisdictions on a regular basis.

    6.      As such a manufacturer, Defendant, AIR TRACTOR, owed and owes a duty of care to manufacture and design their aircraft in a reasonably prudent manner, including but not limited to the following duties:

    a.      To design its aircraft in a reasonably prudent manner;

    b.      To test its aircraft in a reasonably prudent manner;

    c.      To manufacturer its aircraft in a reasonably prudent manner; and

    d.      To market its aircraft in a reasonably prudent manner so as to not mislead and

defraud the purchaser and user.

7.    At all times relevant hereto, AIR TRACTOR was the manufacture of the subject aircraft, N530 D, which was ultimately sold to PONTIAC FLYING SERVICE, INC., SCOTT PETERSEN, and/or SARAH PETERSEN, both Individually and d/b/a PONTIAC FLYING SERVICE, the owner of the aircraft.

8.    Defendant, AIR TRACTOR, by and through its employees, agents, and/or representatives, breached the duty of care owed to Plaintiffs and/or decedent in one or more of the following ways:

a.    Failing to establish and ensure compliance of AIR TRACTOR designs with the rules and regulations established by the FAA;

b.    Failing to establish and ensure compliance of AIR TRACTOR manufacturing with the rules and regulations established by the FAA;

c.    Failing to design the subject aircraft in a reasonably prudent manner so as to make it safe for its intended purpose;

d.    Failing to exercise reasonably prudent design practices in designing the subject aircraft;

e.    Failing to exercise reasonably prudent manufacturing and practices in manufacturing the subject aircraft;

f.    Failing to exercise reasonably prudent design procedures in providing warnings, notes, and cautions to accompany the aircraft;

g.    Failing to exercise reasonably prudent design procedures in designing and creating a manual to accompany the subject aircraft;

h.    Failing to exercise reasonably prudent design procedures in providing a flight manual of normal operating procedures for operators;

i.    Failing to provide reasonably prudent training procedures and/or manuals for operators;

j.    Failing to exercise reasonably prudent flight testing for the subject aircraft in

designing and manufacturing it;

k.     Failing to act as a reasonably prudent manufacturer in disclosing to the FAA dangerous flight characteristics of the subject aircraft during normal operations;

l.     Failing to act as a reasonably prudent manufacturer in not correcting dangerous flight characteristics when they were discovered; and

m.    Failing to act as a reasonably prudent manufacturer by not warning operators of the dangerous flight characteristics of the aircraft after having notice of the dangerous characteristics.

9.     At all times material to this case, Defendant, AIR TRACTOR, designed, manufactured, assembled, tested, distributed, sold and/or place in the stream of commerce the subject aircraft in a defective and/or unsafe condition when used for its intended purpose.

10.    At all times relevant hereto, the subject aircraft created an unreasonable risk to users and/or passengers being flown aboard such aircraft.

11.    At all times relevant hereto, the subject aircraft and all of its components remained in the same and/or substantially same condition as when placed in the stream of commerce by AIR TRACTOR.

12.    At all time relevant hereto, the dangerous and/or defective conditions of the subject aircraft and/or its components as alleged in sub-paragraphs (a) through (m) of paragraph 8, above were unknown to the Plaintiffs and/or decedent.

13.    On May 5, 2003, the subject aircraft was being used in the manner for which it was intended, designed, manufactured, assembled, distributed and/or in a manner reasonably foreseeable to Defendant, AIR TRACTOR.

14.    At all times relevant hereto, the dangerous and/or defective conditions of the subject

aircraft and/or its components included but were not limited to the following:

a.    The aircraft in question was designed with an improper weight and balance configuration;

b.    The aircraft in question was manufactured with an improper weight and balance configuration;

c.    The aircraft in question was deigned with dangerous flap configurations and settings;

d.    The aircraft in question was designed with improper flap and airframe tolerances;

e.    The aircraft in question was designed without proper rudder authority at normal operating airspeeds and angles of attack;

f.    The aircraft in question was designed without proper aileron authority at normal operating air speeds and angles of attack and throughout the normal flight envelope;

g.    The aircraft was designed without proper control feedback to the pilot to enable safe flight at normal operating airspeeds and angles of attack, and through the normal flight envelope;

h.    The aircraft was designed without proper warning features to allow the pilot to determine when the aircraft was approaching the edge of its flight envelope;

i.    The aircraft was designed without proper control surfaces to enable a pilot to effectuate safe recovery from unusual attitudes;

j.    The aircraft was designed without appropriate ballast in order to maintain a proper weight and balance configuration throughout the flight envelope;

k.    The aircraft was designed without proper rigidity within the wing structure thus preventing the control surfaces from maintaining the proper tolerances between moveable and fixed surfaces;

l.    The aircraft was designed without sufficient longitudinal stability to maintain safe flight throughout the flight envelope;

m.    The aircraft was designed without sufficient control surfaces to effectuate safe flight;

n.    The aircraft was manufactured without sufficient control surfaces to effectuate safe flight;

o.   The aircraft was manufactured without sufficient longitudinal stability to maintain safe flight throughout the flight envelope;

p.   The aircraft was designed without proper rigidity within the wing structure thus preventing the control surfaces from maintaining the proper tolerances between moveable and fixed surfaces;

q.   The aircraft was manufactured without appropriate ballast in order to maintain a proper weight and balance configuration throughout the flight envelope;

r.   The aircraft was manufactured without proper control surfaces to enable a pilot to effectuate safe recovery from unusual attitudes;

s.   The aircraft was designed without proper warning features to allow the pilot to determine when the aircraft was approaching the edge of its flight envelope;

t.   The aircraft was manufactured without proper control feedback to the pilot to enable safe flight at normal operating airspeeds and angles of attack, and throughout the normal flight envelope;

u.   The aircraft in question was manufactured without proper aileron authority at normal operating airspeeds and angles of attack and throughout the normal flight envelope;

v.   The aircraft in question was manufactured without proper rudder authority at normal operating air speeds and angles of attack;

w.   The aircraft in question was manufactured with improper flap and airframe tolerances;

x.   The aircraft in question was manufactured with an improper weight and balance configuration;

y.   The aircraft was manufactured with an improper engine placement;

z.   The aircraft was designed with an improper engine placement;

aa.  The aircraft was manufactured with an improper spray "hopper" placement;

bb.  The aircraft was designed with an improper spray "hopper" placement;

cc.  The aircraft was designed with a defective manual in that it provided defective instructions on how to recover from a spin;

21

15.     As a direct and proximate result of one or more of the aforementioned acts and/or omissions of the Defendant, AIR TRACTOR, INC., the Plaintiffs' decedent, NEIL WEBSTER, sustained injuries which resulted in his death on May 5, 2003.

16.     NEIL WEBSTER left surviving him his son, Justyn Webster, and his daughter Megan Webster, (a minor), each of whom has sustained pecuniary loss as a result of his death, including the loss of support, society, companionship, love, affection, protection and consortium.

17.     This action is brought pursuant to the Wrongful Death Act, 740 ILCS 180/1 et seq.

WHEREFORE, Plaintiffs, JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH as Co-Personal Representatives of the Estate of NEIL WEBSTER, Deceased, demand judgment against Defendant, AIR TRACTOR, INC., for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT VIII - - SURVIVAL ACTION

## AIR TRACTOR, INC. - - STRICT LIABILITY IN TORT

Plaintiffs, JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH as Co-Personal Representatives of the Estate of NEIL WEBSTER, Deceased, and for their Complaint against Defendant, AIR TRACTOR, INC., states as follows:

1.     On May 5, 2003, NEIL WEBSTER was receiving turbine transition flight instruction and training from Richard P. Lucente, Jr. in aircraft N503D, an Air Tractor AT-503(A) (hereinafter referred to as "Air Tractor"), aircraft owned by Pontiac Flying Service, Inc.

2.     The AIR TRACTOR was manufactured by Defendant, AIR TRACTOR, INC.

3.     The aircraft was being operated in Pontiac, Illinois and was departing from Pontiac Municipal Airport, when the aircraft, without warning, departed controlled flight and subsequently

22

crashed, killing NEIL WEBSTER.

4.    At all times relevant hereto, Defendant, AIR TRACTOR, was and is a corporation organized and existing under the laws of the State of Texas, doing business and placing its product into the stream of commerce within the State of Texas and various other jurisdictions, including, Illinois, as a manufacturer of aircraft, operating under a certificate issued to it by the Federal Aviation Administration ("FAA").

5.    At all times relevant hereto, AIR TRACTOR, was and is a manufacturer of aircraft engaged in the business of selling and manufacturing aircraft that were sold and are sold in Illinois as well as other places on a regular basis. These aircraft are designed, manufactured, and sold by AIR TRACTOR to dealerships and individuals in Illinois and other jurisdictions, including foreign jurisdictions on a regular basis.

6.    As such a manufacturer, Defendant, AIR TRACTOR, owed and owes a duty of care to manufacture and design their aircraft in a reasonably prudent manner, including but not limited to the following duties:

a.    To design its aircraft in a reasonably prudent manner;

b.    To test its aircraft in a reasonably prudent manner;

c.    To manufacturer its aircraft in a reasonably prudent manner; and

d.    To market its aircraft in a reasonably prudent manner so as to not mislead and defraud the purchaser and user.

7.    At all times relevant hereto, AIR TRACTOR was the manufacture of the subject aircraft, N530 D, which was ultimately sold to PONTIAC FLYING SERVICE, INC., SCOTT PETERSEN, and/or SARAH PETERSEN, both Individually and d/b/a PONTIAC FLYING

SERVICE, the owner of the aircraft.

8.      Defendant, AIR TRACTOR, by and through its employees, agents, and/or representatives, breached the duty of care owed to Plaintiffs and/or decedent in one or more of the following ways:

a.      Failing to establish and ensure compliance of AIR TRACTOR designs with the rules and regulations established by the FAA;

b.      Failing to establish and ensure compliance of AIR TRACTOR manufacturing with the rules and regulations established by the FAA;

c.      Failing to design the subject aircraft in a reasonably prudent manner so as to make it safe for its intended purpose;

d.      Failing to exercise reasonably prudent design practices in designing the subject aircraft;

e.      Failing to exercise reasonably prudent manufacturing and practices in manufacturing the subject aircraft;

f.      Failing to exercise reasonably prudent design procedures in providing warnings, notes, and cautions to accompany the aircraft;

g.      Failing to exercise reasonably prudent design procedures in designing and creating a manual to accompany the subject aircraft;

h.      Failing to exercise reasonably prudent design procedures in providing a flight manual of normal operating procedures for operators;

i.      Failing to provide reasonably prudent training procedures and/or manuals for operators;

j.      Failing to exercise reasonably prudent flight testing for the subject aircraft in designing and manufacturing it;

k.      Failing to act as a reasonably prudent manufacturer in disclosing to the FAA dangerous flight characteristics of the subject aircraft during normal operations;

l.      Failing to act as a reasonably prudent manufacturer in not correcting dangerous flight characteristics when they were discovered; and

24

m.    Failing to act as a reasonably prudent manufacturer by not warning operators of the dangerous flight characteristics of the aircraft after having notice of the dangerous characteristics.

9.    At all times material to this case, Defendant, AIR TRACTOR, designed, manufactured, assembled, tested, distributed, sold and/or place in the stream of commerce the subject aircraft in a defective and/or unsafe condition when used for its intended purpose.

10.    At all times relevant hereto, the subject aircraft created an unreasonable risk to users and/or passengers being flown aboard such aircraft.

11.    At all times relevant hereto, the subject aircraft and all of its components remained in the same and/or substantially same condition as when placed in the stream of commerce by AIR TRACTOR.

12.    At all time relevant hereto, the dangerous and/or defective conditions of the subject aircraft and/or its components as alleged in sub-paragraphs (a) through (m) of paragraph 8, above were unknown to the Plaintiffs and/or decedent.

13.    On May 5, 2003, the subject aircraft was being used in the manner for which it was intended, designed, manufactured, assembled, distributed and/or in a manner reasonably foreseeable to Defendant, AIR TRACTOR.

14.    At all times relevant hereto, the dangerous and/or defective conditions of the subject aircraft and/or its components included but were not limited to the following:

a.    The aircraft in question was designed with an improper weight and balance configuration;

b.    The aircraft in question was manufactured with an improper weight and balance configuration;

c.    The aircraft in question was deigned with dangerous flap configurations and settings;

25

d.    The aircraft in question was designed with improper flap and airframe tolerances;

e.    The aircraft in question was designed without proper rudder authority at normal operating airspeeds and angles of attack;

f.    The aircraft in question was designed without proper aileron authority at normal operating air speeds and angles of attack and throughout the normal flight envelope;

g.    The aircraft was designed without proper control feedback to the pilot to enable safe flight at normal operating airspeeds and angles of attack, and through the normal flight envelope;

h.    The aircraft was designed without proper warning features to allow the pilot to determine when the aircraft was approaching the edge of its flight envelope;

i.    The aircraft was designed without proper control surfaces to enable a pilot to effectuate safe recovery from unusual attitudes;

j.    The aircraft was designed without appropriate ballast in order to maintain a proper weight and balance configuration throughout the flight envelope;

k.    The aircraft was designed without proper rigidity within the wing structure thus preventing the control surfaces from maintaining the proper tolerances between moveable and fixed surfaces;

l.    The aircraft was designed without sufficient longitudinal stability to maintain safe flight throughout the flight envelope;

m.    The aircraft was designed without sufficient control surfaces to effectuate safe flight;

n.    The aircraft was manufactured without sufficient control surfaces to effectuate safe flight;

o.    The aircraft was manufactured without sufficient longitudinal stability to maintain safe flight throughout the flight envelope;

p.    The aircraft was designed without proper rigidity within the wing structure thus preventing the control surfaces from maintaining the proper tolerances between moveable and fixed surfaces;

q.    The aircraft was manufactured without appropriate ballast in order to maintain a proper weight and balance configuration throughout the flight envelope;

26

r.    The aircraft was manufactured without proper control surfaces to enable a pilot to effectuate safe recovery from unusual attitudes;

s.    The aircraft was designed without proper warning features to allow the pilot to determine when the aircraft was approaching the edge of its flight envelope;

t.    The aircraft was manufactured without proper control feedback to the pilot to enable safe flight at normal operating airspeeds and angles of attack, and throughout the normal flight envelope;

u.    The aircraft in question was manufactured without proper aileron authority at normal operating airspeeds and angles of attack and throughout the normal flight envelope;

v.    The aircraft in question was manufactured without proper rudder authority at normal operating air speeds and angles of attack;

w.    The aircraft in question was manufactured with improper flap and airframe tolerances;

x.    The aircraft in question was manufactured with an improper weight and balance configuration;

y.    The aircraft was manufactured with an improper engine placement;

z.    The aircraft was designed with an improper engine placement;

aa.    The aircraft was manufactured with an improper spray "hopper" placement;

bb.    The aircraft was designed with an improper spray "hopper" placement;

cc.    The aircraft was designed with a defective manual in that it provided defective instructions on how to recover from a spin;

15.    As a direct and proximate result of one or more of the aforementioned acts and/or omissions, Plaintiffs' decedent, NEIL WEBSTER, sustained injuries of a personal and pecuniary nature, including conscious pain and suffering prior to his death on May 5, 2003, and had he survived, he would have been entitled to bring this action for damages and this action survives him.

16.    This action is brought pursuant to the Survival Act, 755 ILCS 5/27-6, et seq.

27

WHEREFORE, Plaintiffs, JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH as Co-Personal Representatives of the Estate of NEIL WEBSTER, Deceased, demand judgment against Defendant, AIR TRACTOR, INC., for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT IX- - WRONGFUL DEATH

## AIR TRACTOR, INC. - - BREACH OF IMPLIED WARRANTIES OF MERCHANTABILITY

Plaintiffs, JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH as Co-Personal Representatives of the Estate of NEIL WEBSTER, Deceased, and for their Complaint against Defendant, AIR TRACTOR, INC., states as follows:

1.      On May 5, 2003, NEIL WEBSTER was receiving turbine transition flight instruction and training from Richard P. Lucente, Jr. in aircraft N503D, an Air Tractor AT-503(A) (hereinafter referred to as "Air Tractor"), aircraft owned by Pontiac Flying Service, Inc.

2.      The AIR TRACTOR was manufactured by Defendant, AIR TRACTOR, INC.

3.      The aircraft was being operated in Pontiac, Illinois and was departing from Pontiac Municipal Airport, when the aircraft, without warning, departed controlled flight and subsequently crashed, killing NEIL WEBSTER.

4.      At all times relevant hereto, Defendant, AIR TRACTOR, was and is a corporation organized and existing under the laws of the State of Texas, doing business and placing its product into the stream of commerce within the State of Texas and various other jurisdictions, including, Illinois, as a manufacturer of aircraft, operating under a certificate issued to it by the Federal Aviation Administration ("FAA").

28

5.      At all times relevant hereto, AIR TRACTOR, INC., was and is a manufacturer of aircraft engaged in the business of selling and manufacturing aircraft that were sold and are sold in Illinois as well as other places on a regular basis.  These aircraft are designed, manufactured, and sold by AIR TRACTOR to dealerships and individuals in Illinois and other jurisdictions, including foreign jurisdictions on a regular basis.

6.      At all times relevant hereto, Defendant, AIR TRACTOR, held itself out to all users and operators of the Air Tractor AT-503(A) aircraft as possessing knowledge and skill superior to that of Plaintiffs and/or Plaintiff's decedent.

7.      At all times relevant hereto, Defendant, AIR TRACTOR, expressly and impliedly warranted to all operators and users of the Air Tractor AT-503(A), including Plaintiffs and/or Plaintiffs' decedent, that said aircraft and all of its component parts were free from any and all defects, hidden defects, and dangers and were of merchantable quality, and were fit for the purpose for which they were intended, designed, manufactured, assembled, tested, sold and intended to be used.

8.      At all times relevant hereto, Defendant, AIR TRACTOR, breached the aforesaid warrantees in that the Air Tractor AT-503(A), its components, and parts were not free from defects, hidden defects and dangers, and were not of merchantable quality, and not fit for the purpose for which they were intended.

9.      As a direct and proximate result of the breach of the aforementioned warranties, Plaintiffs' decedent, NEIL WEBSTER, sustained injuries which resulted in his death on May 5, 2003.  NEIL WEBSTER left surviving him his son, Justyn Webster, and his daughter, Megan Webster, (a minor) each of whom have sustained pecuniary loss as a result of his death, including the

29

loss of support, society, companionship, love, affection, protection and consortium.

10.    This action is brought pursuant to the Wrongful Death Act, 740 ILCS 180/1 et seq.

WHEREFORE, Plaintiffs, JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH as Co-Personal Representatives of the Estate of NEIL WEBSTER, Deceased, demand judgment against Defendant, AIR TRACTOR, INC., for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

### COUNT X - - SURVIVAL ACTION

### AIR TRACTOR, INC. - - BREACH OF IMPLIED WARRANTIES OF

### MERCHANTABILITY

Plaintiffs, JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH as Co-Personal Representatives of the Estate of NEIL WEBSTER, Deceased, and for their Complaint against Defendant, AIR TRACTOR, INC., states as follows:

1.    On May 5, 2003, NEIL WEBSTER was receiving turbine transition flight instruction and training from Richard P. Lucente, Jr. in aircraft N503D, an Air Tractor AT-503(A) (hereinafter referred to as "Air Tractor"), aircraft owned by Pontiac Flying Service, Inc.

2.    The AIR TRACTOR was manufactured by Defendant, AIR TRACTOR, INC.

3.    The aircraft was being operated in Pontiac, Illinois and was departing from Pontiac Municipal Airport, when the aircraft, without warning, departed controlled flight and subsequently crashed, killing NEIL WEBSTER.

4.    At all times relevant hereto, Defendant, AIR TRACTOR, was and is a corporation organized and existing under the laws of the State of Texas, doing business and placing its product into the stream of commerce within the State of Texas and various other jurisdictions, including,

30

Illinois, as a manufacturer of aircraft, operating under a certificate issued to it by the Federal Aviation Administration ("FAA").

5.      At all times relevant hereto, AIR TRACTOR, INC., was and is a manufacturer of aircraft engaged in the business of selling and manufacturing aircraft that were sold and are sold in Illinois as well as other places on a regular basis. These aircraft are designed, manufactured, and sold by AIR TRACTOR to dealerships and individuals in Illinois and other jurisdictions, including foreign jurisdictions on a regular basis.

6.      At all times relevant hereto, Defendant, AIR TRACTOR, held itself out to all users and operators of the Air Tractor AT-503(A) aircraft as possessing knowledge and skill superior to that of Plaintiffs and/or Plaintiff's decedent.

7.      At all times relevant hereto, Defendant, AIR TRACTOR, expressly and impliedly warranted to all operators and users of the Air Tractor AT-503(A), including Plaintiffs and/or Plaintiffs' decedent, that said aircraft and all of its component parts were free from any and all defects, hidden defects, and dangers and were of merchantable quality, and were fit for the purpose for which they were intended, designed, manufactured, assembled, tested, sold and intended to be used.

8.      At all times relevant hereto, Defendant, AIR TRACTOR, breached the aforesaid warrantees in that the Air Tractor AT-503(A), its components, and parts were not free from defects, hidden defects and dangers, and were not of merchantable quality, and not fit for the purpose for which they were intended.

9.      As a direct and proximate result of the breach of the aforementioned warrantees, Plaintiffs' decedent, NEIL WEBSTER, sustained injuries of a personal and pecuniary nature,

including conscious pain and suffering prior to his death on May 5, 2003, and had he survived, he would have been entitled to bring this action for damages and this action survives him.

10.    This action is brought pursuant to the Survival Act, 755 ILCS 5/27-6, et seq.

WHEREFORE, Plaintiffs, JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH as Co-Personal Representatives of the Estate of NEIL WEBSTER, Deceased, demand judgment against Defendant, AIR TRACTOR, INC., for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

_____
Attorney for Plaintiff

Kevin P. Durkin
Michael S. Krzak
CLIFFORD LAW OFFICES, P.C.
Attorneys for Plaintiff
120 North LaSalle Street
Suite 3100
Chicago, Illinois 60602
(312) 899-9090
Attorney No.: 32640

32