E-FILED
Thursday, 28 April, 2005  10:07:53 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NATIONAL UNION FIRE COMPANY OF PITTSBURGH, PA, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 03-1288 |
| PONTIAC FLYING SERVICES, INC., | ) ) | |
| Defendants and Third Party Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| HARDY AVIATION INSURANCE, INC., | ) ) | |
| Third Party Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF FILING COUNTERCLAIM**

The present action is one for declaratory judgment regarding the obligations of the Plaintiff, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("NATIONAL UNION"), to provide property damage and liability coverage to PONTIAC FLYING SERVICES, INC., ("PONTIAC FLYING"), under NATIONAL UNION Aerial Applicator Aircraft Policy No. AV3391999-04. At the time of the occurrence which led to the claims for coverage a plane which was insured under the Aerial Applicator Policy was engaged in a turbine transition training flight involving the Defendants, RICHARD P. LUCENTE, deceased, and NEIL WEBSTER, deceased. Both were killed when the plane went down.

Initially, the only claim which was the subject of coverage involved the property loss which was suffered by the insured, PONTIAC FLYING. On April 22, 2004, a liability action was brought by JUSTYN WEBSTER, as Special Administrator of the Estate of NEIL

WEBSTER, Deceased, against PONTIAC FLYING and CAREN S. LUCENTE, as Independent Executor of the Estate of RICHARD P. LUCENTE, Deceased. NATIONAL UNION amended the Complaint in this cause to include the Webster claims and thereby the liability coverage portion of the Aerial Applicator Aircraft Policy.

On April 18, 2005, an Amended Complaint was filed in the Webster case which restated the claims against the existing Defendants, including PONTIAC FLYING, and joined as additional Defendants, SCOTT PETERSEN and SARAH PETERSEN, both of whom are presently, and were at the time of the occurrence, employees of PONTIAC FLYING. At the time the Amended Complaint was filed counsel for PONTIAC FLYING and its employees, including SCOTT PETERSEN and SARAH PETERSEN, discovered that PONTIAC FLYING also had a commercial general liability coverage aviation policy with NATIONAL UNION which was in force and effect at the time of the occurrence. ("the CGL policy"). A comparison of the allegations of the Amended Complaint with the provisions of the CGL policy leads to the conclusion that there is or may be liability coverage under that policy for the claims which are made in the Webster case against PONTIAC FLYING and its employees, including SCOTT PETERSEN and SARAH PETERSEN. However, despite knowledge of the Webster litigation and the coverage provided by its CGL policy, NATIONAL UNION has not provided a defense to its insureds, PONTIAC FLYING and SCOTT PETERSEN and SARAH PETERSEN, under that policy.

PONTIAC FLYING submits that as the claims which are asserted in its proposed Counterclaim arise out of the same transaction or occurrence that is the subject matter of NATIONAL UNION'S Amended Complaint, the proposed pleading should be considered under

Rule 13(a) as a compulsory counterclaim. As the following argument demonstrates, judicial economy will be best served by allowing the pending Motion.

ARGUMENT

The proposed Counterclaim involves a second policy which was issued by the Plaintiff, NATIONAL UNION, to PONTIAC FLYING as the named insured. That CGL POLICY was in force and effect on May 5, 2003, when PONTIAC FLYING'S plane crashed, taking the lives of RICHARD LUCENTE and NEIL WEBSTER. That occurrence is the subject of the present action which was brought by NATIONAL UNION for declarations regarding coverage under its Aerial Applicator Aircraft Policy No. AV3391999-04. The pending litigation involves *both* PONTIAC FLYING'S claims for its property loss and the availability of liability coverage under the Aerial Applicator Policy. In addition to PONTIAC FLYING the Defendants in this case include CAREN LUCENTE, as Independent Executor of the Estate of RICHARD P. LUCENTE, Deceased[1] and JUSTYN WEBSTER, as Special Administrator of the Estate of NEIL WEBSTER, Deceased. WEBSTER has appeared in the case and is actively seeking coverage under the liability portion of the Aerial Applicator insurance contract.

As it turns out, NATIONAL UNION also sold the CGL policy to PONTIAC FLYING which was in force and effect on May 5, 2003, *and* which also provides liability coverage to PONTIAC FLYING as the named insured and also to SCOTT PETERSEN and SARAH PETERSEN as employees of PONTIAC FLYING. In the proposed Counterclaim PONTIAC FLYING submits that the allegations of the Complaint and Amended Complaint in the Webster action trigger liability coverage for those insureds under the CGL policy. Thus the Counterclaim arises out of the same occurrence that is the subject matter of NATIONAL UNION'S Amended

---

[1] A judgment by default has been entered against Lucente.

Complaint in this case and involves the same parties who are already before the Court. In that respect PONTIAC FLYING believes that the proposed Counterclaim is compulsory under Rule 13(a).

The purpose of the compulsory counterclaim rule is to prevent a multiplicity of actions and thereby to resolve all disputes arising out of common matters in a single proceeding. *Warshawsky & Company v. Arcata National Corporation*, 552 F. 2d 1257, 1261-62 (7th Cir. 1977). Toward that end the terms "transaction" and "occurrence" are to be construed broadly so as to avoid unnecessary expense. *Warshawsky, ibid.*

In determining whether a claim arises out of the "same transaction or occurrence" the so-called "logical relationship" test is applied. *Price v. United States,* 42 F. 3d 1068, 1072-73 (7th Cir. 1994). In applying that test the court should consider "the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds". *Burlington Northern Ry Co. v. Strong*, 907 F. 2d 707, 711-12 (7th Cir. 1990).

In the instant case the factual backgrounds which give rise to potential claims under both policies is identical. In both the NATIONAL UNION Amended Complaint and the proposed Counterclaim the parties seek construction of policies which were issued by the same carrier, as those policies apply to the liability claims which are asserted in the Webster action. While the language of the respective policies differs, the procedural and substantive legal principles which control their construction are the same. Consequently, PONTIAC FLYING submits that the proposed Counterclaim is compulsory "within the meaning and intendment of Rule 13(a)". In order to promote judicial economy and the reduction of litigious expense the present Motion should therefore be allowed.

Respectfully Submitted,

CASSIDY & MUELLER

By: s/  DAVID B. MUELLER
       Attorneys for Defendant,
       PONTIAC FLYING SERVICE, INC.

CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2005, I electronically filed the foregoing and its exhibits with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Mr. Jeffrey B. Rock | jrock@hrbklaw.com, cpoehlman@hrbklaw.com |
| Ms. Diane M. Baron | dbaron@clausen.com, pkebr@clausen.com |
| Mr. Michael S. Krzak | msk@cliffordlaw.com, jmg@cliffordlaw.com |
| Mr. Kevin P. Durkin | kpd@cliffordlaw.com; jg@cliffordlaw.com |
| Mr. Mark T. Banovetz | mbanovetz@tsmp.com |

and I hereby certify that I have mailed by United States Postal Service the document to the foregoing non CM/ECF participants:

s/DAVID B. MUELLER
    David B. Mueller - #01980661
    CASSIDY & MUELLER
    416 Main Street, Suite 323
    Peoria, IL 61602
    Telephone: 309/676-0591
    Fax: 309/676-8036
    E-mail: dmueller@cassidymueller.com