**E-FILED**
Friday, 29 April, 2005  09:44:34 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NATIONAL UNION FIRE COMPANY OF PITTSBURGH, PA, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 03-1288 |
| PONTIAC FLYING SERVICES, INC., | ) ) | |
| Defendant and Third Party Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| HARDY AVIATION INSURANCE, INC., | ) ) | |
| Third Party Defendant. | ) ) | |
| and | ) ) | |
| PONTIAC FLYING SERVICE, INC., | ) ) | |
| Defendant and Counterplaintiff, | ) ) ) | |
| vs. | ) ) | |
| NATIONAL UNION FIRE COMPANY OF PITTSBURGH, PA, | ) ) ) | |
| Counterdefendant. | ) | |

## WEBSTER DEFENDANT'S MOTION TO FILE A COUNTERCLAIM

Now comes the Defendant, JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH as Co-Personal Representatives of the Estate of NEIL WEBSTER, Deceased, ("WEBSTER Defendants") by their attorneys, Clifford Law Offices, P.C. and pursuant to Rule 13(a), moves the Court for leave

to file a Counterclaim, a copy of which is attached to this Motion and made a part hereof, by reference hereto. In support of this Motion, the WEBSTER Defendants state as follows:

1. The present case involves liability coverage under National Union Aerial Applicator Aircraft Policy No. AV3391999-04. The occurrence for which coverage is disputed under that policy is a plane crash which took place on May 5, 2003, at which time the plane which was owned by Defendant, PONTIAC FLYING, crashed, taking the lives of Neil Webster and Richard Lucente.

2. In the present case, the National Union Fire Insurance Company of Pittsburgh, PA ("NATIONAL UNION"), has denied coverage to PONTIAC FLYING and consequently to the Estate of Neil Webster under the Aerial Applicator Aircraft Policy for potential liability for the death of NEIL WEBSTER in the following captioned case which is pending in the Circuit Court of Livingston County, Illinois. *JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH as Co-Personal Representatives of the Estate of NEIL WEBSTER, Deceased, v. PONTIAC FLYING SERVICE, INC.; CAREN S. LUCENTE as Independent Executor of the Estate of RICHARD P. LUCENTE, Deceased; SCOTT PETERSEN and SARAH PETERSEN both Individually and d/b/a PONTIAC FLYING SERVICE; and AIR TRACTOR, INC.* Case Number 04 L 15. ("The WEBSTER case").

3. The WEBSTER case was initially filed on April 22, 2004. Thereafter, NATIONAL UNION amended its Complaint in this cause to include a denial of liability coverage for that claim under its Aerial Applicator Aircraft Policy No. AV3391999-04. As a consequence of that amendment, JUSTYN WEBSTER, as Special Administrator of the Estate of NEIL WEBSTER, Deceased,[1] and Caren S. Lucente, as Independent Executor of the Estate of Richard P. Lucente,

---

[1] The Administrator was substituted in the Livingston Count Case via an appointment of an Administrator under Michigan Law. The current Plaintiff in that case is JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH as Co-Personal Representatives of the Estate of NEIL WEBSTER, Deceased.

Deceased, became Defendants in this case.

4. On April 18, 2005, the Plaintiff in the WEBSTER case filed a Second Amended Complaint which includes PONTIAC FLYING SERVICE, INC. and CAREN S. LUCENTE as Independent Executor of the Estate of RICHARD P. LUCENTE, Deceased, but also joins SCOTT PETERSEN and SARAH PETERSEN both Individually and d/b/a PONTIAC FLYING SERVICE, as additional Defendants. SCOTT PETERSEN and SARAH PETERSEN are employees of PONTIAC FLYING SERVICE.

5. Counsel for Defendants, JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH, as Co-Personal Representatives of the Estate of NEIL T. WEBSTER, Deceased in this action has recently learned that SCOTT PETERSEN and SARAH PETERSEN, d/b/a PONTIAC FLYING SERVICE also has a commercial general liability coverage aviation policy with the Plaintiff in this case, NATIONAL. ("The CGL Policy"). This policy has been provided to counsel for the Webster Defendants. Upon reviewing the provisions of the CGL Policy in the context of the allegations of the Amended Complaint, it has become apparent that there is or may be coverage for the action regarding the death of NEIL WEBSTER under the CGL Policy, as well as under the Aerial Applicator Aircraft Policy which is presently the subject of this case.

6. The WEBSTER Defendants believe that the claim for coverage that PONTIAC FLYING and its employees, SCOTT PETERSEN and SARAH PETERSEN would have under the CGL Policy arise out of the same transaction or occurrence that is the subject matter of the pending case. The same parties are involved[2] and therefore the proposed Counterclaim is compulsory under

---

[2] With the exception of SCOTT PETERSEN and SARAH PETERSEN who qualify as "employees" under both policies.

Rule 13(a).

7. Judicial economy requires that the claims that are made in the Counterclaim be tried with those in the pending action.

8. In further support of this Motion, Defendants, JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH, Co-Personal Representatives of the Estate of NEIL T. WEBSTER, Deceased adopt by reference, herein the Memorandum in Support of Filing Counterclaim which was filed by PONTIAC FLYING in this action, a copy of which is attached hereto.

WHEREFORE, Defendants, JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH, Co-Personal Representatives of the Estate of NEIL T. WEBSTER, Deceased, pray that they be granted leave pursuant to Rule 13(a) to file the Counterclaim which is attached to the Motion and made part hereof.

Respectfully submitted,

s/ Michael S. Krzak
Michael S. Krzak Attorney Bar Number: 6243295
Clifford Law Offices, P.C.
120 North LaSalle Street
Suite 3100
Chicago, Illinois 60602
Telephone: (312) 899-9090
Fax: (312) 251-1160
E-mail: **msk@cliffordlaw.com**