UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| NATIONAL UNION FIRE COMPANY OF PITTSBURGH, PA, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 03-1288 ) |
| PONTIAC FLYING SERVICES, INC., | ) ) |
| Defendant and Third Party Plaintiff, | ) ) ) |
| vs. | ) ) |
| HARDY AVIATION INSURANCE, INC., | ) ) |
| Third Party Defendant. | ) ) |
| and | ) ) |
| PONTIAC FLYING SERVICE, INC., | ) ) |
| Defendant and Counterplaintiff, | ) ) ) |
| vs. | ) ) |
| NATIONAL UNION FIRE COMPANY OF PITTSBURGH, PA, | ) ) ) |
| Counterdefendant. | ) |

## **COUNTERCLAIM**

Now comes the Defendant JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH as Co-Personal Representatives of the Estate of NEIL T. WEBSTER, Deceased by their attorneys, CLIFFORD LAW OFFICES, P.C., and pursuant to Rule 13, and leave of court having first been obtained, brings the following counterclaim against the Plaintiff and Counterdefendant, NATIONAL

UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("NATIONAL UNION"), alleging:

1.  This counterclaim is brought pursuant to Rule 13. It arises out of the same occurrence which is the subject of the underlying case brought by NATIONAL UNION against PONTIAC FLYING SERVICES, INC., *et al.*, and, with the exception of Scott and Sarah Petersen, involves the same parties.

2.  An actual case and controversy exists between the parties to this counterclaim regarding whether or not there is liability insurance coverage for PONTIAC FLYING and its employees under that NATIONAL UNION Commercial General Liability Coverage Aviation Policy, a copy of which is attached to this counterclaim and made a part hereof as Exhibit A ("the CGL policy") for the occurrence of May 5, 2003, which took the life of Neil Webster,

3.  Attached to this counterclaim and made a part hereof as Exhibit B is a true and correct copy of the Complaint of Justyn Webster, as Special Administrator of the Estate of Neil Webster, Deceased, against PONTIAC FLYING SERVICE, INC., *et al.*, in Livingston County Case No. 04 L 15. This complaint was filed on April 22, 2004 and is the subject of the pending case as it relates to coverage under NATIONAL UNION.

4.  Attached to this counterclaim and made a part hereof as Exhibit C is a true and correct copy of a Third Amended Complaint which was filed on April 18, 2005 in Livingston County Cause No. 04 L 15. The Amended Complaint joins SCOTT PETERSEN and SARAH PETERSEN, both individually and d/b/a PONTIAC FLYING, as additional defendants.

5.  JUSTYN WEBSTER, as Special Administrator of the Estate of NEIL WEBSTER, Deceased, CAREN S. LUCENTE, as Independent Executor of the Estate of RICHARD P.

LUCENTE, Deceased, SCOTT PETERSEN and SARAH PETERSEN, both individually and d/b/a PONTIAC FLYING SERVICE, INC., have been joined in this action as counterdefendants as their interests may be affected by the adjudications which are sought as to liability coverage under the NATIONAL UNION Commercial General Liability Policy.

6. On May 5, 2003 the CGL policy was in force and effect, providing liability coverage to the named insured, PONTIAC FLYING SERVICE, INC., *et al.*

7. The insuring agreement of the CGL policy provides, *inter alia*:

SECTION I – COVERAGES

COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

    1. Insuring Agreement.

        (a) We will pay those sums that the insured becomes legally obligated to pay as damages because of **bodily injury** or **property damage** to which this insurance applies resulting fro your **Aviation operations**. We will have the right and duty to defend any suit seeking those damages. We may at our discretion investigate any **occurrence** and settle any claim or **suit** that may result.

8. The CGL policy defines aviation operations as:

    5. **Aviation operations** means all operations arising from the ownership, maintenance or use of locations for aviation activities including that portion of roads or other accesses that adjoin these locations. **Aviation operations** include all operations necessary or incidental to aviation activities.

9. At all relevant times SCOTT PETERSEN and SARAH PETERSEN were employees of PONTIAC FLYING SERVICE, INC. and were therefore insureds under the CGL policy.

10. The complaint against PONTIAC FLYING SERVICE, which was filed on April 22, 2004, contains the following allegations *inter alia*:

3

9. On May 5, 2003, Defendant, PONTIAC FLYING SERVICE, INC. by and through its employees and/or agents, including Richard P. Lucente, Jr., was negligent in one or more of the following ways:

    a. Failed to properly control the aircraft;
    b. Failed to properly and adequately instruct NEIL WEBSTER on the flight of the Air Tractor Aircraft;
    c. Failed to properly communicate with NEIL WEBSTER during flight training;
    d. Failed to properly and adequately maintain the Air Tractor Aircraft.

11. The Third Amended Complaint which was filed on April 18, 2005, also alleges:

9. On May 5, 2003, Defendant, PONTIAC FLYING SERVICE, INC. by and through its employees and/or agents, including Richard P. Lucente, Jr., was negligent in one or more of the following ways:

    a. Failed to properly control the aircraft;
    b. Failed to properly and adequately instruct NEIL WEBSTER on the flight of the Air Tractor Aircraft;
    c. Failed to properly communicate with NEIL WEBSTER during flight training;
    d. Failed to properly and adequately maintain the Air Tractor Aircraft.

12. The allegations that PONTIAC FLYING SERVICE is or may be subject to liability to the plaintiff because it:

    b. Failed to properly and adequately instruct NEIL WEBSTER on the flight of the Air Tractor Aircraft;
    c. Failed to properly communicate with NEIL WEBSTER during flight training;

fall within the coverage afforded to PONTIAC FLYING SERVICE under the insuring agreement of the policy.

13. NATIONAL UNION has been aware of the liability coverage provided to its insureds, PONTIAC FLYING SERVICE and, the employees of PONTIAC FLYING SERVICE, since the

policy was issued on or about May 19, 2002.

14. As the plaintiff in this action, NATIONAL UNION has been aware of the claims against its insureds, PONTIAC FLYING SERVICE and the employees of PONTIAC FLYING SERVICE, including SCOTT PETERSEN and SARAH PETERSEN, since April 22, 2004, when the Livingston County case was filed. In that regard NATIONAL UNION amended its complaint for declaratory judgment to include that litigation in seeking an adjudication that there is no coverage under NATIONAL UNION's aerial applicator aircraft policy.

15. Under the insuring agreement of the CGL policy, NATIONAL UNION owed and owes a defense to its insureds, PONTIAC FLYING SERVICE and SCOTT PETERSEN and SARAH PETERSEN, in the Livingston County case.

16. Despite having knowledge of claims which are potentially within coverage under its CGL policy against its insureds, PONTIAC FLYING SERVICE and SCOTT PETERSEN and SARAH PETERSEN, in the Livingston County action, NATIONAL UNION has failed and refused to provide a defense to those insureds under that CGL policy.

17. By virtue of NATIONAL UNION's failure to defend it under the CGL policy, PONTIAC FLYING SERVICE has been forced to incur the costs of its own defense, together with exposure for liability to the plaintiff.

18. By virtue of its failure to provide a defense to PONTIAC FLYING SERVICE in the underlying case, NATIONAL UNION is estopped to assert policy defenses under the CGL policy and to deny coverage for its insureds, PONTIAC FLYING SERVICE and SCOTT PETERSEN and SARAH PETERSEN, under that policy.

WHEREFORE, Defendants JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH as Co-Personal Representatives of the Estate of NEIL T. WEBSTER, Deceased pray for the following relief from Plaintiff and Counterdefendant under NATIONAL UNION's Commercial General Liability Coverage Aviation Policy.

    A.    An adjudication that the following claims which appear in the original complaint against PONTIAC FLYING SERVICE filed on April 22, 2004 are potentially within coverage under the CGL policy:

        b.    Failed to properly and adequately instruct NEIL WEBSTER on the flight of the Air Tractor Aircraft;
        c.    Failed to properly communicate with NEIL WEBSTER during flight training;

    B.    An adjudication that NATIONAL UNION had knowledge of those claims since June 21, 2004.

    C.    An adjudication that NATIONAL UNION has not provided a defense under its CGL policy in the Livingston County case;

    D.    An adjudication that by failing to provide PONTIAC FLYING SERVICE with a defense in the Livingston County case, NATIONAL UNION is estopped to deny coverage to PONTIAC FLYING SERVICE and its employees, SCOTT PETERSEN and SARAH PETERSEN, under the CGL policy in the Livingston County case, and

    E.    For such other and additional relief as may be appropriate.

        Respectfully submitted,

        s/ Michael S. Krzak
        Michael S. Krzak Attorney Bar Number: 6243295
        Clifford Law Offices, P.C.

                                            120 North LaSalle Street
Suite 3100
Chicago, Illinois 60602
Telephone: (312) 899-9090
Fax: (312) 251-1160
E-mail: **msk@cliffordlaw.com**