| STATE OF ILLINOIS | ) |
|---|---|
| | ) SS. |
| COUNTY OF LIVINGSTON | ) |

**IN THE COURT OF THE ELEVENTH JUDICIAL CIRCUIT
COUNTY OF LIVINGSTON**

| | | |
|---|---|---|
| JUSTYN WEBSTER as Special Administrator of the Estate of NEIL WEBSTER, Deceased | ) ) ) | |
| Plaintiff | ) | |
| v. | ) ) | No. |
| PONTIAC FLYING SERVICE, INC. and CAREN S. LUCENTE as Independent Executor of the Estate of RICHARD P. LUCENTE, Deceased | ) ) ) ) ) | **Plaintiff demands trial by jury.** |
| Defendants. | ) | |

**COMPLAINT AT LAW**

Plaintiff, JUSTYN WEBSTER, as Special Administrator of the Estate of NEIL WEBSTER, Deceased, and for his Complaint against Defendants, PONTIAC FLYING SERVICE, INC., and CAREN S. LUCENTE as Independent Executor of the Estate of RICHARD P. LUCENTE, JR., Deceased, states as follows:

1. On and before May 5, 2003, Defendant, PONTIAC FLYING SERVICE, INC., was a corporation incorporated under the laws of the State of Illinois with its principal place of business in Pontiac, Illinois and doing business at 15755 East 2000 N. Road, Pontiac, Illinois.

2. On and before May 5, 2003, Defendant, PONTIAC FLYING SERVICE, INC., owned, operated, managed and maintained a 1991 Air Tractor AT-503(A), N503D (hereinafter referred to as "Air Tractor").

3. On and before May 5, 2003 Defendant, PONTIAC FLYING SERVICE, INC., utilized the aforementioned Air Tractor in the course of its business of providing turbine transition flight

instruction and training.

4. On and before May 5, 2003, PONTIAC FLYING SERVICE, INC. Retained the services of Richard P. Lucente, Jr., to provide turbine transition flight instruction to the Plaintiff's Decedent, NEIL T. WEBSTER, for a fee.

5. At all times relevant hereto, Richard P. Lucente, Jr., was an employee and/or agent of Defendant, PONTIAC FLYING SERVICES, INC.

6. On May 5, 2003, the Air Tractor departed from Pontiac Municipal Airport with Richard P. Lucente, Jr., acting as pilot in command and Plaintiff's decedent, NEIL WEBSTER, as the student pilot passenger.

7. On May 5, 2003, the Air Tractor impacted the ground at some point after its departure from Pontiac Municipal Airport resulting in the death of NEIL WEBSTER.

8. At all times relevant hereto, Defendants, PONTIAC FLYING SERVICE, INC. and Richard P. Lucente, Jr. owed a duty to exercise due care in providing flight instruction services and in maintaining the Air Tractor aircraft.

9. On May 5, 2003, Defendant, PONTIAC FLYING SERVICE, INC. by and through its employees and/or agents, including Richard P. Lucente, Jr., was negligent in one or more of the following ways:

    a. Failed to properly control the aircraft;

    b. Failed to properly and adequately instruct NEIL WEBSTER on the flight of the Air Tractor Aircraft;

    c. Failed to properly communicate with NEIL WEBSTER during flight training;

    d. Failed to properly and adequately maintain the Air Tractor Aircraft.

10. As a direct and proximate result of one or more of the aforementioned acts of negligence, Plaintiff's decedent, NEIL WEBSTER, sustained injuries which resulted in his death on May 5, 2003.

11. NEIL WEBSTER left surviving him his son, Justyn Webster and his daughter, Megan Webster, (a minor) each of whom have sustained pecuniary loss as a result of his death, including the loss of support, society, companionship, love, affection, protection and consortium.

12. This action is brought pursuant to the Wrongful Death Act, 740 ILCS 180/1 et seq.

WHEREFORE, Plaintiff, JUSTYN WEBSTER, as Special Administrator of the Estate of NEIL WEBSTER, Deceased, demands judgment against Defendants, PONTIAC FLYING SERVICE, INC., and CAREN S. LUCENTE as Independent Executor of the Estate of RICHARD P. LUCENTE, JR., Deceased for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT II - SURVIVAL ACTION

Plaintiff, JUSTYN WEBSTER, as Special Administrator of the Estate of NEIL WEBSTER, Deceased, and for his Complaint against Defendants, PONTIAC FLYING SERVICE, INC., and CAREN S. LUCENTE as Independent Executor of the Estate of RICHARD P. LUCENTE, JR., Deceased, states as follows:

1. On and before May 5, 2003, Defendant, PONTIAC FLYING SERVICE, INC., was a corporation incorporated under the laws of the State of Illinois with its principal place of business in Pontiac, Illinois and doing business at 15755 East 2000 N. Road, Pontiac, Illinois.

2. On and before May 5, 2003, Defendant, PONTIAC FLYING SERVICE, INC., owned, operated, managed and maintained a 1991 Air Tractor AT-503(A), N503D (hereinafter referred to as "Air Tractor").

3. On and before May 5, 2003 Defendant, PONTIAC FLYING SERVICE, INC., utilized the aforementioned Air Tractor in the course of its business of providing turbine transition flight instruction and training.

4. On and before May 5, 2003, PONTIAC FLYING SERVICE, INC. Retained the services of Richard P. Lucente, Jr., to provide turbine transition flight instruction to the Plaintiff's Decedent, NEIL T. WEBSTER, for a fee.

5. At all times relevant hereto, Richard P. Lucente, Jr., was an employee and/or agent of Defendant, PONTIAC FLYING SERVICES, INC.

6. On May 5, 2003, the Air Tractor departed from Pontiac Municipal Airport with Richard P. Lucente, Jr., acting as pilot in command and Plaintiff's decedent, NEIL WEBSTER, as the student pilot passenger.

7. On May 5, 2003, the Air Tractor impacted the ground at some point after its departure from Pontiac Municipal Airport resulting in the death of NEIL WEBSTER.

8. At all times relevant hereto, Defendants, PONTIAC FLYING SERVICE, INC. and Richard P. Lucente, Jr. owed a duty to exercise due care in providing flight instruction services and in maintaining the Air Tractor aircraft.

9. On May 5, 2003, Defendant, PONTIAC FLYING SERVICE, INC., by and through its employees and/or agents, including Richard P. Lucente, Jr., was negligent in one or more of the following ways:

   a. Failed to properly control the aircraft;

   b. Failed to properly and adequately instruct NEIL WEBSTER on the flight of the Air Tractor Aircraft;

      c.      Failed to properly communicate with NEIL WEBSTER during flight training;

      d.      Failed to properly and adequately maintain the Air Tractor Aircraft.

      10.      As a direct and proximate result of one or more of the aforementioned acts and/or omissions, Plaintiff's decedent, NEIL WEBSTER, sustained injuries of a personal and pecuniary nature, including conscious pain and suffering prior to his death on May 5, 2003, and had he survived, he would have been entitled to bring this action for damages and this action survives him.

      11.      This action is brought pursuant to the Survival Act, 755 ILCS 5/27-6, *et seq*.

WHEREFORE, Plaintiff, JUSTYN WEBSTER, as Special Administrator of the Estate of NEIL WEBSTER, Deceased, demands judgment against Defendants, PONTIAC FLYING SERVICE, INC., and CAREN S. LUCENTE as Independent Executor of the Estate of RICHARD P. LUCENTE, JR., Deceased, and each of them, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

_____
Attorney for Plaintiff

Kevin P. Durkin
Michael S. Krzak
CLIFFORD LAW OFFICES, P.C.
Attorneys for Plaintiff
120 North LaSalle Street
Suite 3100
Chicago, Illinois 60602
(312) 899-9090
Attorney No.: 32640