IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 03-CV-01288 |
| v. | ) ) | |
| PONTIAC FLYING SERVICE, INC., JUSTYN WEBSTER, As Special Administrator of the Estate of NEIL WEBSTER, Deceased, and CAREN S. LUCENTE, as Independent Executor of the Estate of RICHARD P. LUCENTE, Deceased, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| And | ) ) | |
| PONTIAC FLYING SERVICE, INC. | ) ) | |
| v. | ) ) | |
| HARDY AVIATION INSURANCE, INC., | ) ) | |
| Third Party Defendant. | ) | |

**REPLY TO NATIONAL UNION'S RESPONSE**

Defendants, JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH, Co-Personal Representatives of the Estate of NEIL WEBSTER, deceased, submit this reply to Plaintiff, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S, (hereinafter referred to as "NATIONAL UNION"), response to Defendants, JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH, Co-Personal Representatives of the Estate of NEIL WEBSTER, deceased, (hereinafter referred to as "WEBSTER"), and PONTIAC FLYING SERVICE, INC.'S, (hereinafter referred to as "PONTIAC"), motions for leave to file counterclaims. In their response,

NATIONAL UNION erroneously argues that the motions for leave to file counterclaims by PONTIAC and WEBSTER should be denied on the grounds that the commercial general liability (CGL) policy issued to PONTIAC does not afford coverage for the operation of aircraft. NATIONAL UNION'S response arguing for the denial of PONTIAC'S and WEBSTER'S motions for leave to file counterclaims should be disregarded for the following reasons:

- Section 1(A)(1)(a) of the Commercial General Liability Coverage Aviation Policy provides that the insurer will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies resulting from **Aviation Operations**. (See copy of Commercial General Liability Coverage Aviation Policy, attached hereto as "Exhibit A").

- A genuine issue of material fact exists as to whether the aircraft that is the subject of the original cause of action in this case should be considered **coverage territory**.

- The Aircraft/Auto/Water-craft exclusion does not apply to the training and instruction of flight school attendants.

- The training and instruction of Neil Webster was concurrent with the use of the aircraft as the cause of bodily injuries and property damage.

- The Aircraft/Auto/Water-craft exclusion should be deemed void on public policy grounds because it transforms the entire CGL policy into an illusory policy that attempts to disclaim liability for all claims an insurance company is employed to cover.

## INTRODUCTION

This reply stems from NATIONAL UNION'S action for declaratory judgment regarding the obligations of the Plaintiff, NATIONAL UNION, to provide property damage and liability coverage to PONTIAC under NATIONAL UNION Aerial Applicator Aircraft Policy No. AV3391999-04. At the time of the occurrence which led to the claims for coverage, a plane which was insured under Aerial Applicator Policy crashed, killing both RICHARD P. LUCENTE, and NEIL WEBSTER.

Initially, the only claim which was the subject of this coverage action was the property loss which was suffered by the insured, PONTIAC FLYING. However, on April 22, 2004, a liability action was brought by JUSTYN WEBSTER, as Special Administrator of the Estate of NEIL WEBSTER, Deceased, against PONTIAC and CAREN S. LUCENTE, as Independent Executor of the Estate of RICHARD P. LUCENTE, Deceased. After that action was brought, NATIONAL UNION amended the Complaint in this cause to include the Webster claims and thereby the liability coverage portion of the Aerial Applicator Aircraft Policy. Currently, NATIONAL UNION's summary judgment motion regarding the non-applicability of the Aerial Applicator Aircraft Policy is pending.

On April 18, 2005, an Amended Complaint was filed in the Webster case which restated the claims against the existing Defendants, including PONTIAC, and joined as additional Defendants, SCOTT PETERSEN and SARAH PETERSEN, both Individually and d/b/a PONTIAC FLYING SERVICES, both of whom are presently, and were at the time of the occurrence, employees of PONTIAC FLYING SERVICES. At the time the Amended Complaint was filed, counsel for PONTIAC and its employees, including SCOTT PETERSEN and SARAH PETERSEN, discovered and revealed to the WEBSTERS for the first time, that PONTIAC also had a commercial general liability coverage aviation policy with NATIONAL UNION which was in force and effect at the time of the occurrence ("the CGL policy").

On April 28, 2005, WEBSTER and PONTIAC filed motions for leave to file counterclaims against Plaintiff, NATIONAL UNION, seeking declarations that NATIONAL UNION owes PONTIAC a defense and indemnification against the Wrongful Death and Survival Act claims of Justyn Webster and Virginia Webster-Smith as Co-Personal Representatives of the Estate of Neil

Webster, under NATIONAL UNION'S CGL policy. A comparison of the allegations of the Amended Complaint with the provisions of the CGL policy leads to the conclusion that liability coverage exists under that policy for the claims which are made in the Webster case against PONTIAC and its employees, including SCOTT PETERSON and SARAH PETERSEN. The WEBSTERS submit that as the claims which are asserted in its proposed Counterclaim arise out of the same transaction or occurrence that is the subject matter of NATIONAL UNION'S Amended Complaint, the proposed pleading should be considered under Rule 13(a) as a compulsory counterclaim.

In NATIONAL UNION'S response to PONTIAC'S and WEBSTER'S motions for leave to file counterclaims, they erroneously argue the following: (1) the CGL policy does not cover aviation operations; and (2) the Aircraft/Auto/Watercraft exclusion applies to the incident underlying this action. As the following arguments demonstrate, judicial economy will be best served by allowing the pending motions for leave to file counterclaims.

## ARGUMENT

### A. The CGL Policy applies to Bodily Injury or Property Damage resulting from Aviation Operations.

The Plaintiff, NATIONAL UNION, mistakenly contends that the CGL policy does not afford coverage for the operation of aircraft. In their motion, NATIONAL UNION claims that the CGL policy issued to Pontiac was not intended and does not cover PONTIAC for the operation of aircraft; however, NATIONAL UNION does not provide any evidence to prove such intention. This mere assumption must be disregarded based upon the explicit language of Section 1(A)(1)(a) of the CGL which provides as follows:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies resulting from your **Aviation Operations**.

There are no tactical games being played at this juncture as NATIONAL UNION would have this Court believe. To the contrary, WEBSTER and PONTIAC, merely seek to have NATIONAL UNION defend on claims they legitimately agreed to defend upon providing PONTIAC with insurance coverage. The plain, unambiguous language of the policy provides that aviation operations are afforded coverage. Plaintiff, NATIONAL UNION, should not be allowed to shield themselves from a duty to defend where the language of the policy, relied upon by PONTIAC, is clear and unambiguous. In turn, NATIONAL UNION'S argument pertaining to the CGL's intent to only afford coverage for claims occurring on the premises and not those involving aviation operations should be dismissed.

**B.     The Aircraft Accident Occurred within Coverage Territory as Defined within the CGL Policy.**

In their motion NATIONAL UNION also wrongly contends that the CGL policy only affords coverage for liability arising from the premises of PONTIAC. Notably, there is no language in the CGL policy to indicate that the policy was intended to cover only incidents occurring on the premises. This argument must also be dismissed based upon the plain language of the policy. Specifically, the only geographical limitation within the policy provides that bodily injury or property damage must take place within the **coverage territory**. (*See* CGL at Section I(A)(1)(b)(1)). Moreover, **coverage territory**, as defined in the CGL means the United States of America, Puerto Rico and Canada. (*Id*. at Section V(7)(a)). There is nothing in the CGL policy to restrict the coverage to liabilities arising on the premises of PONTIAC. In turn, this Court should disregard

NATIONAL UNION's contention that the CGL only affords coverage for occurrences on PONTIAC'S premises.

### C. The Aircraft/Auto/Water-craft Exclusion does not Shield National Union from their Duty to Defend Pontiac in this Action.

#### 1. The Aircraft/Auto/Water-craft Exclusion does not Exclude Liabilities Arising from Negligent Instruction and Training.

Plaintiff, NATIONAL UNION, mistakenly contends that the Aircraft/Auto/Water-craft exclusion (Exclusion 2(g)) contained in the CGL policy precludes NATIONAL UNION from any duty to defend in the subject of the underlying action. Exclusion 2(g) provides as follows:

2. Exclusions

   This insurance does not apply to:

   (g) **Bodily injury** or **property damage** arising out of the ownership, maintenance, use or entrustment to others of any **aircraft, auto** or watercraft owned or operated by or leased, rented, or loaned to <u>any</u> insured.
   *** (underline emphasis added)

Notably, the Complaint at Law filed by Webster in the underlying action does not merely allege that the accident was caused by the negligent use or maintenance of the aircraft by PONTIAC. Instead, the Webster Complaint focuses on the negligent **training** and **instruction** provided to NEIL WEBSTER by agents of PONTIAC. Specifically, the Webster Complaint contains the following allegations:

On May 5, 2003, Defendants, SCOTT PETERSEN and SARAH PETERSEN, both Individually and d/b/a PONTIAC FLYING SERVICE, by and through their employees and/or agents, including Richard P. Lucente, Jr., were negligent in one or more of the following ways:

   b. Failed to properly and adequately instruct NEIL WEBSTER on the flight of the Air Tractor Aircraft;

   c. Failed to properly communicate with NEIL WEBSTER during flight training;

  Based upon the allegations in the Webster Complaint, it is abundantly clear that the Aircraft/Auto/Water-craft exclusion contained in the CGL policy does not apply to the underlying action. In Illinois, insurer's duty to defend action against its insured is determined by allegations of complaint. <u>Conway v. Country Casualty Insurance Company</u>, 92 Ill.2d 388, 393 (1982); <u>SCR Medical Transportation Services, Inc. v. Browne</u>, 335 Ill. App. 3d 585, 588 (1st Dist. 2002). Furthermore, an insurer may not justifiably refuse to defend an action against insured unless it is clear from the facts of the complaint that allegations fail to state facts which bring the case within, or potentially within, the policy's coverage. *Id*.

  The Complaint contains allegations alleging negligent training and instruction. There is no language in exclusion 2(g) precluding coverage for accidents resulting from the negligent training and instruction of flight school attendants. In turn, this Court should find that exclusion 2(g) does not apply and should grant PONTIAC'S and WEBSTER'S motions for leave to file counterclaims.

  Moreover, NATIONAL UNION'S reliance on <u>Coleman v. M.E. Charlesworth</u>, 240 Ill. App. 3d 662 (1st Dist. 1992), is misplaced. In <u>Coleman</u>, a declaratory judgment action was brought by personal injury plaintiffs seeking declaration as to whether injuries and deaths in a balloon accident were within the coverage policy issued to the operate of a public balloon launch facility. *Id*. at 663. The <u>Coleman</u> court found that the exclusion provision (substantially similar to the one in the case presently before the court) excluded coverage for injuries sustained in the balloon accident. *Id*. at 666. Specifically, the <u>Coleman</u> court held that because the hot air balloon that caused plaintiff's injuries was an aircraft **being used and operated by the insured through its agent**, the exclusion applied and precluded the insurer from its duty to defend. *Id*.

The *Coleman* case is readily distinguishable from the present case. Here, there is a question of fact as to whether an agent of PONTIAC was operating the aircraft at the time of the accident. PONTIAC has denied that LUCENTE was their employee and/or agent. In other words, PONTIAC'S use of the aircraft was not the sole proximate cause of the accident as the agent's use was in *Coleman*. This case may not be analogized to the *Coleman* case. In turn, this Court should find that exclusion 2(g) does not apply and should grant PONTIAC'S and WEBSTER'S motions for leave to file counterclaims.

### 2. Pontiac's Training and Instruction of the Decedent, Neil Webster, and Pontiac's Use of the Aircraft were Concurrent Causes of the Accident

NATIONAL UNION should not be precluded from defending its insured, PONTIAC, based upon exclusion 2(g) of the CGL policy because PONTIAC'S training and instruction of Decedent, NEIL WEBSTER, and PONTIAC'S use of the aircraft were concurrent causes of the accident. In order for an injury to be excluded from coverage under an insurance policy, the injury must have been caused solely by a proximate cause which is excluded under the policy. *United States Fidelity and Guarantee Company v. State Farm Mutual Automobile Insurance Company*, 152 Ill. App. 3d 46, 48 (1st Dist. 1987). Moreover, where the underlying complaint alleges several theories of recovery against the insured, the duty to defend arises if only one such theory is within the potential coverage of the policy. *SCR Medical Transportation Services, Inc.*, 335 Ill. App. 3d at 588.

For example, in *United States Fidelity and Guarantee Company v. State Farm Mutual Automobile Insurance Company*, 152 Ill. App. 3d 46 (1st Dist. 1987), the First District Appellate Court found that the automobile exclusion in the defendant's insurance policy did not preclude the insurance company from defending its insured where a concurrent proximate cause, not within the

exclusion provision, was apparent from the face of the complaint. In *United States Fidelity*, a child fell from a vehicle being operated by an agent of the Happyland day care center. *Id*. at 48. In response, a personal injury action was filed seeking recovery for the injuries sustained by the child. *Id*. Insurer brought a declaratory judgment action alleging that the automobile exclusion provision within the defendant insured's policy precluded them from their duty to defend in the personal injury action. *Id*. at 47. The *United States Fidelity Court* disagreed. *Id*. at 49. In particular, the court found that the insurer had a duty to defend on the grounds that the failure of the day-care center's agent to provide sufficient and adequate supervision was concurrent with the use of the vehicle in causing the accident. *Id*. In other words, the court held that although the child's injuries arose from the use of an automobile, the automobile exclusion did not apply because the injuries also arose from the agent's failure to properly supervise the child. *United States Fidelity*, 152 Ill. App. 3d at 49.

The facts of this case are substantially similar to those in *United States Fidelity*. Here, the Decedent, NEIL WEBSTER, was killed in an aircraft accident while in the course of training and instruction by PONTIAC. There is no question that the use of the plane was one cause of the deadly accident; however, the use of the plane was not the sole proximate cause of the accident. Based upon the allegations of the Complaint filed by JUSTYN WEBSTER, as Special Administrator of the Estate of Decedent, NEIL WEBSTER, PONTIAC, acted negligently in the training and instruction of Decedent, NEIL WEBSTER. Similar to the court's analysis in *United States Fidelity*, this court should find that the Aircraft/Auto/Water-craft exclusion (exclusion 2(g)) does not shield NATIONAL UNION from its duty to defend PONTIAC on the grounds that the use of the aircraft was not the sole proximate cause of the accident. Instead, the use of the aircraft, together with the negligent instruction and training of Decedent, NEIL WEBSTER, led to the ill-fated occurrence.

Therefore, this court should disregard NATIONAL UNION'S argument pertaining to the Aircraft/Auto/Water-craft exclusion and should grant PONTIAC'S and WEBSTER'S motions for leave to file counterclaims.

>   **D.   The Aircraft/Auto/Water-craft Exclusion should be deemed void on Public Policy Grounds.**

Even if this Court finds that the liability arising from the negligent instruction and training of the Decedent, NEIL WEBSTER, falls within the Aircraft/Auto/Water-craft exclusion, this court should find exclusion 2(g) void on public policy grounds.  In their motion, NATIONAL UNION argues that the CGL policy does not cover aviation operations and even if it does, exclusion 2(g) protects them from their duty to defend.  NATIONAL UNION contends that aviation operations are covered under a separate insurance policy (the Aerial Applicator Aircraft Policy).  Notably, the Aerial Applicator Aircraft Policy contained a similar exclusion which is the subject of the summary judgment motion pending before the court. NATIONAL UNION should not be permitted to make such an argument where they have a summary judgment motion pending on the alleged insurance policy that was supposed to cover aviation operations.  NATIONAL UNION is attempting to disclaim any responsibility it may have to defend its insured PONTIAC.   This court should not allow the insurer, NATIONAL UNION, to disclaim liability through one policy (the CGL)  by referring to another policy (Aerial Applicator Aircraft Policy) where NATIONAL UNION has previously refuted such liability in its summary judgment motion.  If this court allows NATIONAL UNION to prevail with their tactical atrocities, it will have sanctioned NATIONAL UNION'S issuance of essentially illusory insurance policies to PONTIAC.  Therefore, this Court should disregard NATIONAL UNION'S references to exclusion 2(g) and should grant PONTIAC'S and

WEBSTER'S motions for leave to file counterclaims.

## CONCLUSION

WHEREFORE, Plaintiff, NATIONAL UNION'S, motion should be disregarded and Defendants, JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH, Co-Personal Representatives of the Estate of NEIL WEBSTER, deceased, and PONTIAC FLYING SERVICES, INC.'S, motions for leave to file counterclaims should be granted.

Respectfully submitted,

s/ Michael S. Krzak
Michael S. Krzak Attorney Bar Number: 6243295
Clifford Law Offices, P.C.
120 North LaSalle Street
Suite 3100
Chicago, Illinois 60602
Telephone: (312) 899-9090
Fax: (312) 251-1160
E-mail: msk@cliffordlaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 25, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | | |
|---|---|---|
| Mark T. Banovetz | mbanovetz@tsmp.com; | |
| Diane M. Baron | dbaron@clausen.com, | pkebr@clausen.com; |
| George K. Flynn | gflynn@clausen.com, | cmennella@clausen.com; |
| David B. Mueller | dmueller@cassidymueller.com, | jstieghorst@cassidymueller.com; |
| Jeffrey B. Rock | jrock@hrbklaw.com, | Cpoehlman@hrbklaw.com. |

And I hereby certify that I have mailed by United States Postal Service the document to the foregoing non CM/ECF participants:

                                                  s/ Michael S. Krzak
                                                  Michael S. Krzak Attorney Bar Number: 6243295
                                                  Clifford Law Offices, P.C.
                                                  120 North LaSalle Street
                                                  Suite 3100
                                                  Chicago, Illinois 60602
                                                  Telephone: (312) 899-9090
                                                  Fax: (312) 251-1160
                                                  E-mail: msk@cliffordlaw.com