UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| NATIONAL UNION FIRE COMPANY OF PITTSBURGH, PA, | ) ) ) |
| Plaintiff, | ) |
| vs. | ) NO: 03-CV-01288 ) |
| PONTIAC FLYING SERVICES, INC., | ) ) |
| Defendant and Third-Party Plaintiff, | ) |
| vs. | ) ) |
| HARDY AVIATION INSURANCE, INC., | ) ) |
| Third Party Defendant | ) |
| and | ) ) |
| PONTIAC FLYING SERVICE, INC., | ) ) |
| Defendant and Counterplaintiffs, | ) |
| vs. | ) ) |
| NATIONAL UNION FIRE COMPANY OF PITTSBURGH, PA, | ) ) ) |
| Counterdefendant. | ) |

### NATIONAL UNION FIRE COMPANY OF PITTSBURGH, PA's ANSWER TO PONTIAC FLYING SERVICES, INC.'s COUNTERCLAIM

Now comes Plaintiff/CounterDefendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. ("National Union"), by its attorneys, HASSELBERG, ROCK, BELL & KUPPLER and TRESSLER, SODERSTROM, MALONEY & PRIESS, and for its Answer to the Counterclaim of PONTIAC FLYING SERVICES, INC., states as follows:

1.   This counterclaim is brought pursuant to Rule 13.  It arises out of the same occurrence which is the subject of the underlying case brought by NATIONAL UNION against

PONTIAC FLYING, e*t al.*, and, with the exception of Scott and Sarah Petersen, involves the same parties.

**ANSWER**:    Admitted.

2.    An actual case and controversy exists between the parties to this counterclaim regarding whether or not there is liability insurance coverage for PONTIAC FLYING and its employees under that NATIONAL UNION Commercial General Liability Coverage Aviation Policy, a copy of which is attached to this counterclaim and made a part hereof as Exhibit A ("the CGL policy ") for the occurrence of May 5, 2003, which took the life of Neil Webster,

**ANSWER**:    Admitted.

3.    Attached to this counterclaim and made a part hereof as Exhibit B is a true and correct copy of the Complaint of Justyn Webster, as Special Administrator of the Estate of Neil Webster, Deceased, against PONTIAC FLYING SERVICE, INC., *et al.*, in Livingston County Case No. 04 L 15. This complaint was filed on April 22, 2004 and involves *inter alia* liability coverage for the occurrence under NATIONAL UNION AERIAL APPLICATION AIRCRAFT Policy No. AV3391999-04.

**ANSWER**:    National Union admits that a copy of the Webster complaint is attached, and that said complaint was filed on April 22, 2004. National Union denies Defendant's characterization of the complaint.

4.    Attached to this counterclaim and made a part hereof as Exhibit C is a true and correct copy of an Amended Complaint which was filed on April 18, 2005 in Livingston County Cause No. 04 L 15. The Amended Complaint joins SCOTT PETERSEN and SARAH PETERSEN as additional defendants.

**ANSWER**:    Admitted.

5.  JUSTYN WEBSTER, as Special Administrator of the Estate of NEIL WEBSTER, Deceased, CAREN S. LUCENTE, as Independent Executor of the Estate of RICHARD P. LUCENTE, Deceased, SCOTT PETERSEN and SARAH PETERSEN, both individually and d/b/a PONTIAC FLYING SERVICE, INC., are joined as counterdefendants as their interests may be affected by the adjudications which are sought as to liability coverage under the NATIONAL UNION Commercial General Liability Policy.

**ANSWER**:   Admitted.

6.  On May 5, 2003 the CGL policy was in force and effect, providing liability coverage to the named insured, PONTIAC FLYING SERVICE, INC., *et al.*

**ANSWER**:   National Union admits that the CGL policy was in force that the time of the accident, but denies that it provides any coverage to any Defendant for any claim arising out of the accident at issue in this case.

7.  The insuring agreement of the CGL policy provides *inter alia*:

SECTION I - COVERAGES

COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY

   1. Insuring Agreement.

      (a) We will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies resulting from your Aviation operations. We will have the right and duty to defend any suit seeking those damages. We may at our discretion investigate any occurrence and settle any claim or suit that may result.

**ANSWER**:   National Union states that the policy speaks for itself and therefore denies the allegations of paragraph 7.

8.  The CGL policy defines aviation operations as:

  5. Aviation operations means all operations arising from the ownership, maintenance or use of locations for aviation activities including that portion of roads or other accesses that adjoin these locations. Aviation operations include all operations necessary or incidental to aviation activities.

**ANSWER**: National Union states that the policy speaks for itself and therefore denies the allegations of paragraph 8.

 9. At all relevant times SCOTT PETERSEN and SARAH PETERSEN were employees of PONTIAC FLYING SERVICE, INC. and were therefore insureds under the CGL policy.

**ANSWER**: National Union admits that the Petersons were insured to the extent that coverage is available under the CGL policy.

 10. The complaint against PONTIAC FLYING SERVICE, which was filed on April 22, 2004, contains the following allegations *inter alia*:

  9. On May 5, 2003, Defendant, PONTIAC FLYING SERVICE, INC. by and through its employees and/or agents, including Richard P. Lucente, Jr., was negligent in one or more of the following ways:

   a. Failed to properly control the aircraft;
   b. Failed to properly and adequately instruct NEIL WEBSTER on the flight of the Air Tractor Aircraft;
   c. Failed to properly communicate with NEIL WEBSTER during flight training;
   d. Failed to properly and adequately maintain the Air Tractor Aircraft

**ANSWER**: National Union states that the complaint speaks for itself and therefore denies the allegations of paragraph 10.

 11. The amended complaint which was filed on April 18, 2005, also alleges:

  9. On May 5, 2003, Defendant, PONTIAC FLYING SERVICE, INC. by and through its employees and/or agents, including Richard P. Lucente, Jr. was negligent in one or more of the following ways:

   a. Failed to properly control the aircraft;

    b. Failed to properly and adequately instruct NEIL WEBSTER on the flight of the Air Tractor Aircraft;
    c. Failed to properly communicate with NEIL WEBSTER during flight training;
    d. Failed to properly and adequately maintain the Air Tractor Aircraft.

**ANSWER**: National Union states that the amended complaint speaks for itself and therefore denies the allegations of paragraph 11.

  12. The allegations that PONTIAC FLYING SERVICE is or may be subject to liability to the plaintiff because it:

    b. Failed to properly and adequately instruct NEIL WEBSTER on the flight of the Air Tractor Aircraft;
    c. Failed to properly communicate with NEIL WEBSTER during flight training;

fall within the coverage afforded to PONTIAC FLYING SERVICE under the insuring agreement of the policy.

**ANSWER**: Denied.

  13. NATIONAL UNION has been aware of the liability coverage provided to its insureds, PONTIAC FLYING SERVICE and the employees of PONTIAC FLYING SERVICE, since the policy was issued on or about May 19, 2002.

**ANSWER**: National Union admits that the CGL policy was issued in 2002 and that it is aware of the contents of that policy, but denies that the policy provides any coverage for the accident at issue in this case.

  14. As the plaintiff in this action, NATIONAL UNION has been aware of the claims against its insureds, PONTIAC FLYING SERVICE and the employees of PONTIAC FLYING SERVICE, including SCOTT PETERSEN and SARAH PETERSEN, since April 22, 2004, when the Livingston County case was filed. In that regard NATIONAL UNION amended its

complaint for declaratory judgment to include that litigation in seeking an adjudication that there is no coverage under NATIONAL UNION's aerial applicator aircraft policy.

**ANSWER**:    Admitted.

15.    Under the insuring agreement of the CGL policy, NATIONAL UNION owed and owes a defense to its insureds, PONTIAC FLYING SERVICE and SCOTT PETERSEN and SARAH PETERSEN, in the Livingston County case.

**ANSWER**:    Denied

16.    Despite having knowledge of claims which are potentially within coverage under its CGL policy against its insureds, PONTIAC FLYING SERVICE and SCOTT PETERSEN and SARAH PETERSEN, in the Livingston County action, NATIONAL UNION has failed and refused to provide a defense to those insureds under that CGL policy.

**ANSWER**:    Denied.

17.    By virtue of NATIONAL UNION's failure to defend it under the CGL policy, PONTIAC FLYING SERVICE has been forced to incur the costs of its own defense, together with exposure for liability to the plaintiff.

**ANSWER**:    Denied.

18.    By virtue of its failure to provide a defense to PONTIAC FLYING SERVICE in the underlying case, NATIONAL UNION is estopped to assert policy defenses under the CGL policy and to deny coverage for its insureds, PONTIAC FLYING SERVICE and SCOTT PETERSEN and SARAH PETERSEN, under that policy.

**ANSWER**:    Denied.

WHEREFORE, Counterdefendant NATIONAL UNION's requests the following:

A. An adjudication that no claims or allegations made by the Webster defendants against PONTIAC FLYING SERVICE are potentially within coverage under the CGL policy:

B. An adjudication that NATIONAL UNION has not breached any duty to defend Pontiac from the claims of the Webster defendants;

C. An adjudication that NATIONAL UNION has not breached any duty to indemnify Pontiac from the claims of the Webster defendants;

D. An adjudication that NATIONAL UNION has not waived any coverage defenses and is not estopped to deny coverage to PONTIAC FLYING SERVICE and its employees, SCOTT PETERSEN and SARAH PETERSEN, under the CGL policy in the Livingston County case, and

E. For such other and additional relief as may be appropriate.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA., Plaintiff

   s/ Marci M. Shoff
Marci M. Shoff, Esq., Bar No. 6278437
Jeffrey B. Rock, Esq., Bar No. 2360039
Hasselberg, Rock, Bell& Kuppler LLP
Suite 200 Associated Bank Building
4600 N. Brandywine Drive
Peoria, IL  61614-5591
Telephone:  (309) 688-9400
Facsimile:   (309) 688-9430
E-mail:  mshoff@hrbklaw.com

Mark T. Banovetz, Esq.
Charmagne Topacio
Tressler, Soderstrom, Maloney & Priess
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois 60606-6308
(312) 627-4000

Attorneys for Plaintiff NATIONAL UNION

271460

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of June, 2005, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such following to the following:

David B. Mueller, Esq.
CASSIDY & MUELLER
323 Commerce Bank Building
416 Main Street
Peoria, IL  61602

Michael S. Krzak, Esq.
Kevin P. Durkin, Esq.
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street
Suite 3100
Chicago, IL  60602

Diane M. Baron, Esq.
CLAUSEN MILLER, P.C.
10 South LaSalle Street
Chicago, IL  60603-1098

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:  None.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Plaintiff,

By:  s/ Marci M. Shoff
Marci M. Shoff, Esq., Bar No. 6278437
Hasselberg, Rock, Bell & Kuppler LLP
Suite 200 Associated Bank Building
4600 N. Brandywine Drive
Peoria, IL  61614-5591
Telephone:  (309) 688-9400
Facsimile:   (309) 688-9430
E-mail:  mshoff@hrbklaw.com