IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 03-CV-01288 |
| v. | ) ) | Chief Judge Joe Billy McDade |
| PONTIAC FLYING SERVICE, INC., JUSTYN WEBSTER, As Special Administrator of the Estate of NEIL WEBSTER, Deceased, and CAREN S. LUCENTE, as Independent Executor of the Estate of RICHARD P. LUCENTE, Deceased, | ) ) ) ) ) ) ) ) | Magistrate Judge Byron G. Cudmore |
| Defendants. | ) ) | |
| And | ) ) | |
| PONTIAC FLYING SERVICE, INC., | ) ) | |
| Third Party Plaintiff, | ) ) | |
| v. | ) ) | |
| HARDY AVIATION INSURANCE, INC., | ) ) | |
| Third Party Defendant. | ) | |

**DEFENDANT, JUSTYN WEBSTER'S, RESPONSE TO PLAINTIFF, NATIONAL UNION'S, MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants, JUSTYN WEBSTER and VIRGINIA WEBSTER, Co-Personal Representatives of the Estate of NEIL WEBSTER, Deceased, by and through their attorneys, CLIFFORD LAW OFFICES, P.C., submit this response to Plaintiff, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S, (hereinafter referred to as "NATIONAL UNION"), motion for judgment on the pleadings on counterclaims of PONTIAC and WEBSTER. In their motion, NATIONAL UNION erroneously contends that the aircraft/auto/water-craft exclusion (exclusion

2(g)) set forth in the CGL policy issued to PONTIAC applies to all claims and allegations made by the WEBSTER Defendants against PONTIAC therefore excusing NATIONAL UNION from its duty to defend. NATIONAL UNION'S motion should be denied for the following reasons:

- Section 1(A)(1)(a) of the Commercial General Liability Coverage Aviation Policy provides that the insurer will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies resulting from **Aviation Operations**. (See Copy of Commercial General Liability Coverage Aviation Policy, attached hereto as "Exhibit A").

- The aircraft accident occurred within **coverage territory** as defined in Section I(A)(1)(b)(1) of the CGL. (*See* Exhibit A)

- The training and instruction of NEIL WEBSTER was concurrent with the use of the aircraft as the cause of bodily injuries and property damage in the underlying action.

- The aircraft/auto/watercraft exclusion within the CGL policy does not preclude coverage for incidents resulting from the negligent instruction and/or training of flight school attendants.

- Plaintiff, NATIONAL UNION'S, reliance on <u>Northbrook Property and Casualty Company v. Transportation Joint Agreement</u>, 104 Ill. 2d 96 (2000), is misplaced and should be disregarded.

- The aircraft/auto/watercraft exclusion should be deemed void on public policy grounds because it transforms the entire CGL policy into an illusory policy that attempts to disclaim liability for all claims NATIONAL UNION was employed to cover.[1]

## INTRODUCTION

  This response stems from NATIONAL UNION'S action for declaratory judgment regarding the obligations of the Plaintiff, NATIONAL UNION, to provide property damage and liability coverage to PONTIAC under National Union Aerial Application Aircraft Policy No. AV3391999-04. NATIONAL UNION filed a motion for summary judgment against all defendants contending that

---

[1] In addition to these reasons and the arguments set forth in support thereof, JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH specifically adopt any and all arguments made by Defendant, PONTIAC, in its filing relating to Defendant's Motion for Judgment on the Pleadings.

PONTIAC'S use of the insured aircraft to operate a nationally advertised flight training program does not fall within the ambit of the aerial applicator policy issued to PONTIAC. Subsequent to the filing of NATIONAL UNION'S summary judgment motion, counsel for PONTIAC discovered and revealed that PONTIAC also had a commercial general liability policy ("the CGL policy") with NATIONAL UNION that was in force and effect at the time of the occurrence.

On April 28, 2005, WEBSTER and PONTIAC filed motions for leave to file counterclaims against Plaintiff, NATIONAL UNION, seeking declarations that NATIONAL UNION owes PONTIAC a defense and indemnification against Wrongful Death and Survival Act claims of JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH as Co-Personal Representatives of the Estate of NEIL WEBSTER, under NATIONAL UNION'S CGL policy.

This court granted Defendants' motions for leave to file counterclaims, and the counterclaims were filed. NATIONAL UNION has now filed a motion for judgment on the pleadings seeking to dismiss the counterclaims filed by WEBSTER and PONTIAC. NATIONAL UNION erroneously argues that (1) the CGL policy does not provide coverage for PONTIAC'S operation of an aircraft; and (2) the aircraft/auto/watercraft exclusion applies to the incident which is the underlying basis for this action. As the following arguments demonstrate, NATIONAL UNION'S motion for judgment on the pleadings should be denied.

## STANDARD OF REVIEW

Judgment on the pleadings is designed to provide a means of disposing of cases when the material facts are not in dispute, and where a judgment on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court will take judicial notice. *Am. Fire & Cas. Co. v. Broeren Russo Construction, Inc.*, 54 F. Supp. 2d 842, 845 (C.D. Ill 1999). Although

a motion for judgment on the pleadings is similar to a motion for summary judgment insofar as both suggest that no material issue of fact exists, a judgment on the pleadings must rely on the allegations of the complaint to establish the absence of material fact, whereas summary judgment may rely on affidavits and other documents. *Mount Vernon Fire Insurance Company v. Heaven's Little Hands Day Care*, 343 Ill. App. 3d 309, 314 (1st Dist. 2003). Notably, the well-pleaded allegations in the non-moving party's pleading and inferences therefrom are taken as true when ruling on a motion for judgment on the pleadings. *Id*. Moreover, the court must view the facts presented in the pleadings and any inferences to be drawn therefrom in the light most favorable to the non-moving party. *Am. Fire & Cas. Co.*, 54 F. Supp. 2d at 845.

## ARGUMENT

**A.     THE ILLINOIS STANDARD FOR CONSTRUCTION OF INSURANCE POLICIES SEEKS TO PROTECT THE INTERESTS OF INSUREDS.**

In general, Illinois law and public policy seeks to protect the interests of insureds when interpreting insurance policies. Under Illinois law, if the facts alleged in the underlying complaint fall within, or even potentially within, an insurance policy's coverage, the insurer has a duty to defend. *Am. Fire & Cas. Co.*, 54 F. Supp. 2d at 845. Moreover, an insurance policy should be liberally construed with any uncertainty resolved in favor of the insured. *Id*. As such, where the court determines that the allegations fall within, or potentially fall within, coverage under the policy, the liability insurer has a duty to defend the insured against the underlying complaint. *Mount Vernon Fire Insurance Company*, 343 Ill. App. 3d at 314. As the following arguments demonstrate, this Court should recognize that the CGL policy affords coverage for this incident and should deny NATIONAL UNION'S motion for judgment on the pleadings.

### B. THE CGL POLICY APPLIES TO BODILY INJURY OR PROPERTY DAMAGE RESULTING FROM AVIATION OPERATIONS.

The Plaintiff, NATIONAL UNION, mistakenly contends that the CGL policy does not afford coverage for the operation of aircraft. In their motion, NATIONAL UNION claims that the CGL policy issued to PONTIAC was not intended and does not cover PONTIAC for the operation of aircraft; however, NATIONAL UNION does not provide any valid evidence to prove such intention. This mere assumption must be disregarded based upon the explicit language of Section 1(A)(1)(a) of the CGL which provides as follows:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies resulting from your **Aviation Operations**.

Through their counterclaims, WEBSTER and PONTIAC, seek to hold NATIONAL UNION responsible for their duty to defend claims they legitimately agreed to defend upon providing PONTIAC with insurance coverage. The plain, unambiguous language of the policy provides that aviation operations are afforded coverage. Plaintiff, NATIONAL UNION, should not be allowed to shield themselves from a duty to defend where the language of the policy, relied upon by PONTIAC, is clear and unambiguous. In turn, NATIONAL UNION'S argument pertaining to the CGL's intent to afford coverage only for claims occurring on the premises and not those involving aviation operations should be disregarded.

### C. THE AIRCRAFT ACCIDENT OCCURRED WITHIN COVERAGE TERRITORY AS DEFINED WITHIN THE CGL POLICY.

In their motion NATIONAL UNION also wrongly contends that the CGL policy only affords coverage for liability arising from the premises of PONTIAC. Notably, there is no language in the CGL policy to indicate that the policy was intended to cover only incidents occurring on the

premises. This argument must also be dismissed based upon the plain language of the policy. Specifically, the only geographical limitation within the policy provides that bodily injury or property damage must take place within the **coverage territory**. (*See* CGL at Section I(A)(1)(b)(1)). Moreover, **coverage territory**, as defined in the CGL means the United States of America, Puerto Rico and Canada. (*Id*. at Section V(7)(a)). There is nothing in the CGL policy to restrict the coverage to liabilities arising on the premises of PONTIAC. In turn, this Court should disregard NATIONAL UNION's contention that the CGL only affords coverage for occurrences on PONTIAC'S premises.

      **D.**      **THE AIRCRAFT/AUTO/WATERCRAFT EXCLUSION DOES NOT SHIELD NATIONAL UNION FROM THEIR DUTY TO DEFEND PONTIAC IN THIS ACTION.**

In their motion, Plaintiff, NATIONAL UNION, wrongly argues that the Aircraft/Auto/Watercraft exclusion (Exclusion 2(g)) contained in the CGL policy precludes NATIONAL UNION from any duty to defend in the subject of the underlying action. Exclusion 2(g) provides as follows:

    2.      Exclusions

          This insurance does not apply to:

          (g)    **Bodily injury** or **property damage** arising out of the ownership, maintenance, use or entrustment to others of any **aircraft, auto** or watercraft owned or operated by or leased, rented, or loaned to <u>any</u> insured.
              *** (underline emphasis added)

Notably, the Complaint at Law filed by Webster in the underlying action does not merely allege that the accident was caused by the negligent use or maintenance of the aircraft by PONTIAC. Instead, the Webster Complaint focuses on the negligent **training** and **instruction** provided to NEIL WEBSTER by agents of PONTIAC. Specifically, the Webster Complaint contains the following

allegations:

On May 5, 2003, Defendants, SCOTT PETERSEN and SARAH PETERSEN, both Individually and d/b/a PONTIAC FLYING SERVICE, by and through their employees and/or agents, including Richard P. Lucente, Jr., were negligent in one or more of the following ways:

  b.   Failed to properly and adequately instruct NEIL WEBSTER on the flight of the Air Tractor Aircraft;

  c.   Failed to properly communicate with NEIL WEBSTER during flight training;

Based upon the allegations in the Webster Complaint, it is abundantly clear that the Aircraft/Auto/Water-craft exclusion contained in the CGL policy does not apply to the underlying action. In general, the threshold for pleading a duty to defend is low. Any doubt with regard to such duty is to be resolved in favor of the insured. _United Services Automobile Assoc. v. Dare_, 2005 WL 1278276 at * 7 (1st Dist. 2005); _American Country Insurance Co. v. Cline_, 309 Ill. App. 3d 501, 512 (1st Dist. 1999). Also, insurance policies are to be liberally construed in favor of coverage. _Id_.; _Mount Vernon Fire Insurance Co._, 343 Ill. App. 3d at 314. Where an ambiguity exists in the insurance contract, it will be resolved in favor of the insured and against the insurer. _Id_. Moreover, provisions in an insurance policy that limit or exclude coverage are also construed liberally in favor of the insured and against the insurer. _Id_.; _State Farm Mutual Automobile Insurance Co._, 181 Ill.2d 436, 442 (1998). As such, where the application of an exclusion results in denying the duty to defend, **that exclusion must be clear and free from doubt**. _Id_.

In _United States Automobile Assoc. v. Dare_, 2005 WL 1278276 (1st Dist. 2005), the First District Appellate Court held that the existence of multiple allegations in the plaintiff's complaint caused the claim to fall outside of the insurance policy's exclusion provision. In _United States_

*Automobile Assoc.*, an individual purchased a horse trailer from the defendant. The purchaser of the horse trailer was subsequently injured when the trailer's "butt chain" malfunctioned. *Id.* at *1. In response, the purchaser sued the defendant and the defendant tendered the action to her insurer. *Id.* The insurer filed a declaratory judgment action seeking a declaration that it had no duty to defend based upon an exclusion in the defendant's policy. *Id.* The exclusion provision provided the following:

> Medical Payments to Others do not apply to bodily injury or property damage:
>
> > e. Arising out of:
> >
> > > (1) the ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an Insured. *Id.* at *3.

The lower court denied the insurer's motion and granted defendant's motion for summary judgment declaring that the insurer had a duty to defend on the underlying action brought by the purchaser. *Id.* The insurer appealed and the appellate court affirmed. *United Services Automobile Assoc.*, 2005 WL 1278276 at *3.[2]

On appeal, the insurer argued that the policy exclusion unambiguously applied and there was no duty to defend because the liability asserted in the underlying action arose out of defendant's ownership and maintenance of the horse trailer. *Id.* at *7. Defendant (insured) responded arguing that there were multiple allegations in the complaint outside of the maintenance exclusion that fell within or potentially within the terms of the policy. *Id.* Specifically, defendant, insured noted that the complaint in the underlying action contained an allegation pertaining to defendant's failure to

---

[2] For this Court's convenience, a copy of the *United States Automobile Assoc. v. Dare* decision is attached hereto as Exhibit "A".

properly warn users of the risks and dangers of the butt chain for restraining horses. Id. at *8. The appellate court found that because there were multiple allegations in the complaint for the underlying action, the claim fell within or potentially within the policy coverage. Id. In other words, the appellate court reasoned that the allegations concerning defendant's failure to warn were independent from the exclusionary terms of ownership or maintenance of the trailer. Id.

The facts of the case presently before the court are essentially identical to the facts in United Services Automobile Assoc. Here, NEIL WEBSTER, the deceased in the underlying action, was killed while he was being instructed at a flight school offered and operated by PONTIAC. A question of fact exists as to whether NEIL WEBSTER or an employee of PONTIAC was operating the aircraft at the time of the crash. The complaint in the underlying action contains allegations pertaining to the Defendant, PONTIAC's, failure to adequately instruct and/or communicate with NEIL WEBSTER in the course of his flight training. Despite this, Plaintiff, NATIONAL UNION, that the aircraft/auto/watercraft exclusion contained in the Defendant, PONTIAC'S, insurance policy should shield them from their duty to defend in the action. In particular, NATIONAL UNION argues that the air crash resulting in the decedent's death was caused solely by the use of the aircraft. This argument should be dismissed based upon the court's reasoning in United Services Automobile Assoc. Similar to United Services Automobile Assoc., a question of fact exists as to whether the insured PONTIAC or the decedent, NEIL WEBSTER, was operating the aircraft at the time of the crash. Furthermore, although there are allegations pertaining to the *use* of the aircraft in the underlying complaint, the allegations regarding PONTIAC'S failure to adequately instruct and communicate with NEIL WEBSTER are separate and distinct from the *use* of the aircraft itself. Based upon the existence of allegations separate from those regarding the *use* of the aircraft, this

Court should find that the incident causing the death of NEIL WEBSTER, falls outside of the exclusion provision of the CGL policy issued to PONTIAC by NATIONAL UNION.

Moreover, the court in <u>Mount Vernon Fire Insurance Company v. Heaven's Little Hands Day Care</u>, 343 Ill. App. 3d 309 (1st Dist. 2003), held that a motor vehicle exclusion did not shield the CGL insurer from its duty to defend where allegations in addition to the negligent use of the vehicle appeared in the plaintiff's complaint. In <u>Mount Vernon Fire Insurance Company</u>, a day care center employee left a child unattended in a vehicle resulting in the child's death. <u>Id</u>. at 311. The day care center's insurers (both the automobile insurer and the CGL insurer) intervened and filed declaratory judgment actions seeking declarations that they had no duty to defend the day care center on the underlying claim based upon the automobile exclusions within the day care center's policies. <u>Id</u>. The CGL insurer filed a motion for summary judgment, and the lower court denied the motion. The CGL insurer appealed, and the appellate court affirmed the denial. <u>Id</u>.

On appeal, the CGL insurer argued that the automobile exclusion applied to the underlying action on the grounds that the plaintiff failed to allege that the child's death arose from events "wholly independent" of any use of the vehicle. <u>Id</u>. at 315. More specifically, the insurer contended that all theories of negligence in the underlying complaint, including those related to a failure to supervise or maintain, were dependent upon the allegations of use or operation of the vehicle. <u>Id</u>. The appellate court disagreed. The court found that the allegations in the complaint asserted multiple theories of negligence including a failure to properly supervise the children attending the day care facility. <u>Mount Vernon Fire Insurance Company</u>, 343 Ill. App. 3d at 319-320. The court further noted that had an employee of the day care facility realized the absence of the child in a timely fashion the child would not have died. <u>Id</u>. at 320. The court found that the failure to supervise

the child along with the use of the vehicle caused the child's death. _Id_. Therefore, the court determined that the underlying action fell outside of the automobile exclusion pertaining to accidents caused by the use of a vehicle. _Id_. at 321.

The First District Appellate Court came to a similar conclusion in <u>United States Fidelity and Guarantee Co. v. State Farm Mutual Automobile Insurance Co</u>, 152 Ill. App. 3d 46 (1st Dist. 1987). In <u>USF&G</u>, a child, under the care of a day care facility, sustained injuries when she fell from a station wagon owned by the facility. _Id_. at 47. The day care facility's insurer brought a declaratory judgment action contending it had no duty to defend in the underlying action relying on an automobile exclusion in the facility's policy. _Id_. at 48. The lower court entered a judgment declaring that the insurance policy issued by the insurer to the day care facility provided coverage for injuries sustained by the child. _Id_. at 47. The insurance company appealed and the appellate court affirmed the judgment. _Id_. at 47.

On appeal, the insurer argued that the automobile exclusion barred coverage because the injuries sustained by the child resulted from the _use_ of the vehicle. _Id_. at 48. The First District Appellate Court rejected the insurer's argument. <u>USF&G</u>, 152 Ill. App. 3d at 48. The court found that a proximate cause of an injury is any cause, which, in natural or probable sequence, produced the injury complained of. _Id_. Moreover, the court noted that the proximate cause of an injury need not be the only cause, the last or nearest cause of the injury. _Id_. The court found that it is sufficient if it occurs with some other cause acting at the same time, which in combination with it, causes the injury. _Id_. As such, the court held that where a proximate cause of an injury is within the included coverage of an insurance policy, the included coverage is not voided merely because an _additional_ proximate cause of the injury is a cause which is excluded under the policy. _Id_. Stated differently,

in order for an injury to be excluded from coverage under an insurance policy, **the injury must have been caused <u>solely</u> by a proximate cause which is excluded under the policy**. <u>Id</u>. In turn, the court found that the allegations in the underlying complaint regarding the *use* of the automobile did not shield the insurer from its duty to defend where allegations regarding the insured's failure to supervise the child were also present. <u>USF&G</u>, 152 Ill. App. 3d at 49.

The facts of the instant case are similar to those in <u>Mount Vernon Fire Insurance Company</u> and in <u>USF&G</u>. Here, the complaint in the underlying action contains allegations other than those alleging negligent *use* of the aircraft. Specifically, the complaint contains allegations alleging negligent training and instruction. There is no language in exclusion 2(g) precluding coverage for injuries resulting from the negligent training and instruction of flight school attendants. In turn, this Court should find that exclusion 2(g) does not apply and should deny NATIONAL UNION'S motion for judgment on the pleadings.

In addition, NATIONAL UNION'S heavy reliance on <u>Northbrook Property and Casualty Company v. Transportation Joint Agreement</u>, 194 Ill.2d 96 (2000) is misplaced. In <u>Northbrook</u>, the CGL for the school district filed a declaratory judgment action, seeking declaration that it had no duty to defend the school district in lawsuits arising from the collision of a train with a school bus because the injuries arose out of the *use* of the bus. <u>Id</u>. at 98. The complaint in the underlying action alleged that the school district inadequately planned and inspected bus routes and failed to warn bus drivers of potential hazards along the routes. <u>Id</u>. at 99. The Supreme Court of Illinois found that the allegations pertaining to the school district's failure to warn and plan were merely rephrasings of the fact that the students' injuries arose from the negligent *use* of the school bus. <u>Id</u>. In turn, the court held that the insurer had no duty to defend in the underlying action. <u>Id</u>.

The facts of the instant case are readily distinguishable from those in *Northbrook*. In *Northbrook*, the insured school district clearly operated the bus that was being used at the time of the accident. To the contrary, a genuine issue of material fact exists as to whether the insured, an employee of PONTIAC, or the deceased NEIL WEBSTER, was operating the aircraft at the time of the occurrence. Furthermore, the allegations in the underlying complaint here are not mere "rephrasings" that PONTIAC negligently operated the aircraft. Instead, the additional allegations reference the instruction and communication between PONTIAC and the deceased, NEIL WEBSTER. These allegations claim that NEIL WEBSTER'S death was caused by the improper training and instruction provided by PONTIAC, to NEIL WEBSTER not merely by the use of the aircraft.

Moreover, in their motion NATIONAL UNION erroneously argues that *USF&G*'s validity is in doubt in light of more recent Illinois precedent (i.e. the *Northbrook* decision). This Court should disregard this misguided assumption based upon language found in *Mount Vernon Fire Insurance Co.*. In *Mount Vernon Fire Insurance Co.*, the First District Appellate Court interpreted the effect the Supreme Court's *Northbrook* decision has on earlier decisions such as *USF&G*. Notably, the court highlighted that the Supreme Court did not state that it was overruling all earlier cases in its *Northbrook* opinion. *Mount Vernon Fire Insurance Co.*, 343 Ill. App. 3d at 320. Moreover, the Supreme Court did not state that in order for the plaintiffs to recover they must have alleged that the students' injuries arose from events wholly independent of any negligent operation or *use* of the school bus. *Id*. In turn, this Court should dismiss NATIONAL UNION'S contention that *USF&G*'s validity is diminished by the Supreme Court's *Northbrook* decision.

E. THE AIRCRAFT/AUTO/WATERCRAFT EXCLUSION SHOULD BE

**DEEMED VOID ON PUBLIC POLICY GROUNDS.**

Even if this Court finds that the liability arising from the negligent instruction and training of the Decedent, NEIL WEBSTER, falls within the aircraft/auto/water-craft exclusion, this court should find exclusion 2(g) void on public policy grounds. In their motion, NATIONAL UNION argues that the CGL policy does not cover aviation operations and even if it does, exclusion 2(g) protects them from their duty to defend. NATIONAL UNION contends that aviation operations are covered under a separate insurance policy (the Aerial Applicator Aircraft Policy). Notably, the Aerial Applicator Aircraft Policy contained a similar exclusion which is the subject of the summary judgment motion pending before the court. NATIONAL UNION should not be permitted to make such an argument where they have a summary judgment motion pending on the alleged insurance policy that was supposed to cover aviation operations. NATIONAL UNION is attempting to disclaim any responsibility it may have to defend its insured PONTIAC. This court should not allow the insurer, NATIONAL UNION, to disclaim liability through one policy (the CGL) by referring to another policy (Aerial Applicator Aircraft Policy) where NATIONAL UNION has previously refuted such liability in its summary judgment motion. If this court allows NATIONAL UNION to prevail with their tactical atrocities, it will have sanctioned NATIONAL UNION'S issuance of essentially illusory insurance policies to PONTIAC. Therefore, this Court should dismiss NATIONAL UNION'S references to exclusion 2(g) and should deny NATIONAL UNION'S motion for judgment on the pleadings.

**CONCLUSION**

In sum, if the allegations of the complaint are within or potentially within a policy's coverage, the insurer is required to defend in the underlying action. *United Services Automobile*

*Association*, 2005 WL 1278276 at *10. Moreover, provisions in an insurance policy that limit or exclude coverage are to be construed liberally in favor of the insured and against the insurer. <u>Id</u>. at *7; <u>State Farm Mutual Automobile Insurance Co.</u>, 181 Ill.2d 436, 442 (1998). As such, where the application of an exclusion results in denying the duty to defend, **that exclusion must be clear and free from doubt**. <u>Id</u>. Exclusion 2(g) does not shield NATIONAL UNION from its duty to defend PONTIAC in the underlying action.

      WHEREFORE, Plaintiff, NATIONAL UNION'S, motion for judgment on the pleadings should be denied.

Respectfully submitted

s/ Michael S. Krzak
Michael S. Krzak Attorney Bar No: 6243295
Clifford Law Offices, P.C.
120 North LaSalle Street
Suite 3100
Chicago, Illinois 60602
Telephone: (312) 899-9090
Fax: (312) 251-1160
E-mail: msk@cliffordlaw.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on July 1, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | | |
|---|---|---|
| Mark T. Banovetz | mbanovetz@tsmp.com; | |
| Diane M. Baron | dbaron@clausen.com, | pkebr@clausen.com; |
| George K. Flynn | gflynn@clausen.com, | cmennella@clausen.com; |
| David B. Mueller | dmueller@cassidymueller.com, | jstieghorst@cassidymueller.com; |
| Jeffrey B. Rock | jrock@hrbklaw.com, | Cpoehlman@hrbklaw.com; |
| Marci M. Shoff | mshoff@hrbklaw.com. | |

And I hereby certify that I have mailed by United States Postal Service the document to the foregoing non CM/ECF participants:

                s/ Michael S. Krzak
                Michael S. Krzak Attorney Bar Number: 6243295
                Clifford Law Offices, P.C.
                120 North LaSalle Street
                Suite 3100
                Chicago, Illinois 60602
                Telephone: (312) 899-9090
                Fax: (312) 251-1160
                E-mail: msk@cliffordlaw.com