UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| NATIONAL UNION FIRE COMPANY OF PITTSBURGH, PA, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 03-1288 ) |
| PONTIAC FLYING SERVICES, INC., | ) ) |
| Defendants and Third Party Plaintiff, | ) ) ) |
| vs. | ) ) |
| HARDY AVIATION INSURANCE, INC., | ) ) |
| Third Party Defendant. | ) |

**OBJECTION TO BILL OF COSTS**

Now comes the Defendant and Third Party Plaintiff, PONTIAC FLYING SERVICES, INC., ("PONTIAC"), by its attorney, DAVID B. MUELLER of the firm of CASSIDY & MUELLER, and makes the following objections to the Plaintiff's Bill of Costs:

1. On or about September 6, 2005, the Plaintiff, NATIONAL UNION FIRE COMPANY OF PITTSBURGH, PA, prepared and filed a Bill of Costs herein requesting three thousand seven hundred fifty dollars and forty-six cents ($3,750.46).

2. That as part of the Bill of Costs Plaintiff has alleged that judgment was entered in the above entitled action against PONTIAC on August 19, 2005.

3. The interlocutory order dated August 19, 2005, refers the case to the magistrate judge for further proceedings and does not include Federal Rule of Civil Procedure, Rule 54(b) language. Rule 54(b) provides:

> **Judgment Upon Multiple Claims or Involving Multiple Parties.**
> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

4. In order to be awarded costs, the party must be a "prevailing party" under the Federal Rules of Civil Procedure, Rule 54(d)(1), which provides:

> **Costs Other than Attorneys' Fees**. Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

5. Should Plaintiff be considered a "prevailing party," the Supreme Court determined that 28 U.S.C. § 1920 defines the term "costs" as it is used in FRCP 54(d). <u>Cengr v. Fusibond Piping Systems, Inc.</u>, 135 F.3d 445 (7th Cir. 1998) *citing* <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441, 107 S.Ct. 2494, 2497, 96 L.E.2d 385 (1987).

6. Except in limited circumstances, Courts are to award only those expenses specifically recognized by statute. <u>State of Illinois v. Sangamo Constr. Co. et al.</u>, 657 F.2d 855, 864 (7th Cir. 1981).

7. Under 28. U.S.C. § 1920, a federal court may tax as costs:

   a. Fees of the clerk and marshal;

  b. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

  c. Fees and disbursements for printing and witnesses;

  d. Fees for exemplification and copies of papers necessarily obtained for use in the case;

  e. Docket fees under section 1923 of this title;

  f. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

8. A party is not able to recover all expenses incurred in connection with a lawsuit. "Indeed, major expenses such as attorneys' fees, investigatory services, and most travel and subsistence expenses generally are not recoverable 'costs'." State of Illinois v. Sangamo Constr. Co. et al., 657 F.2d 855, 864 (7th Cir. 1981).

9. "[T]ravel expenses and computerized legal research are the sort of things a lawyer includes on a bill for professional services an are recoverable *as attorney's fees.*" Tuf Racing Products, Inc. v. American Suzuki Motor Corp., 1999 WL 669226, *4 (N.D.Ill.) (*emphasis added*) *citing* To-Am Equip. Co. v. Mitsubishi Caterpillar Forklift America, Inc., 953 F.Supp. at 1000. *See also* Uniroyal Goodrich Tire Co. v. Mutual Trading Corp. et al., 63 F.3d. 516, 526 (7th Cir. 1995) (finding that computerized legal research was reimbursable as attorneys' fees.)

10. Ordinary office expenses are not recoverable under Illinois law. Id. at *4. *See also* Franzoni v. Hartmarx Corp. et al, 2003 WL 21397743, *2 (N.D. Ill.) (finding that "costs associated with the delivery of transcripts are ordinary business expenses and are not chargeable.")

11. Plaintiff seeks to recover "Other costs" itemized as follows:

    a. Long distance telephone charges: $25.48

    b. Westlaw charges (legal research): $338.67

    c. Postage/shipping: $31.25

    d. Travel/lodging*: $1,922.16   *note: this is for Plaintiff's attorneys and not witness expenses.

    e. Filing Fee for 2 Motions For Admissions to Practice: $200.00.

12. Long distance telephone charges and postage/shipping are ordinary business expenses and are not recoverable.

13. Westlaw charges (legal research), travel/lodging for the attorneys and admission fees to practice in the Central District are expenses that are characterized as attorneys' fees and are not recoverable.

WHEREFORE, Defendant and Third Party Plaintiff, PONTIAC FLYING SERVICES, INC., objects to Plaintiff's Bill of Costs and respectfully requests that this Court deny Plaintiff's "Other costs" in the amount of $2,517.56, and limit any costs awarded by this Court to $1,232.90, which is the amount Plaintiff seeks for the costs specified as recoverable pursuant to Fed.R.Civ.Pro., Rule 54(d)(1) and 28 U.S.C. § 1920.

                        CASSIDY & MUELLER

                        By: s/ JENNIFER L. WOLFE
                            Attorneys for Defendant and Third Party Plaintiff,
                            PONTIAC FLYING SERVICE, INC.

- 5 -

## CERTIFICATE OF SERVICE

      I hereby certify that on September 14, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Mr. Jeffrey B. Rock | jrock@hrbklaw.com, cpoehlman@hrbklaw.com |
| Ms. Diane M. Baron | dbaron@clausen.com, pkebr@clausen.com |
| Mr. Michael S. Krzak | msk@cliffordlaw.com, jmg@cliffordlaw.com |
| Kevin P. Durkin | kpd@cliffordlaw.com; jg@cliffordlaw.com |
| Mark T. Banovetz | mbanovetz@tsmp.com |

And I hereby certify that I have mailed by United States Postal Service the document to the foregoing non CM/ECF participants:

      s/JENNIFER L. WOLFE
      Jennifer L. Wolfe
      CASSIDY & MUELLER
      416 Main Street, Suite 323
      Peoria, IL 61602
      Telephone: 309/676-0591
      Fax: 309/676-8036
      E-mail: jwolfe@cassidymueller.com