E-FILED
Tuesday, 04 October, 2005 03:10:16 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NATIONAL UNION FIRE COMPANY OF PITTSBURGH, PA | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: 03-CV-01288 |
| PONTIAC FLYING SERVICE, INC., JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH as Co-Personal Representatives of the Estate of NEIL WEBSTER, Deceased, and CAREN LUCENTE, as Independent Executor of the Estate of RICHARD P. LUCENTE, Deceased. | ) | |
| Defendants, | ) | |
| and | ) | |
| PONTIAC FLYING SERVICE, INC. | ) | |
| Third Party Plaintiff, | ) | |
| v. | ) | |
| HARDY AVIATION INSURANCE INC. | ) | |
| Third Party Defendant. | ) | |

**JUSTYN WEBSTER'S, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF NEIL WEBSTER, DECEASED, PETITION TO INTERVENE**

JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH as Co-Personal Representatives of the Estate of NEIL WEBSTER, Deceased, (hereinafter "WEBSTER"), by and through their attorneys, CLIFFORD LAW OFFICES, P.C, submit this petition to intervene in the action against HARDY AVIATION INSURANCE INC. (hereinafter "HARDY"). In support of its petition, WEBSTER states as follows:

1. On May 5, 2003, Neil Webster, deceased, was an attendee/student of a turbine transition flight instruction and training program provided by employees of PONTIAC FLYING SERVICE, INC. (hereinafter "PONTIAC").

2. On that date, the air tractor in which Neil Webster was receiving instruction, came into contact with the ground, resulting in his death.

3. On and before May 5, 2003, PONTIAC was insured under an aerial application policy issued by NATIONAL UNION FIRE COMPANY OF PITTSBURGH, PA, (hereinafter "NATIONAL UNION").

4. On September 2, 2003, NATIONAL UNION, filed a declaratory judgment action against PONTIAC, alleging it had no duty to defend PONTIAC under the aerial application insurance policy for any actions arising out of the air crash which occurred on May 5, 2003

5. On October 30, 2003, PONTIAC filed a Third Party Complaint against HARDY, an insurance broker, alleging professional negligence in failing to procure insurance sufficient to provide coverage for the incident resulting in Neil Webster's death.

6. NATIONAL UNION filed a motion for Judgment on the Pleadings in its declaratory judgment action against PONTIAC on January 8, 2004, which was denied.

7. On April 27, 2004, WEBSTER, filed a complaint against PONTIAC in Livingston County, Illinois, seeking damages for the wrongful death of Neil Webster arising out of PONTIAC'S negligent use of the air tractor.

8. In response to WEBSTER'S filing against PONTIAC, NATIONAL UNION amended its Declaratory Judgment Complaint on June 21, 2004, to add WEBSTER as a Defendant in the action.

9. NATIONAL UNION filed a motion for summary judgment on March 18, 2005, again contending it had not duty to defend PONTIAC in the action brought by WEBSTER pursuant to the aerial application policy.

10. Following NATIONAL UNION'S motion for summary judgment, PONTIAC and WEBSTER sought leave to file counterclaims against NATIONAL UNION arguing it had a duty to defend PONTIAC pursuant to a CGL (Commercial General Liability) Policy.

11. PONTIAC and WEBSTER filed their Counterclaims on May 26, 2005, and a motion for Judgment on the Pleadings filed against the Counterclaims was granted on August 19, 2005.

12. In addition, NATIONAL UNION'S motion for summary judgment on its declaratory judgment action was granted by Judge McDade on August 19, 2005.

13. As a result, the sole remaining claim in this litigation is PONTIAC'S Third Party Complaint against HARDY, an insurance broker, alleging professional negligence in failing to procure insurance sufficient to provide coverage for the incident resulting in Neil Webster's death.

14. As a matter of law, WEBSTER, has standing to bring a **direct** action against HARDY to recover damages for the broker's failure to provide liability coverage under the NATIONAL UNION aerial application policy.

15. Under Illinois law, an injured party's relationship with the liability insurer of his tortfeasor, has been characterized as that of a third party beneficiary. *Skidmore v. Throgmorton*, 323 Ill. App. 3d 417, 420, 751 N.E.2d 637, 640 (5th Dist. 2001). In general, the test of whether a third party beneficiary may recover under a contract is whether the benefit is direct to him or is but an incidental benefit arising from the contract; if direct, the beneficiary has standing to sue, if incidental, the beneficiary has no standing to sue. *Gothberg v. Neerovski*, 58 Ill. App. 2d 372, 385, 208 N.E.2d

12, 19 (1st Dist. 1965). However, Illinois courts have recognized an exception where a contract for liability is procured for the protection of the general public. *Id*. In other words, Illinois courts have found that the general public is in effect a real party in interest to an unqualified contract made with a broker to obtain liability insurance. *Id*. The public policy consideration behind this law is that liability insurance policies should operate to afford injured parties coverage. *Skidmore*, 323 Ill. App. 3d at 421, 751 N.E.2d at 641.

16. In *Gothberg v. Nemerovski*, 58 Ill. App. 2d 372, 208 N.E.2d 12 (1st Dist. 1965), the court held that an injured plaintiff bringing suit against a public liability policy applicant had a sufficient interest in the undertaking of a broker to procure coverage to bring suit directly against the broker. In *Gothberg*, the plaintiff was injured in a car accident allegedly caused by the public liability policy applicant. *Id*. at 377, 15 In response, the plaintiff brought suit against the applicant and the applicant sought indemnification from his insurer. *Id*. The insurer argued it had no duty to defend in the underlying action on the grounds that the policy the applicant contracted for was not in effect at the time of the accident. *Id*. This court held that the injured plaintiff had standing to bring an action against the insurance broker for his failure to procure the proper insurance. *Id*. 387,

17. Notably, the Illinois court was not impressed with the differences between negligence and contract theories of liability. *Id*. at 383-384, 19. The court found that the defendant broker unconditionally undertook to procure insurance on behalf of the applicant. *Gothberg*, 58 Ill. App. 2d at 383, 208 N.E.2d at 19. As such, the court found that either the broker's breach of contract with the plaintiff considered a third party beneficiary or the broker's negligence in performing the contract could be the basis of liability. *Id*. at 383-384, 19.

18. The facts of this case are similar to those in *Gothberg*. Here, WEBSTER, on behalf

of Neil Webster, Deceased, seeks to intervene in the action currently pending against HARDY for its failure to provide PONTIAC with the insurance it sought. Although Neil Webster was not a named beneficiary in the contract between HARDY and PONTIAC; the policy was purchased to provide members of the general public with a remedy in the event of an accident. Neil Webster happened to be a member of the general public injured by the negligent acts of PONTIAC. As such, Neil Webster had a sufficient interest in HARDY procuring the proper insurance policy to NATIONAL UNION.

19. In turn, this court should grant WEBSTER'S petition to intervene in the action against HARDY to recover damages for the agent's failure to provide liability coverage under the NATIONAL UNION aerial application policy.

WHEREFORE, JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH as Co-Personal Representatives of the Estate of NEIL WEBSTER, Deceased, respectfully requests that this court grant their petition to intervene.

Respectfully Submitted,

s/ Michael S. Krzak

Michael S. Krzak Attorney Bar Number: 6243295
Clifford Law Offices, P.C.
120 North LaSalle Street
Suite 3100
Chicago, Illinois 60602
Telephone: (312) 899-9090
Fax: (312) 251-1160
E-mail: msk@cliffordlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | | |
|---|---|---|
| Mark T. Banovetz | mbanovetz@tsmp.com; | |
| Diane M. Baron | dbaron@clausen.com, | pkebr@clausen.com; |
| George K. Flynn | gflynn@clausen.com, | cmennella@clausen.com; |
| David B. Mueller | dmueller@cassidymueller.com, | jstieghorst@cassidymueller.com; |
| Jeffrey B. Rock | jrock@hrbklaw.com, | Cpoehlman@hrbklaw.com; |
| Marci M. Shoff | mshoff@hrbklaw.com. | |

And I hereby certify that I have mailed by United States Postal Service the document to the foregoing non CM/ECF participants:

s/ Michael S. Krzak
Michael S. Krzak Attorney Bar Number: 6243295
Clifford Law Offices, P.C.
120 North LaSalle Street, Suite 3100
Chicago, Illinois 60602
Telephone: (312) 899-9090
Fax: (312) 251-1160
E-mail: msk@cliffordlaw.com