23 53 24 00 1

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, <br>　　　　　　　Plaintiffs, <br>vs. <br><br>PONTIAC FLYING SERVICES, INC., JUSTYN WEBSTER, as Special Administrator of the Estate of NEIL WEBSTER, Deceased, and CAREN S. LUCENTE, as Independent Executor of the Estate of RICHARD P. LUCENTE, Deceased <br><br>　　　　　　　Defendants/ <br>　　　　　　　Third-Party Plaintiff, <br>vs. <br><br>HARDY AVIATION INSURANCE, INC., <br><br>　　　　　　　Third-Party Defendant. | No.　　03-1288 |

### HARDY AVIATION INSURANCE, INC.'S RESPONSE IN OPPOSITION TO WEBSTER'S PETITION TO INTERVENE

NOW COMES the Third-Party Defendant, HARDY AVIATION INSURANCE, INC. ("Hardy"), by its attorneys, DIANE M. BARON and CLAUSEN MILLER P.C., and submits its response in opposition to the Petition to Intervene filed by Justyn Webster and Virginia Webster-Smith, as Co-Personal Representatives of the Estate of Neil Webster, deceased ("Webster").

Pontiac Flying Service, Inc. brought a Third Party Complaint for professional negligence against its insurance broker, Hardy, alleging that if it is determined there is no coverage under its National Union Fire Insurance Company policy for the crash on May 5, 2003 of Pontiac's AT503 aircraft, then Hardy was negligent in various respects, including an alleged failure to seek or procure insurance for the use of the plane for a flight training business and failing to tell Pontiac that Hardy had not sought such coverage and that Pontiac was not covered for such use

1016457.1

of the plane and purportedly causing Pontiac to rely on having such coverage under the National Union policy. However, Pontiac never informed Hardy it was using the AT503 turbine plane for a flight training business and never requested such coverage. Hardy had no knowledge that Pontiac was using the plane for a nationally advertised flight training school until after the crash.

This Court has ruled the National Union policy did not provide coverage for the use being made of the AT503 when it crashed. The Estate of Neil Webster, the student/trainee in the plane when it crashed, now has petitioned to intervene in Pontiac's malpractice claim against Hardy. There is no legal basis for such intervention in this case.

Hardy was Pontiac's insurance broker and by virtue of that relationship Hardy owed certain duties to Pontiac. Pontiac claims that Hardy breached some of those duties. These duties cannot be transferred from Pontiac to Webster, an injured third party. Webster has already sued Pontiac, the Petersens and the Estate of Richard P. Lucente, the instructor pilot, as a result of the crash. There is no duty flowing from Hardy to potentially injured parties which could give rise to a direct cause of action by them against Hardy. The death of Webster, the student pilot in the plane while it was being used in Pontiac's flight training business, was certainly not foreseeable to Hardy, who had no knowledge that Pontiac was using the plane for a commercial flight training business or having student pilots in the plane. In fact, both Scott and Sarah Petersen, the owners of Pontiac, testified that they never told Hardy they were operating a flight training business with the AT503. Scott Petersen testified:

> Q. Did you ever tell Hardy Insurance that you were advertising to do transition training on (sic) that aircraft?
>
> A. I never told them that I was advertising.
>
> Q. Did you ever tell them that you were offering to do it for other people?
>
> A. No.

(Scott Petersen dep., p. 37, copy attached as Exhibit A.)

Sarah Petersen also testified:

> Q. Did you ever tell anyone at Hardy Aviation Insurance that you were going to be using the AT305 (sic) for training?
>
> A. Ask me that again.
>
> Q. Sure, could you read it (whereupon the question was read)
>
> A. Not that I recall.

(Sarah Petersen dep., p. 10, copy attached as Exhibit B.)

Therefore, there is no basis for Webster to claim he was an intended third-party beneficiary of any contract between Pontiac and Hardy to procure insurance for a flight training business. Hardy agreed to procure an aerial application insurance policy for Pontiac, not a policy covering the operation of a commercial flight training school.

The case on which Webster relies, *Gothberg v. Nemerovski*, 58 Ill. App. 2d 372, 208 N.E.2d 12 (1st Dist. 1965) is clearly distinguishable from this litigation. That case involved an insurance agent who contracted to supply a public liability automobile insurance policy to the insured and that auto policy was not yet in effect on the date of the accident. The court distinguished automobile insurance policies as having unique "connotations extending to the general public above and beyond the private interests of the two contracting parties" and concluded that "automobile insurance is no longer a private contract between two parties." 58 Ill. App. 2d at 387. The instant case does not involve an automobile public liability insurance policy. Moreover, the auto insurance policy in *Gothberg* had a specific policy provision which gave the injured party the right to recover directly against the insurer. It stated that "[a]ny person . . . who has secured such judgment . . . shall thereafter be entitled to recover under this policy

. . ." 58 Ill. App. 2d at 387. In the instant case, there is no such language in the National Union policy.

Additionally, unlike auto liability insurance, which is required by statute, there is no such statutory requirement for insurance coverage for planes being used for a flight training business. Therefore, there is nothing in the record to indicate Webster, the injured third party, foreseeably relied on the AT503 having insurance coverage for use in a flight training business as one would rely upon compliance with a statute requiring insurance.

Other jurisdictions have not allowed such suits by injured third parties against an insured's insurance broker or agent. *Halali v. Vista Environments, Inc.*, 666 NYS 2d 196 (2d Dist. 1997); *Oliver v. Natchitoches Air Center, Inc.*, 506 So. 2d 558 (C.A. La. 1987); *Quigley v. Bay State Graphics*, 427 Mass. 455, 693 N.E.2d 1368 (Mass. 1998); *Flattery v. Gregory*, 397 Mass. 143, 489 N.E.2d 1257 (Mass. 1986); *Oathout v. Johnson*, 451 NYS 932 (3d Dist. 1982).

There is nothing in the record to indicate Hardy agreed or promised to procure coverage for a flight training business and Pontiac has not sued Hardy for breach of contract. Hardy, as Pontiac's broker, undertook certain duties to Pontiac, not to potentially injured students of a flight training business Hardy had no idea Pontiac was running. As such, there is no basis for Webster to intervene in this negligence action against Hardy.

WHEREFORE, Third-Party Defendant, HARDY AVIATION INSURANCE, INC., hereby prays that Webster's Petition to Intervene be denied.

                                            By:   /s/ Diane M. Baron
                                                         Attorney for Third-Party Defendant
                                                         HARDY AVIATION INSURANCE, INC.

DIANE M. BARON
CLAUSEN MILLER P.C.
10 South LaSalle Street
Chicago, Illinois 60603-1098
(312) 855-1010

Attorneys for Third-Party Defendant,
HARDY AVIATION INSURANCE, INC.