**E-FILED**
Tuesday, 10 January, 2006  12:31:09 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| NATIONAL UNION FIRE COMPANY OF PITTSBURGH, PA | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No.: 03-CV-01288 ) |
| PONTIAC FLYING SERVICE, INC., JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH as Co-Personal Representatives of the Estate of NEIL WEBSTER, Deceased, and CAREN LUCENTE, as Independent Executor of the Estate of RICHARD P. LUCENTE, Deceased. | ) ) ) ) ) ) ) ) ) |
| Defendants, | ) ) |
| and | ) ) |
| PONTIAC FLYING SERVICE, INC. | ) ) |
| Third Party Plaintiff, | ) ) |
| v. | ) ) |
| HARDY AVIATION INSURANCE INC. | ) ) |
| Third Party Defendant. | ) |

**JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH'S  WRITTEN OBJECTIONS
TO THE REPORT AND RECOMMENDATION OF
MAGISTRATE JUDGE BYRON G. CUDMORE**

JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH, as Co-Personal Representatives

of the Estate of NEIL WEBSTER, Deceased ("WEBSTER"), by and through their attorneys

CLIFFORD LAW OFFICES, P.C., submit these written objections to the Report and

Recommendation of United States Magistrate Judge Byron G. Cudmore dated December 27, 2005

(hereinafter referred to as "Recommendation"), pursuant to 28 U.S.C. § 636(b)(1).  (Exhibit "A").

## INTRODUCTION

_____WEBSTER files this objection to the Recommendation which recommends that WEBSTER'S motion to intervene in the action between PONTIAC FLYING SERVICE, INC. (hereinafter "PONTIAC") and HARDY AVIATION INSURANCE, INC., (hereinafter "HARDY") be denied.  FED. R. CIV. P. 24(a) and/or (b) are the provisions under which WEBSTER sought intervention.  WEBSTER has an interest in the transaction (the procuring of insurance by HARDY for losses arising out of the use of an Air Tractor aircraft owned by PONTIAC) which is the subject of this action which warrants intervention of right pursuant to Fed. R. Civ. P. 24(a).  Alternatively, as Judge Cudmore recognized, WEBSTER'S claim has questions of law and fact in common with this action which warrants permissive intervention pursuant to Fed. R. Civ. P. 24(b).  WEBSTER respectfully objects to Magistrate Judge Cudmore's analysis of FED. R. CIV. P. 24(a) and/or (b) as it applies to the facts of this case.  Specifically, WEBSTER objects to the following:

(1)    that WEBSTER'S motion fails to meet the intervention of right test described in FED. R. CIV. P 24(a) because WEBSTER'S interest is adequately represented by PONTIAC; and

(2)    that WEBSTER'S motion was not filed timely.

WEBSTER most respectfully requests that this Honorable Court reject the findings and recommendations of Judge Cudmore relating to FED. R. CIV. P. 24 as it applies to this case for the following reasons:

• Webster has an interest in the transaction (the procuring of insurance coverage for the Air Tractor Aircraft) which is the subject of the action pending against Hardy.

• WEBSTER'S interest in having insurance coverage apply to a bodily injury claim made by WEBSTER for the death of Neil Webster may as a practical matter be

-2-

impaired if WEBSTER is denied the right to intervene in the action pending against HARDY and this Court ultimately finds that there is no cause of action against HARDY.

- Because PONTIAC is adverse to WEBSTER in a different action, PONTIAC's representation of PONTIAC in this matter does not provide adequate representation for WEBSTER'S interest in the action pending against HARDY. *See Hartford Accident and Indemnity Company v. Crider*, 58 F.R.D. 15 (N.D. Ill. 1973).

- WEBSTER'S interest in this action did not actually arise until August 19, 2005, when the District Court found that NATIONAL UNION had no duty to defend PONTIAC in the wrongful death action brought by WEBSTER against PONTIAC in the Circuit Court. Therefore, WEBSTER'S motion to intervene (filed on October 4, 2005) was timely.

- Magistrate Judge Cudmore's reliance on *Shea v. Angulo*, 19 F.3d 343 (7th Cir. 1994) and *Equal Employment Opportunity Commission v. United Air Lines,* 515 F.2d 946 (7th Cir. 1975) is unpersuasive because those cases are distinguishable from the case presently before the Court.

## STATEMENT OF FACTS

_____On May 5, 2003 Neil Webster, deceased, was an attendee/student of a turbine transition flight instruction and training program provided by employees of PONTIAC. On that date, the Air Tractor aircraft owned by PONTIAC in which Neil Webster was receiving instruction, came into contact with the ground, resulting in Neil Webster's death. In September of 2003, PONTIAC'S insurer, NATIONAL UNION FIRE COMPANY OF PITTSBURGH, PA, (hereinafter "NATIONAL UNION"), filed a declaratory judgment action seeking declaration that it had no duty to defend PONTIAC for any actions arising out of the air crash. In response and as part of the same case, PONTIAC filed a third-party complaint against its insurance broker, HARDY, for failing to procure insurance coverage which would apply to the incident resulting in damage to the aircraft. This is the same incident that resulted in Neil Webster's death. In April of 2004, WEBSTER, filed a negligence and wrongful death complaint against PONTIAC in Livingston County, Illinois. After WEBSTER

filed the compliant against PONTIAC, NATIONAL UNION amended its Declaratory Judgment complaint and added WEBSTER as a defendant in the action.  WEBSTER appeared, answered and participated in that matter.

On August 19, 2005, after extensive briefing by the various parties in this action, the District Court granted NATIONAL UNION'S motion for summary judgment and held that NATIONAL UNION had no duty to defend PONTIAC in the action brought against it by WEBSTER.  Shortly thereafter, on October 4, 2005 WEBSTER filed a motion to intervene in the action brought by PONTIAC against HARDY for negligent procural of insurance.  After full briefing on December 27, 2005, Magistrate Judge Cudmore issued his Recommendation.  In that Recommendation, Magistrate Judge Cudmore recommended that WEBSTER'S motion be denied.  WEBSTER timely filed this objection within ten (10) days after being served with a copy of the Recommendation pursuant to 28 U.S.C. § 636(b)(1).

## STANDARD OF REVIEW

Where a party objects to proposed findings and recommendations of a magistrate judge, the District Court must make a *de novo* determination of those portions of the magistrate judge's report or specified findings or recommendations to which objection is made, and may accept, reject or modify the findings or recommendations in whole or in part, and may also receive further evidence or recommit the matter to the magistrate judge with instructions.  *See* 28 U.S.C. § 636 (b)(1) (West 2005).

## ARGUMENT

I.    **WEBSTER HAS AN INTEREST IN PONTIAC'S CASE AGAINST HARDY AND SHOULD BE ALLOWED TO INTERVENE AS OF RIGHT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(a).**

Webster should be allowed to intervene as of right pursuant to FED. R. CIV. P. 24(a).  FED. R. CIV. P 24(a) provides as follows:

> Upon timely application, anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction, which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Magistrate Judge Cudmore recommends that WEBSTER'S motion to intervene be denied  pursuant to FED. R. CIV. P. 24(a) because: (1) it is unclear whether WEBSTER has a sufficient interest in the transaction and (2) WEBSTER'S interest is adequately represented by PONTIAC in the action against HARDY.  (Recommendation at pp. 4-7).  WEBSTER objects to the court's findings  based upon the arguments outlined below.

### A.    Webster Has a Sufficient Interest in the Action Pending Against Hardy.

FED. R. CIV. P. 24(a) allows a party to intervene where he has an interest in the transaction. *See* FED. R. CIV. P. 24(a).  Generally, an interest is a "significantly protectable interest." *See Security Ins. Co. of Hartford v. Schipporeit*, 69 F.3d 1377, 1380 (7th Cir. 1995), *see e.g.  Donaldson v. United States*, 400 U.S. 517, 531 (1971).  Moreover, the interest of a would be intervenor must be a "direct, significant, legally protectable" one. *See Security Ins. Co of Hartford*, 69 F.3d at 1380, *see also American Nat'l Bank v. City of Chicago*, 865 F.2d 144, 146 (7th Cir. 1989).  Such an interest

is more than a mere betting interest . . . but less than a property right.  *See Security Ins. Co. of Hartford*, 69 F.3d at 1380-1381.

Since this Court has found that National Union had no duty to defend PONTIAC in the action brought by WEBSTER, WEBSTER'S ability to sufficiently recover in its action against PONTIAC in the Circuit Court is now dependent upon whether HARDY procured the proper insurance for PONTIAC.   WEBSTER has a direct interest in the transaction at issue.  If this Court finds that HARDY had no duty to procure insurance to protect PONTIAC for the losses sustained in the plane crash of May 5, 2003 WEBSTER will in all likelihood be left with no adequate remedy at all against PONTIAC and/or HARDY.  WEBSTER's motion to intervene should be granted to ensure that WEBSTER's interest in the transaction which is the subject of the Third Party Complaint filed by PONTIAC against HARDY is protected. WEBSTER unquestionably has a significant interest in the action brought against HARDY, and should be allowed to intervene as of right pursuant to FED. R. CIV. P. 24(a).

### B.     Webster's Interest will be Impaired if he is Denied Intervention in the Action Pending Against Hardy.[1]

According to FED. R. CIV. P. 24(a), a party may intervene in an action where the disposition of the action may as a practical matter impair or impede the applicant's ability to protect his interest.  *See* FED. R. CIV. P. 24(a).  WEBSTER'S interest will be impaired if this Court denies WEBSTER'S motion to intervene in the action against HARDY. "Impairment exists when the

---

[1] It does not appear that this prong of the Intervention of Right test was addressed in Magistrate Judge Cudmore's report and recommendation.  WEBSTER includes this analysis to further show this Court that WEBSTER'S motion to intervene should be granted pursuant to FED. R. CIV. P. 24(a).

decision of a legal question...would, as a practical matter, foreclose the rights of the proposed intervenor in a subsequent proceeding." *Shea v. Angulo*, 19 F.3d 343, 347 (7th Cir. 1994). PONTIAC'S claim against HARDY concerns both HARDY'S failure to procure the proper insurance for property damage and casualty coverage for the Air Tractor aircraft. WEBSTER seeks damages against PONTIAC for HARDY'S failure to procure insurance for personal injuries resulting from the air crash. The issue of whether the transaction of procuring insurance was properly carried out is practically identical to both of these coverages. If WEBSTER is foreclosed from intervening in the action against HARDY now, the issue will have been decided without WEBSTER's participation. Such a finding may arguably preclude WEBSTER from bringing a separate action against HARDY for its failure to procure casualty loss coverage. Moreover, if WEBSTER is denied the right to intervene in this action and later brings an independent action, any such action will be prejudiced and influenced by the outcome of this action. As such, WEBSTER'S interest will be impaired if intervention is denied in this action.

Additionally, not granting WEBSTER's motion to intervene will result in a duplicative actions being filed relating to identical issues in direct contravention of the notion of judicial economy.

**C.    Webster's Interest in the Action Against Hardy is not Adequately Represented by Pontiac.**

Magistrate Judge Cudmore correctly recognized that Fed. R. Civ. P. 24(a) prevents a party from intervening in an action of right where the applicant's interest is adequately represented by existing parties. *See* Fed. R. Civ. P. 24(a). However, in his recommendation, Magistrate Judge Cudmore concludes that WEBSTER'S interest is adequately represented by PONTIAC in this action. (Recommendation at pp. 6-7). This determination was based on his finding that WEBSTER

-7-

and PONTIAC have the same interest in the action against HARDY. *See Pontiac Flying Service, Inc. v. Hardy Aviation Insurance, Inc.*, No. 03-CV-1288, slip op. at 6 (C.D. Ill. Dec. 27, 2005). This finding should be rejected based upon the fact that PONTIAC is adverse to WEBSTER in a separate action.

Where a prospective intervenor has the same goal as the party to a suit, there is a presumption that the representation in the suit is adequate. *See Shea v. Angulo*, 19 F.3d 343, 347 (7th Cir. 1994). In such circumstances, the proposed intervenor must demonstrate that some conflict exists. *See Meridian Homes Corp. v. Nicholas W. Prassas & Co.*, 683 F.2d 201 (7th Cir. 1982).

In other words, Rule 24(a) allows intervention of right when the intervenor can show a conflict of interest between himself and the party that is supposed to represent his interest. *See Cascade Natural Gas Corp. v. El Paso Gas Co.*, 87 S. Ct. 932, 947 (1967). Moreover, the requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal. *See Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 (1972).

In *Hartford Accident and Indemnity Company v. Crider*, 58 F.R.D. 15 (N.D. Ill. 1973), the insurer brought an action seeking declaration that the general liability policy issued to the defendant corporation did not cover a construction contractor's claim against the corporation. The contractor filed a motion to intervene in the declaratory judgment action brought by the insurer against the corporation. *See Id*. at 17. The court found that the contractor could intervene as a matter of right because the corporation did not adequately represent the contractor's interests. *See Id*. at 18-19. Specifically, *the court held that the corporation's representation was inadequate to represent the interests of the contractor because the corporation represented an interest adverse to the interest*

*of the contractor in a different action*. *Id*. (*Emphasis added*).  Thus, the court allowed the contractor to intervene in the action brought by the insurer against its insured, the corporation.  *Id*.

The facts of this case are analogous to those in *Crider*.   Here, PONTIAC represents an interest adverse to WEBSTER in a separate action.   WEBSTER brought an action against PONTIAC in state court to recover for the wrongful death of Neil Webster.   Based upon the reasoning in *Crider*, PONTIAC'S representation against HARDY will not provide adequate representation for WEBSTER'S interest.   Thus, WEBSTER should be allowed to intervene in the action pending against HARDY in order to ensure their interest is adequately represented.

## II.    WEBSTER SHOULD BE ALLOWED TO INTERVENE  PERMISSIVELY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(b).

Even if this Court finds that Webster may not intervene as of right pursuant to FED. R. CIV. P. 24(a), Webster should be allowed to intervene permissively pursuant to FED. R. CIV. P. 24(b). FED. R. CIV. P. 24(b) provides as follows:

> Upon timely application any one shall be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Magistrate Cudmore correctly recognized that WEBSTER'S third party beneficiary claim would share common facts  with PONTIAC'S action against HARDY (Recommendation at p. 7); however, Magistrate Cudmore recommends that WEBSTER'S motion to intervene be denied pursuant to FED. R. CIV. P. 24(b) because it was not filed timely.  (Recommendation at p. 7). WEBSTER objects to the Court's finding that their motion was not filed timely.

-9-

The purpose of the timeliness requirement for motions to intervene is to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal. *See Reid v. Illinois State Bd. of Educ.*, 289 F.3d 1009, 1018 (7th Cir. 2002). In order to determine whether a motion to intervene was timely, courts look to factors such as: (1) the length of time the intervenor knew or should have known of his interest in the case, (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; and (4) any other unusual circumstances. *See Id.*, *see also Ragsdale v. Turnock*, 941 F.2d 501, 504 (7th Cir. 1991). Furthermore, the federal rule of civil procedure authorizing intervention must be liberally construed. *See Knapp v. Hankins*, 106 F. Supp. 43 (E.D. Ill. 1952).

Here, WEBSTER has no intention of derailing the progress that has been made in this case and has no intention of causing any undue delay in the motion practice and/or trial of this matter. Moreover, to the best of WEBSTER's knowledge, Magistrate Judge Cudmore correctly noted that no settlement negotiations have ensued between PONTIAC and HARDY. (*See Report and Recommendation* at p. 10).[2] As such, there is no evidence that the original parties to the action will be prejudiced by any resulting delay if WEBSTER is allowed to intervene in this action at this point in time.

Furthermore, WEBSTER will suffer prejudice if WEBSTER is not allowed to intervene in this action. The disposition of this matter will serve as a model for the court presiding over any independent action brought by WEBSTER. In turn, the court presiding over the independent action will likely follow the previous court's line of reasoning in deciding the independent action.

---

[2] In light of the significant loss the WEBSTERS sustained as a result of the untimely death of Neil Webster, WEBSTER would certainly welcome a settlement conference.

-10-

Therefore, the minimal prejudice suffered by the original parties if WEBSTER is allowed to intervene is far outweighed by the prejudice WEBSTER will experience in an independent action that they may ultimately bring if their motion to intervene is denied.[3]

In addition, Magistrate Judge Cudmore relies on *Shea v. Angulo*, 19 F.3d 343 (7th Cir. 1994) and *Equal Employment Opportunity Commission v. United Air Lines*, 515 F.2d 946 (7th Cir. 1975) in recommending that WEBSTER'S motion be denied as not filed timely. Both cases are distinguishable from the facts of this case.

In *Shea v. Angulo*, 19 F.3d 343 (7th Cir. 1994), the court failed to allow an alleged partner of the plaintiff to intervene in an action for breach of contract because the motion to intervene was not filed timely. In *Shea*, the partner moved to intervene over one year after the plaintiff filed the action and after substantial discovery had occurred. *See Id*. at 345. The court found that the motion to intervene was not filed timely as required by FED. R. CIV. P. 24(a) and (b) and that the original parties would be burdened by undue delay if the partner were allowed to intervene. *See Id*. at 346. In *Shea*, the plaintiff refuted that the intervenor was his partner. *See Id*. at 345. As such, the court found that extensive fact discovery would be necessary to determine whether the intervenor was a partner to the plaintiff. *See Id*. at 346. The court noted that allowing the partner to intervene in the action would be inserting an entirely new issue into the case. *See Id*. Therefore, the court

---

[3] Moreover, the question of whether WEBSTER was a foreseeable beneficiary of the insurance policy secured by HARDY is not factually complex. The depositions that have been taken to date have already covered the factual questions relating to this issue. Moreover, as noted by Magistrate Cudmore, the parties have already done substantial briefing on the issue of "whether Webster as an alleged third party beneficiary of the insurance that should have been procured, has his own cause of action against Hardy" in their briefing on WEBSTER's Petition to Intervene. (See Recommendation at p. 4).

denied the partner's motion to intervene stating it was filed untimely.  *See Shea*, 19 F.3d at 349.

The facts of this case are distinguishable from those in *Shea*.  Here, there is no dispute like that presented in *Shea* between the attempted intervenor (WEBSTER) and the plaintiff (PONTIAC) that would cause delay in the pending action.  Additionally, the issue of timeliness was not even raised by counsel for HARDY.  Furthermore, as indicated in the briefing by WEBSTER and HARDY on this motion to intervene, the issue of whether WEBSTER is a third-party beneficiary of the insurance policy procured by HARDY is primarily a question of law that would in all likelihood not require any additional, extensive fact and/or expert discovery.  Therefore, this case is distinguishable from *Shea* and WEBSTER'S motion to intervene should be granted.

In *Equal Employment Opportunity Commission v. United Air Lines*, 515 F.2d 946 (7th Cir. 1975), the Equal Opportunity Commission brought suit charging an employer (United Air Lines) with engaging in a nationwide practice of discrimination.  Two organizations moved to intervene approximately five months after the complaint was filed and after discovery was closed. *See Id*. at 948.  The court denied the organizations' motion to intervene on the grounds that it was filed untimely.  Notably, the court focused on the delay that would be caused if the organizations were allowed to intervene in the action.  *See Id*.  Specifically, the court determined that intervention would delay the action because intervening counsel's office was located in San Francisco and was severely understaffed. *See Id*.  Therefore, the court denied the organizations' motion to intervene in the case pending against United Airlines. *See Id*. at 950.

The facts of this case are distinguishable from those in *Equal Employment Opportunity Commission*.  Here there is no evidence that undue delay will result if WEBSTER is allowed to intervene in this action.  WEBSTER'S counsel is located in Chicago, Illinois, in the same state in

-12-

which this case is pending, and is not understaffed as was counsel's office in *Equal Employment Opportunity Commission*.  Moreover, WEBSTER has been present at and/or participated in many of the depositions (which took place in the course of this proceeding prior to the time this Court granted National Union's motion for summary judgment) that are being relied upon in this action.  Therefore, this Court should not rely on the court's reasoning in *Equal Employment Opportunity Commission*, and should grant WEBSTER'S motion to intervene pursuant to FED. R. CIV. P. 24(b).

Furthermore, WEBSTER'S motion should not be denied on the grounds that it was untimely because it was not necessary for WEBSTER to intervene in this action until after this Court granted National Union's motion for summary judgment on August 19, 2005 holding that National Union had no duty to defend PONTIAC in any action arising from the air crash.  Shortly after that ruling, WEBSTER filed the motion to intervene on October 4, 2005.  Prior to that time, WEBSTER did not know whether it would be necessary to intervene in the third-party action because WEBSTER did not know whether this Court would hold National Union would have a duty to defend PONTIAC.  WEBSTER had been a named party in the litigation brought by National Union in which PONTIAC has filed the Third Party Complaint against HARDY and had participated in the action.  Essentially, WEBSTER'S interest in the action pending against HARDY did not arise until the District Court found that NATIONAL UNION had no duty to defend PONTIAC in the action brought by WEBSTER.  As such, WEBSTER did not file the motion to intervene until after this Court's decision on August 19, 2005.  Under the totality of the circumstances, WEBSTER'S October 2005 motion to intervene should not be denied on the grounds that it was not timely.

## **CONCLUSION**

WHEREFORE, JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH as Co-Personal Representatives of the Estate of NEIL WEBSTER, Deceased, respectfully request that this Court: (1) reject the Recommendation of Magistrate Judge Cudmore that WEBSTER's Petition to Intervene pursuant to Fed. R. Civ. P. 24(a) should be denied; (2) reject the Recommendation of Magistrate Judge Cudmore that WEBSTER's Petition to intervene is untimely; (3) order that WEBSTER's Petition to Intervene  and in the third-party action pending against HARDY AVIATION INSURANCE INC. be granted; and (4) grant any other relief that this Honorable Court deems appropriate.

Alternatively, JUSTYN WEBSTER and VIRGINIA WEBSTER-SMITH as Co-Personal Representatives of the Estate of Neil Webster, Deceased, respectfully request that if this Honorable Court is inclined to deny intervention that this Honorable Court permit them to file an *amicus* brief in the event HARDY files any dispositive motions.

Respectfully Submitted,

s/ Michael S. Krzak
Michael S. Krzak Attorney Bar Number: 6243295
Clifford Law Offices, P.C.
120 N. LaSalle Street
Suite 3100
Chicago, Illinois 60602
Telephone: (312) 899-9090
Fax: (312) 251-1160
E-mail: msk@cliffordlaw.com

-14-