E-FILED
Tuesday, 27 December, 2005 10:16:24 PM
Tuesday, 10 January, 2006 02:31:31 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

Pontiac Flying Service, Inc.,           )
                                        )
   Third Party Plaintiff,               )
                                        )
          v.                       )   No. 03-CV-1288
                                        )
Hardy Aviation Insurance, Inc.,         )
                                        )
   Third Party Defendant.[1]             )

### REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a Report and Recommendation on a

Petition to Intervene filed by the Personal Representatives of the Estate of

Neil Webster. For the reasons below, the Court recommends the motion be

denied.

### BACKGROUND

"In May 2003, instructor-pilot Richard Lucente was giving student-

pilot Neil Webster turbine-transition training in Pontiac Flying Service, Inc.'s

Air Tractor 503 (AT-503) when the plan went down, killing both men and

destroying the aircraft." (Order on Summary Judgment, d/e 86, p.1).

---

[1]After the District Court's ruling on summary judgment (d/e 86), this third-party claim is the only claim remaining. The other parties are not listed in the caption for brevity's sake.

1

EXHIBIT

A

In September, 2003, National Union Fire Company of Pittsburg

("National Union") initiated this case against Pontiac Flying Services, Inc.,

("Pontiac"), seeking a declaration that it owed no duty to indemnify Pontiac

for the loss of its aircraft.  Pontiac responded in part with a third party

complaint against insurance broker Hardy Aviation Insurance, Inc.

("Hardy")(d/e 8), for failing to procure insurance to cover the incident.  In

April, 2004, Neil Webster's estate ("Webster") filed negligence claims in

state court against Pontiac and others.  This prompted National Union to

add Webster's and Lucente's Estate as defendants in this action (d/e 36),

and seek a declaration that National Union owed no duty to indemnify or

defend against Webster's state court claims.

On August 19, 2005, the District Court granted summary judgment to

National Union, holding that National Union had no duty to indemnify or

defend Pontiac for loss of the aircraft or for Webster's claims.  (d/e 86).

That ruling left only one claim in this case: Pontiac's third party claim

against Hardy for failing to procure insurance coverage.  On October 4,

2005, Webster filed a motion to intervene in Pontiac's action against Hardy,

"to recover damages for the agent's failure to provide liability

2

coverage under the NATIONAL UNION aerial application policy." (d/e 91, ¶

19). Hardy objects.

## ANALYSIS

Webster does not cite the procedural rule under which he moves to

intervene. The applicable rule is Federal Rule of Civil Procedure 24, which

describes different standards depending on the kind of intervention sought:

intervention of right under Rule 24(a), or permissive intervention under

Rule 24(b). See Williams v. Katz, 23 F.3d 190, 192 (7th Cir. 1994)(federal

rules of procedure determine intervention rights in diversity suit). Rule 24

provides in pertinent part:

> **(a) Intervention of Right.** Upon timely application anyone
> shall be permitted to intervene in an action: . . . (2) when the
> applicant claims an interest in relation to the property or
> transaction which is the subject of the action and the applicant
> is so situated that the disposition of the action may as a
> practical matter impair or impede the applicant's ability to
> protect that interest, unless the applicant's interest is
> adequately represented by existing parties.
>
> **(b) Permissive Intervention.** Upon timely application anyone may
> be permitted to intervene in an action: . . . (2) when an applicant's
> claims or defense and the main action have a question of law or fact
> in common. . . . In exercising its discretion the court shall consider
> whether the intervention will unduly delay or prejudice the
> adjudication of the rights of the original parties.
>
> **(c) Procedure.** A person desiring to intervene shall serve a
> motion to intervene upon the parties as provided in Rule 5. The

3

> motion shall state the grounds therefor and shall be
> accompanied by a pleading setting forth the claim or defense
> for which intervention is sought. . .

Webster does not cite Rule 24, so it is not apparent whether he seeks to

intervene as of right under Fed. R. Civ. P. 24(a), or permissively under

24(b).[2]  The Court will address both.

## I.    INTERVENTION AS OF RIGHT

Webster and Hardy devote much of their debate to whether Webster,

as an alleged third party beneficiary of the insurance that should have been

procured, has his own cause of action against Hardy.[3]  However, a

proposed intervenor does not need an independent, direct cause of action

in order to intervene as a matter of right; he needs only an "interest" in the

subject of the action, which the Seventh Circuit has defined as something

"'direct, significant, and legally protectable.'" Security Ins. Co. of Hartford v.

Schipporeit, Inc., 69 F.3d 1377, 1380-81 (7th Cir. 1995) (quoted cite

omitted).[4]  Even if Webster does not have an independent cause of action

---

[Webster's motion is also not accompanied by "a pleading setting forth the claim
. . . for which intervention is sought. . . ." as required under Rule 24(c).

[They focus the remainder of their debate on whether Hardy knew the airplane
was being used for training. This is a factual determination going to the merits of the
claim, to be made at summary judgment or trial.

[It is questionable whether Webster does have his own cause of action as a third-
party beneficiary against Hardy for failing to procure insurance for Pontiac. The case
Webster cites, Gothberg v. Nemerovski, 58 Ill.App.2d 372 (1st Dist. 1965), allowed

4

against Hardy, Webster might still have sufficient interest in Pontiac's claim
to qualify under Rule 24(a).[5]

Webster argues that "Pontiac's Third-Party Complaint against Hardy
provides Webster with the only available remedy for this incident as it
relates to Pontiac." (d/e 96, p. 2). That is not true–Webster's state court
action against Pontiac is Webster's remedy as to Pontiac. His interest in
Pontiac's case against Hardy is apparent, though. Keeping Hardy in the
case increases the pockets from which a judgment against Pontiac can be
satisfied (or settled). Whether that interest is sufficient under Rule 24(a) is
not discussed by the parties.

---

plaintiffs injured in a car accident (who had already obtained default judgments against
the driver) to pursue an action against the insurance broker for failing to procure
insurance for the driver. However, the insured in Gothberg had apparently chosen not
to pursue the claim against the broker, leaving the claim effectively abandoned. Here,
Pontiac has not abandoned its claim against Hardy. Additionally, post-Gothberg cases
counsel against extending Gothberg's application beyond the auto insurance realm, and
warn against "'extend[ing]the liability of the promisor on the contract solely on the
ground that the situation'" justifies it). Caswell v. Zoya Int'l, Inc,, 274 Ill. App. 3d 1072,
1076 (1st Dist. 1995)(distinguishing Gothberg as "premised on specific public policy
considerations regarding *automobile* liability insurance policies")(emphasis in
original)(quoted cites omitted); Pratt v. Andrews, 164 Ill.App.3d 606, 610 (1st Dist.
1987)("Gothberg is also distinguishable, since its holding is premised on distinct public
policy considerations regarding automobile liability insurance policies."). In the Court's
opinion, it is not necessary to wade into this thicket, since Webster has not met Rule
24's requirements in any event.

[5]Under 24(a), "[w]hether an applicant has an interest sufficient to warrant
intervention as a matter of right is a highly fact-specific determination, making
comparison to other cases of limited value." Security Inc. Co. Of Hartford v.
Schipporeit, Inc., 69 F.3d 1377, 1381 (7th Cir. 1995).

5

Yet even if Webster's interest suffices under Rule 24(a), Webster has failed to meet Rule 24(a)'s other requirements for intervention of right. "The burden is on the party seeking to intervene of right to show that all four criteria are met." Reid v. Ill. State Bd of Educ., 289 F.3d 1009, 1017 (7ᵗʰ Cir. 2002).

Specifically, Webster has failed to show (or even argue) that his interest is not already adequately represented by Pontiac. Williams v. Katz, 23 F.3d 190, 192 (7ᵗʰ Cir. 1994)(right to intervene depends on inadequacy of representation). "Where a prospective intervenor has the same goal as the party to a suit, there is a presumption that the representation in the suit is adequate." Shea v. Angulo, 19 F.3d 343, 347-48 (7ᵗʰ Cir. 1994). "The requirement [of showing inadequate representation] is taken seriously and for good reasons . . . ." Solid Waste Agency of Northern Cook County v. U.S., 101 F.3d 503, 508 (7ᵗʰ Cir. 1996). Though Pontiac and Webster's interests are adverse in the state court action, they are identical here: both seek to assert a cause of action against Hardy for failing to procure insurance. Pontiac's interest in succeeding on this claim is the same as Webster's–payment of a judgment against Pontiac, should one arise. There is no suggestion by Webster or

6

the record that Pontiac's advocacy of that interest is inadequate. To the

contrary, Webster has implicitly approved of Pontiac's litigation to this point:

for example, Webster adopted Pontiac's response to National Union's

motion for summary judgment (d/e 68). Thus, intervention as of right is not

warranted under 24(a), because Pontiac is already adequately

representing Webster's interest (and because the motion is untimely, as

discussed below).

## II. PERMISSIVE INTERVENTION

Rule 24(b) requires an "applicant's claim or defense and the main

action have a question of law or fact in common."[6] If Webster does have a

claim against Webster as a third party beneficiary, that claim would

arguably share common facts with Pontiac's action against Hardy.

However, even if such a claim exists, Webster has failed to show its

motion is timely, which is required under both Rule 24(a) and 24(b):

> Whether a motion to intervene was made in a timely
> fashion is determined by reference to the totality of
> the circumstances. (Citation omitted). There are
> four factors that should be considered in making
> such a determination: "(1) the length of time the
> intervenor knew or should have known of his
> interest in this case, (2) the prejudice to the original

---

[6] Permissive intervention under Fed. R. Civ. P. 24(b) is "wholly discretionary."
Sokaogon Chippewa Community v. Babbitt, 214 F.3d 941, 949 (7th Cir. 2000).

7

> parties caused by the delay, (3) the resulting
> prejudice to the intervenor if the motion is denied,
> and (4) any unusual circumstances.

Shea, 19 F.3d at 348-49 (7th Cir. 1994), *quoting* South v. Rowe, 759 F.2d

610, 612 (7th Cir. 1985). "'The purpose of the [timeliness] requirement is to

prevent a tardy intervenor from derailing a lawsuit within sight of the

terminal. As soon as a prospective intervenor knows or has reason to

know that his interests might be adversely affected by the outcome of the

litigation he must move promptly to intervene." Sokaogon Chippewa

Community v. Babbitt, 214 F.3d 941, 949 (7th Cir.2000), *quoting* United

States v. South Bend Community Sch. Corp., 710 F.2d 394, 396 (7th

Cir.1983).

At the latest, Webster knew or should have known of Pontiac's action

against Hardy when Webster became a party to this case in September,

2004. Webster knew or should have known at that time that National

Union might win its declaratory judgment action, leaving only Pontiac's

claim against Hardy. Yet Webster did not file the petition to intervene until

one year later, in October, 2005. By then, fact discovery had already

closed (on December 14, 2004), without comment by Webster. (d/e 87,

p.2). *See* Shea, 19 F.3d at 349 (7th Cir. 1994)(noting that denial of

intervention as untimely would have been affirmed, where intervenor knew

of lawsuit for over one year, and discovery was nearly over); Equal

Employment Opportunity Commission, 515 F.2d 946 (7th Cir.

1975)(upholding denial of intervention where motion filed five months after

amended complaint filed, discovery had formally closed, and case was

placed on final pretrial calendar). In short, Pontiac's action against Hardy

has been pending for over two years, Webster has known of it for at least

one year, discovery is closed, and the claim is nearing summary judgment.

The Court accordingly believes Webster's motion is untimely, and

that allowing intervention at this date would unduly delay and prejudice the

adjudication of the rights of the original parties. Fed. R. Civ. P. 24(b).[7]

Though much of Webster's claim as a third party beneficiary may depend

on facts already garnered in discovery, his claim would insert new and

potentially thorny legal issues into this litigation—primarily, whether such a

cause of action exists at all. (*see footnote 4, infra*). If Webster intervenes,

additional time will be needed for pleading, discovery, and dispositive

motions. Additional factual determinations will also be necessary,

---

Neither party addresses whether intervention would cause undue delay or
prejudice, but the Court is required to consider this when exercising its discretion under
Rule 24(b).

particularly, whether Pontiac and Hardy intended to directly benefit Webster as a third party beneficiary. McCoy v. Illinois Internat'l Port Dist., 334 Ill.App.3d 462, 469 (1st Dist. 2002)("Whether a party is a third-party beneficiary depends on the intent of the contracting parties and is determined on a case-by-case basis.").[5] And, Webster's intervention will arguably impede any settlement discussions that have occurred (though Hardy does not assert any have). Solid Waste Agency, 101 F.3d. at 508. ("An intervenor acquires the rights of a party. He can continue the litigation even if the party on whose side he intervened is eager to settle."). Finally, Webster's interests are already adequately protected by Pontiac, so the Court sees no prejudice to Webster from denying intervention at this point.

Webster might still make a case for participating on a more limited basis, for example, if Webster believes additional briefing on summary judgment will assist the District Court. However, that question is not before the Court. The only question put by Webster's motion is whether it should be allowed to intervene now as a plaintiff against Hardy. For the reasons above, the Court recommends not.

---

[5] It is not clear if Webster's claim is based on a written contract or something else.

10

WHEREFORE, the Court RECOMMENDS that Webster's motion to intervene be denied (d/e 91). Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:    December 27, 2005

s/ Byron G. Cudmore

BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE