**THIRD PARTY DEFENDANT'S
EXHIBIT NO. 4**

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| NATIONAL UNION FIRE COMPANY<br>OF PITTSBURGH, PA,<br><br>    Plaintiff,<br><br>vs.<br><br>PONTIAC FLYING SERVICES, INC.,<br><br>    Defendants and<br>    Third Party Plaintiff,<br><br>vs.<br><br>HARDY AVIATION INSURANCE, INC.,<br><br>    Third Party Defendant. | No. 03-1288 |

FILED
OCT 3 0 2003
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## THIRD PARTY COMPLAINT

Now comes the Defendant and Third Party Plaintiff, PONTIAC FLYING SERVICES, INC., ("PONTIAC"), by its attorney, DAVID B. MUELLER of the firm of CASSIDY & MUELLER, and pursuant to Rule 14, brings the following Third Party Complaint against HARDY AVIATION INSURANCE, INC. ("HARDY"):

### JURISDICTION

1. This Third Party Complaint is brought pursuant to Rule 14. In the event that the Plaintiff in the underlying case prevails, HARDY will be liable to PONTIAC for the resultant uninsured loss.

2. Upon information and belief, PONTIAC alleges that HARDY is a corporation incorporated under the laws of the State of Kansas, with its principal place of business in Wichita, Kansas.

3.  The NATIONAL UNION policy which is the subject of the underlying case was procured by HARDY through contacts with PONTIAC which took place in the State of Illinois. The policy was delivered to PONTIAC in the State of Illinois and premiums for coverage under the policy were transmitted by PONTIAC to HARDY from the State of Illinois.

4.  Upon information and belief, PONTIAC further alleges that HARDY regularly transacts business in the State of Illinois involving the solicitation for and placement of insurance policies within the State of Illinois.

### GENERAL ALLEGATIONS

5.  At all relevant times HARDY has been and held itself out to be a property and casualty lines insurance broker and agent in the business *inter alia* of procuring property and liability coverages for the public. Included within those coverages was and is commercial aviation insurance for flight service business such as PONTIAC.

6.  Upon information and belief, PONTIAC also alleges that HARDY had an agency contract with the Plaintiff in the underlying case, NATIONAL UNION FIRE COMPANY OF PITTSBURGH, PA, or one of its affiliated companies, pursuant to which HARDY bound and sold the NATIONAL UNION policy in question.

7.  For a number of years before the issuance of NATIONAL UNION policy No. A V3391999-04 (the "Policy") HARDY had acted as an insurance broker for PONTIAC in procuring property and casualty policies for PONTIAC. During the course of that relationship HARDY came to know the nature of PONTIAC's business, including the type and amount of property and liability insurance which was necessary for that business.

8.  Upon information and belief, PONTIAC alleges that HARDY was the property and casualty insurance broker for Harold Miller Flying Service, and in that regard procured

property and liability coverages on and for the 1991 Air Tractor #AT503A, N503D ("Air Tractor") which is described in the underlying complaint when it was owned by Miller.

9. During the times that the Air Tractor was insured under policies which were procured by HARDY, the Third Party Defendant knew that the plane contained two seats and, was used *inter alia* by Miller for transition turbine training in support of the aerial application of seeds and chemicals.

10. On or about March 1, 2002 the Air Tractor was purchased by PONTIAC from Miller. At that time property and casualty insurance for the Air Tractor was sought from HARDY by PONTIAC.

11. At the time coverage was sought, and at all times thereafter, HARDY knew or had reason to know that the Air Tractor was to be used by PONTIAC *inter alia* for turbine transition training in support of the aerial application of seeds and fertilizers and that coverage for that use was sought.

12. In the event that it is determined that there is no property damage or casualty loss coverage under the NATIONAL UNION policy for the occurrence of May 5, 2003, then HARDY was guilty of one or more of the following negligent acts and omissions:

   (a) Failing to procure property damage coverage for the use which was made of the plane at the time of the occurrence;

   (b) Failing to seek property damage and casualty loss coverage for the use which was made of the plane at the time of the occurrence;

   (c) Failing to tell PONTIAC that HARDY had been able to procure coverage for the use which was made of the plane at the time of the occurrence;

   (d) Failing to tell PONTIAC that HARDY had not sought coverage for the use which was made of the plane at the time of the occurrence;

   (e) Failing to inform PONTIAC that it was not covered for turbine transition training in support of aerial application when HARDY knew of that use;

(f) Causing PONTIAC to rely upon having coverage which did not exist under the Policy which HARDY procured.

13. In the event that it is determined there is no coverage under the NATIONAL UNION policy for the occurrence of May 5, 2003, then one or more of the foregoing negligent acts and omissions on the part of HARDY will be a proximate cause of the uninsured loss and damages suffered by PONTIAC.

WHEREFORE, Defendant and Third Party Plaintiff, PONTIAC FLYING SERVICE, INC., prays that in the event there is no coverage for the occurrence of May 5, 2003, that it have and recover damages from HARDY AVIATION INSURANCE, INC. commensurate with the coverage which otherwise would have been provided under the Policy.

DEFENDANT AND THIRD PARTY PLAINTIFF DEMANDS TRIAL BY JURY.

CASSIDY & MUELLER

By: _____
Attorneys for Defendant and
Third Party Plaintiff,
PONTIAC FLYING SERVICE, INC.

PROOF OF SERVICE

The undersigned certifies that on /0-30, 2003 a copy of the foregoing document was served upon all counsel of record at their respective addresses by:

✓ Deposit in the U.S. Mail
___ Hand Delivery
___ Fax
___ Federal Express

By: _____

CASSIDY & MUELLER
323 Commerce Bank Building
416 Main Street
Peoria, Illinois 61602
Telephone: 309/676-0591

- 4 -