E-FILED
Friday, 01 September, 2006  02:32:52 PM
Clerk, U.S. District Court, ILCD

**THIRD PARTY DEFENDANT'S
EXHIBIT NO. 5**

23 53 24 00 1



FILED
APR 1 4 2004

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| PONTIAC FLYING SERVICES, INC. | ) ) | No. 03-1288 |
| Defendant and Third Party Plaintiff, | ) ) ) | Mag. Judge Byron G. Cudmore |
| v. | ) ) | |
| HARDY AVIATION INSURANCE, INC., | ) ) | |
| Third Party Defendant. | ) | |

### HARDY AVIATION INSURANCE, INC.'S
### AMENDED ANSWER TO THIRD PARTY COMPLAINT

NOW COMES Third Party Defendant HARDY AVIATION INSURANCE, INC. (hereinafter "Hardy"), by its attorneys, DIANE M. BARON, GEORGE K. FLYNN, CLAUSEN MILLER P.C., and for its Amended Answer to the Third Party Complaint of PONTIAC FLYING SERVICES, INC. (hereinafter "Pontiac"), Third Party Plaintiff herein, states as follows:

### JURISDICTION

1.  This Third Party Complaint is brought pursuant to Rule 14. In the event that the Plaintiff in the underlying case prevails, HARDY will be liable to PONTIAC for the resultant uninsured loss.

879713.1

ANSWER: Hardy admits that Rule 14 of the Federal Rules of Civil Procedure provides for the filing of third party complaints. Hardy denies that Pontiac has any factual basis for bringing a third party complaint against Hardy, and denies the remaining allegations of Paragraph 1.

2. Upon information and belief, PONTIAC alleges that HARDY is a corporation incorporated under the laws of the State of Kansas, with its principal place of business in Wichita, Kansas.

ANSWER: Hardy admits the allegations of Paragraph 2.

3. The NATIONAL UNION policy which is the subject of the underlying case was procured by HARDY through contacts with PONTIAC which took place in the State of Illinois. The policy was delivered to PONTIAC in the State of Illinois and premiums for coverage under the policy were transmitted by PONTIAC to HARDY from the State of Illinois.

ANSWER: Hardy admits the allegations of Paragraph 3.

4. Upon information and belief, PONTIAC further alleges that HARDY regularly transacts business in the State of Illinois involving the solicitation for and placement of insurance policies within the State of Illinois.

ANSWER: Hardy admits the allegations of Paragraph 4.

## GENERAL ALLEGATIONS

5. At all relevant times HARDY has been and held itself out to be a property and casualty lines insurance broker and agent in the business *inter alia* of procuring property and liability coverages for the public. Included within those coverages was and is commercial aviation insurance for flight service business such as PONTIAC.

2

879713.1

ANSWER: Hardy admits that it has been and has held itself out to be a property and casualty lines insurance broker and agent in the business of procuring property and liability coverages for the public. Hardy further admits that included in those coverages was and is commercial aviation insurance for flight service business such as Pontiac. Hardy denies the remaining allegations of Paragraph 5.

6. Upon information and belief, PONTIAC also alleges that HARDY had an agency contract with the Plaintiff in the underlying case, NATIONAL UNION FIRE COMPANY OF PITTSBURGH, PA, or one of its affiliated companies, pursuant to which HARDY bound and sold the NATIONAL UNION policy in question.

ANSWER: Hardy denies the allegations of Paragraph 6.

7. For a number of years before the issuance of NATIONAL UNION policy No. A V3391999-04 (the "Policy") HARDY had acted as an insurance broker for PONTIAC in procuring property and casualty policies for PONTIAC. During the course of that relationship HARDY came to know the nature of PONTIAC's business, including the type and amount of property and liability insurance which was necessary for that business.

ANSWER: Hardy admits that for several years before the issuance of National Union policy No. AV3391999-04 Hardy had acted as an insurance broker for Pontiac in procuring property and casualty policies for Pontiac. Hardy further admits that it came to know the nature of Pontiac's business based upon information provided by Pontiac. Hardy denies the remaining allegations of Paragraph 7.

8. Upon information and belief, PONTIAC alleges that HARDY was the property and casualty insurance broker for Harold Miller Flying Service, and in that regard procured property and liability coverages on and for the 1991 Air Tractor #AT503A, N503D ("Air Tractor") which is described in the underlying complaint when it was owned by Miller.

ANSWER: Hardy admits that it was the property and casualty insurance broker for Harold Miller Flying Service, and that Hardy procured liability coverage on and for the 1991 Air Tractor #AT503A, N503D ("Air Tractor") when it was owned by Miller. Hardy did not procure physical property damage coverage for said Air Tractor for Miller and therefore denies the remaining allegations of Paragraph 8.

3

879713.1

9. During the times that the Air Tractor was insured under policies which were procured by HARDY, the Third Party Defendant knew that the plane contained two seats and, was used *inter alia* by Miller for transition turbine training in support of the aerial application of seeds and chemicals.

ANSWER:    Hardy admits the allegations of Paragraph 9.

10. On or about March 1, 2002 the Air Tractor was purchased by PONTIAC from Miller. At that time property and casualty insurance for the Air Tractor was sought from HARDY by PONTIAC.

ANSWER:    Hardy admits the allegations of Paragraph 10.

11. At the time coverage was sought, and at all times thereafter, HARDY knew or had reason to know that the Air Tractor was to be used by PONTIAC *inter alia* for turbine transition training in support of the aerial application of seeds and fertilizers and that coverage for that use was sought.

ANSWER:    Hardy denies the allegations of Paragraph 11.

12. In the event that it is determined that there is no property damage or casualty loss coverage under the NATIONAL UNION policy for the occurrence of May 5, 2003, then HARDY was guilty of one or more of the following negligent acts and omissions:

    (a)    Failing to procure property damage coverage for the use which was made of the plane at the time of the occurrence;

    (b)    Failing to seek property damage and casualty loss coverage for the use which was made of the plane at the time of the occurrence;

    (c)    Failing to tell PONTIAC that HARDY had been able to procure coverage for the use which was made of the plane at the time of the occurrence;

    (d)    Failing to tell PONTIAC that HARDY had not sought coverage for the use which was made of the plane at the time of the occurrence;

(e) Failing to inform PONTIAC that it was not covered for turbine transition training in support of aerial application when HARDY knew of that use;

(f) Causing PONTIAC to rely upon having coverage which did not exist under the Policy which HARDY procured.

ANSWER: Hardy denies the allegations of Paragraph 12, including each and every allegation contained in subparagraphs (a) through (f) thereof.

13. In the event that it is determined there is no coverage under the National Union policy for the occurrence of May 5, 2003, then one or more of the foregoing negligent acts and omissions on the party of HARDY will be a proximate cause of the uninsured loss and damages suffered by PONTIAC.

ANSWER: Hardy denies the allegations of Paragraph 13.

WHEREFORE, Third Party Defendant, HARDY AVIATION INSURANCE, INC., prays for the entry of judgment in its favor and against Third Party Plaintiff, PONTIAC FLYING SERVICES, INC., together with its costs incurred herein.

*Diane M. Baron*
DIANE M. BARON
CLAUSEN MILLER P.C.

DIANE M. BARON
GEORGE K. FLYNN
CLAUSEN MILLER P.C.
10 South LaSalle Street
Chicago, Illinois 60603-1098
312/855-1010

Attorneys for Third Party Defendant

5

879713.1